## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROY ARDEN JULIAR, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNOPTA, INC., STEVEN BROMLEY, JOHN H. DIETRICH, and STEPHEN R. BRONFMAN,<br><br>Defendants. | **CASE NUMBER: 08-CV-00933**<br><br>**JUDGE PAUL A. CROTTY** |
| STEPHEN STRUGALA, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNOPTA, INC., STEVEN BROMLEY, JOHN H. DIETRICH, and STEPHEN R. BRONFMAN,<br><br>Defendants. | **CASE NUMBER: 08-CV-01070**<br><br>**JUDGE PAUL A. CROTTY** |
| RAY FOSTER, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNOPTA, INC., STEVEN BROMLEY, JOHN H. DIETRICH,<br><br>Defendants. | **CASE NUMBER: 08-CV-01313**<br><br>**JUDGE PAUL A. CROTTY** |

- i -

ROGER DAVIDSON, Individually And
On Behalf of All Others Similarly Situated,

     Plaintiff,

  vs.

SUNOPTA, INC., STEVEN BROMLEY,
JOHN H. DIETRICH,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NUMBER: 08-CV-01496**

**JUDGE PAUL A. CROTTY**

MARIE LORENZATO, Individually And
On Behalf of All Others Similarly Situated,

     Plaintiff,

  vs.

SUNOPTA, INC., STEVEN BROMLEY,
JOHN H. DIETRICH,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NUMBER: 08-CV-01844**

**JUDGE PAUL A. CROTTY**

ROBERT KNOX, Individually And
On Behalf of All Others Similarly Situated,

     Plaintiff,

  vs.

SUNOPTA, INC., STEVEN BROMLEY,
JOHN H. DIETRICH, and STEPHEN R.
BRONFMAN,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NUMBER: 08-CV-02034**

**JUDGE PAUL A. CROTTY**

| | |
|---|---|
| ALBERT HALEGOUA, Individually And<br>On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNOPTA, INC., STEVEN BROMLEY,<br>JOHN H. DIETRICH, and STEPHEN R.<br>BRONFMAN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CASE NUMBER: 08-CV-02910-UA**

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE SUNOPTA INVESTORS GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………………………1

PROCEDURAL BACKGROUND…………………………………………………………….2

STATEMENT OF FACTS…………………………………………………………………...3

ARGUMENT…………………………………………………………………………………4

I.  THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS……………….4

II. THE SUNOPTA INVESTORS GROUP SHOULD BE APPOINTED
    LEAD PLAINTIFFS……………………………………………………………………5

    A.  The Procedural Requirements Pursuant to the PSLRA…………………………...5

    B.  The SunOpta Investors Group Is "The Most Adequate Plaintiff"……………......7

        1.  The SunOpta Investors Group Has Complied With the
            PSLRA and Should Be Appointed Lead Plaintiff…………………………7

        2.  The SunOpta Investors Group Has the Largest Financial
            Interest…………………………………………………………………………7

        3.  The SunOpta Investors Group Satisfies the Requirements of Rule
            23……………………………………………………………………………..8

            i.  The SunOpta Investors Group's Claims are Typical of the Claims
                of all the Class Members……………………………………...............9

            ii. The SunOpta Investors Group Will Adequately Represent
                the Class…………………………………………………………………...10

III. THE COURT SHOULD APPROVE THE SUNOPTA INVESTORS GROUP'S
     CHOICE OF LEAD COUNSEL …………………………………………………..11

CONCLUSION………………………………………………………………………..12

## PRELIMINARY STATEMENT

The SunOpta Investors Group, (or "Movants")[1] a small, cohesive group of three members, hereby moves to consolidate various related securities fraud class actions filed against SunOpta, Inc.[2] ("SunOpta" or the "Company") and other Defendants, to be appointed Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and for approval of its selection of the law firm of Kahn Gauthier Swick, LLC ("KGS"), as Lead Counsel for the Class in this case.

As described in the Certifications attached to the Declaration of Kim E. Miller in Support of the Motion of The SunOpta Investors Group to Consolidate All Related Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A, The SunOpta Investors Group have suffered losses of $241,708.00 as a result of its members' purchases of shares of SunOpta common stock on the open market between the dates of May 8, 2007 and January 28, 2008[3], inclusive (the "Class Period"). To the best of their knowledge, the SunOpta Investors Group has sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, the SunOpta Investors Group's members' Certifications demonstrate their intent to serve as Lead

---

[1] The movants move together as a group. Alternatively, each agrees to have the Court consider their losses individually and appoint an individual from amongst the three of them, should the Court so desire. *See* Miller Decl. Exhibit B.

[2] The related securities fraud class actions include the following cases: *Juliar v. SunOpta, Inc., et al.,* 08-cv-00933-PAC (filed January 28, 2008); *Strugala v. SunOpta, Inc., et al.,* 08-cv-01070-PAC (filed February 1, 2008); *Foster v. Bromley, et al.,* 08-cv-01313-PAC (filed February 8, 2008); *Davidson v. SunOpta, Inc. et al.,* 08-cv-01496-PAC (filed February 13, 2008); *Lorenzato v. SunOpta, Inc., et al.,* 08-cv-01844-PAC (filed February 25, 2008); *Knox v. SunOpta, Inc., et al.,* 08-cv-02034-PAC (filed Februrary 29, 2008); *Halegoua v. SunOpta, Inc., et al.,* 08-02910-UA (filed March 19, 2008).

[3] For purposes of this Motion, the SunOpta Investors Group adopts the Class Period as stated in the complaint titled *Davidson v. SunOpta, Inc., et al.*

Plaintiffs in this litigation, including their cognizance of the duties of serving in that role.[4]  The SunOpta Investors Group fully understands its duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action.  As provided in the individual Declaration of each member of the SunOpta Investors Group, the members of the SunOpta Investors Group have conferred to discuss in detail their responsibilities for serving as Lead Plaintiff in this action, coordinated their efforts, and vow to continue to do so throughout the course of this litigation.  *See* Miller Decl. Exhibit B.  Moreover, the SunOpta Investors Group satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, the SunOpta Investors Group respectfully submit this memorandum of law in support of its motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the SunOpta Investors Group as Lead Plaintiff in this action pursuant to the Exchange Act; and (3) approving Movants' selection of the law firm of KGS as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Juliar v. SunOpta, Inc.*, *et al.,* 08-cv-00933-PAC, was filed on behalf of plaintiff Troy Juliar by KGS in the Southern District of New York on January 28, 2008.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 28, 2008, the first notice that a class action had been initiated against Defendants was published on *Market Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed

---

[4] The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  A copy of the SunOpta Investors Group's member's Certifications of their transactions in SunOpta securities during the Class Period is attached as Exhibit A to the Miller Declaration that has been filed in support of this motion.

Class of their right to move the Court to serve as Lead Plaintiff no later than March 28, 2008. *See* Miller Decl. at Exhibit C.

The SunOpta Investors Group's members are Class Members (*see* Miller Decl. at Exhibit A) who have timely filed this motion within the 60 day period following publication of the January 28, 2008 notice.

## STATEMENT OF FACTS[5]

During the Class Period, Defendants engaged in a scheme to deceive the market, and a course of conduct that artificially inflated SunOpta's stock price and operated as a fraud or deceit on Class Period purchasers of SunOpta's stock by misrepresenting the Company's financial results. Over a period of approximately six months, Defendants improperly inflated the Company's financial results. Ultimately, however, when Defendants' prior misrepresentations and fraudulent conduct came to be revealed and was apparent to investors, shares of SunOpta declined precipitously—evidence that the prior artificial inflation in the price of SunOpta's shares was eradicated. As a result of their purchases of SunOpta stock during the Class Period, members of the Class suffered economic losses*, i.e.* damages under the federal securities laws.

By improperly characterizing the Company's financial results and misrepresenting its prospects, the Defendants presented a misleading image of SunOpta's business and future growth prospects. During the Class Period, Defendants repeatedly reported purported "record" setting financial and operational results that met or exceeded guidance sponsored and/or endorsed by Defendants. These claims caused and maintained the artificial inflation in SunOpta's stock price throughout the Class Period and until the truth about the Company was ultimately revealed to investors.

---

[5] These facts were derived from the allegations contained in the class action styled as *Juliar v. SunOpta, Inc., et al.,* 08-cv-00933-PAC (filed January 28, 2008).

Defendants' false and materially misleading statements had the intended effect of causing SunOpta's shares to trade at artificially inflated levels throughout the Class Period—reaching a Class Period high of over $15.00 per share in October 2007. On January 24, 2008, however, as investors learned the truth about the Company, and learned that Defendants had failed to report SunOpta's true financial and operational results, shares of the Company collapsed, evidence that Defendants' belated disclosures had an immediate, adverse impact on the price of SunOpta shares.

These belated revelations also evidenced Defendants' prior falsification of SunOpta's business prospects due to Defendants' false statements. As investors and the market ultimately learned, the Company's prior business prospects had been overstated as were the Company's results of operations. As this adverse information became known to investors, the prior artificial inflation began to be eliminated from SunOpta's share price and was damaged as a result of the related share price decline.

As a direct result of investors learning the truth about the Company on January 24, 2008, SunOpta's stock price collapsed over 40%, from a close of $9.50 per share to approximately $6.00 per share in the single trading day, on very high trading volume of over 11.488 million shares traded. This dramatic share price decline, eradicated much of the artificial inflation from SunOpta's share price, causing real economic loss to investors who purchased this stock during the Class Period.

The decline in SunOpta's stock price at the end of the Class Period was a direct result of the nature and extent of Defendants' fraud being revealed to investors and to the market. The timing and magnitude of SunOpta's stock price decline negates any inference that the losses suffered by plaintiff and the other members of the Class was caused by changed market

conditions, macroeconomic or industry factors or even Company-specific facts unrelated to Defendants' fraudulent conduct.  During the same period in which SunOpta's share price fell over 40% as a result of Defendants' fraud being revealed, the Standard & Poor's 500 securities index was relatively unchanged.

The economic loss, *i.e.* damages suffered by members of the Class, was a direct result of Defendants' fraudulent scheme to artificially inflate the price of SunOpta's stock and the subsequent significant decline in the value of the Company's shares when Defendants' prior misstatements and other fraudulent conduct was revealed.

## ARGUMENT

## I.     THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact.  Both the Federal Rules of Civil Procedure (Fed. R. Civ. P. 42(a))[6] and the PSLRA provide for consolidation of related actions brought under the federal securities laws.   Section 21D(a)(3)(B)(iii) of the Exchange Act and Section 27(a)(3)(B)(iii) of the Securities Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered.

The related actions are perfectly suited for consolidation.  The class action complaints contain very similar allegations charging the Company and key executives with making false and

---

[6] Fed. R. Civ. P. 42(a):  Consolidation.  When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

misleading statements, and omitting material information concerning the Company's financial health during the relevant period.[7]  The Complaints also allege similar defendants.  "While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports."  *Glauser v. EVCI Career Colleges Holding Corp.*, No. 05-cv-10240, 2006 WL 1302265, at *3 (S.D.N.Y. May 9, 2006).  Accordingly, this Court should consolidate the related actions.

## II. THE SUNOPTA INVESTORS GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Plaintiff in the first-filed action published a notice on *Market Wire* on January 28, 2008.  *See* Miller Decl. Exhibit C.[8]  This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than March 28, 2008.  Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff,

---

[7] This information is based on the review of all of the complaints in the above-captioned actions currently available on PACER at the time of the filing of this Motion.

[8] *Market Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997).

whether or not they have previously filed a complaint in this action.  15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In determining who is the "most adequate plaintiff," the acts provide that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa)  has either filed the complaint or made a motion in response to a notice…
> >
> > (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

**B.**    **The SunOpta Investors Group Is "The Most Adequate Plaintiff"**

**1.**    **The SunOpta Investors Group Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff**

The SunOpta Investors Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement.  The plaintiff in the first-filed action published notice on *Market Wire*, a national business-oriented wire service, on January 28, 2008.  Accordingly, the SunOpta Investors Group meets the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) and has filed its motion by March 28, 2008.

Moreover, the SunOpta Investors Group has sustained a substantial loss from its investment in SunOpta stock and has shown its member's willingness to represent the Class by signing Certifications detailing their SunOpta transaction information during the Class Period. *See* Miller Decl. Exhibit A.  As demonstrated by its member's Certifications, as well as each member's signed Declaration (*see* Miller Decl. Exhibit B), the SunOpta Investors Group is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice.  Small cohesive groups like the SunOpta Investors Group have routinely been appointed as Lead Plaintiff in securities class actions, when they have shown the Court their ability to effectively manage the litigation.  *See* e.g. *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001); *see* also *In re Crayfish Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 10134 (S.D.N.Y. June 6, 2002); *Schulman v. Lumenis, Ltd.*, 2003 U.S. Dist. LEXIS 10348 (S.D.N.Y. June 18, 2003).  In addition, the SunOpta Investors Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class.  The firm biography of proposed Lead Counsel, KGS, is attached as Exhibit D to the Miller Declaration.

## 2.    The SunOpta Investors Group Has the Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action.  *See Sofran*, 220 F.R.D. at 401; *see also, Lee v. Axonyx, Inc., et al.*, No. 7:05-cv-2307, slip. Op., at pg. 8 (S.D.N.Y. Jan. 27, 2006) (Griesa, J.) (appointing movant with the largest financial interest).  As demonstrated herein, the SunOpta Investors Group (with losses of $241,708.00) has the largest known financial interest in the relief sought by the Class.  *See* Miller Decl. Exhibit A.

### 3.    The SunOpta Investors Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under the PSLRA); *See also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.").  As detailed below, the SunOpta Investors Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.  The SunOpta Investors Group has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

**i.     The SunOpta Investors Group's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because the SunOpta Investors Group's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. The SunOpta Investors Group and all of the Class Members purchased SunOpta securities during the Class Period when the stock prices were artificially inflated as a result of the Defendants' fraudulent misrepresentations and omissions, and thus, both the SunOpta Investors Group and the Class Members suffered damages as a result of these purchases. Simply put, the SunOpta Investors Group, like all other Class Members: (1) purchased SunOpta stock during the Class Period; (2) purchased SunOpta stock at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. The SunOpta Investors Group's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. The SunOpta Investors Group is not subject to any unique or special defenses. Thus, the SunOpta Investors Group

- 10 -

meets the typicality requirement of Fed. R. Civ. P. Rule 23 because its claims are the same as the claims of the other Class Members.

### ii.    The SunOpta Investors Group Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B).

The SunOpta Investors Group's interests are clearly aligned with the members of the Class because its claims are identical to the claims of the Class. There is no evidence of antagonism between its interests and those of the proposed Class Members. Furthermore, The SunOpta Investors Group has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss its members incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the SunOpta Investors Group's identical interest with the members of the Class, clearly shows that the SunOpta Investors Group will adequately and vigorously pursue the interests of the Class. In addition, the SunOpta Investors Group has selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent it.

In sum, because of the SunOpta Investors Group's common interests with the Class Members, its clear motivation and ability to vigorously pursue this action, and its competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore,

since the SunOpta Investors Group not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, it is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

## III.    THE COURT SHOULD APPROVE THE SUNOPTA INVESTORS GROUP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Thus, this Court should not disturb the Lead Plaintiffs' choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The SunOpta Investors Group has selected KGS to serve as proposed Lead Counsel for the Class.  This firm has not only prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions.  *See* Miller Decl. Exhibit D. Furthermore, The SunOpta Investors Group's counsel has continually invested time and resources in carefully investigating and prosecuting this case.  This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the SunOpta Investors Group respectfully request that this Court: (1) consolidate all related actions, (2) appoint the SunOpta Investors Group to serve as Lead Plaintiff in this action; (3) approve the SunOpta Investors Group's selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: March 28, 2008                          Respectfully submitted,


                                               KAHN GAUTHIER SWICK, LLC

                                                  /s/  Kim E. Miller_____
                                               Kim E. Miller (KM-6996)
                                               12 East 41st Street, 12th Floor
                                               New York, NY 10017
                                               Telephone:   (212) 696-3730
                                               Facsimile:    (504) 455-1498


                                               KAHN GAUTHIER SWICK, LLC
                                               Lewis S. Kahn
                                               650 Poydras St., Suite 2150
                                               New Orleans, Louisiana 70130
                                               Telephone: (504) 455-1400
                                               Facsimile: (504) 455-1498

                                               *Counsel for The SunOpta Investors Group
                                               and Proposed Lead Counsel for the Class*




                         **CERTIFICATE OF SERVICE**

        I hereby certify that this Memorandum was filed through the ECF system and will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF),
and paper copies will be sent to those indicated as non-registered participants on March 28,
2008.


                                        /s/   Kim E. Miller
                                             Kim E. Miller