**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TROY ARDEN JULIAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNOPTA INC., STEVEN BROMLEY, JOHN H. DIETRICH, and STEPHEN R. BRONFMAN<br><br>Defendants. | Electronically Filed<br><br>Case No. 1:08-cv-00933-PAC<br><br>(ECF Case) |
| STEPHEN STRUGALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNOPTA INC., STEVEN BROMLEY, JOHN H. DIETRICH, and STEPHEN BRONFMAN<br><br>Defendants. | Case No. 1:08-01070-PAC<br><br>(ECF Case) |
| RAY FOSTER, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN BROMLEY, JOHN H. DIETRICH, and SUNOPTA INC.,<br><br>Defendants. | Case No. 1:08-cv-01313-PAC<br><br>(ECF Case) |

[Captions continued on next page]

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE RECK GROUP TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

| | |
|---|---|
| ROGER DAVIDSON, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNOPTA INC., STEVEN R. BROMLEY, and JOHN H. DIETRICH,<br><br>Defendants. | Case No. 1:08-cv-01496-PAC<br><br>(ECF Case) |
| MARIE LORENZATO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNOPTA INC., STEVEN BROMLEY, and JOHN H. DIETRICH,<br><br>Defendants. | Case No. 1:08-cv-01844-PAC<br><br>(ECF Case) |
| ROBERT KNOX, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNOPTA INC., STEVEN R. BROMLEY, JOHN H. DIETRICH, and STEPHEN R. BRONFMAN,<br><br>Defendants. | Case No. 1:08-cv-02034-PAC<br><br>(ECF Case) |

[Captions continued on next page]

| | |
|---|---|
| ALBERT HALEGOUA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNOPTA INC., STEVEN R. BROMLEY, JOHN H. DIETRICH, and STEPHEN R. BRONFMAN,<br><br>Defendants. | Case No. 1:08-cv-02910-PAC<br><br>(ECF Case) |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................1

INTRODUCTION ....................1

PROCEDURAL BACKGROUND....................3

STATEMENT OF FACTS ....................3

ARGUMENT....................5

I. The Related Actions Should Be Consolidated....................5

II. The Reck Group Should Be Appointed Lead Plaintiff ....................5

A. The Procedural Requirements Pursuant To The PSLRA....................5

B. The Reck Group Is "The Most Adequate Plaintiff" ....................6

1. The Reck Group Has Made A Motion For Its Appointment As Lead Plaintiff....................6

2. The Reck Group Has The Largest Financial Interest....................7

3. The Reck Group Otherwise Satisfies Rule 23 ....................7

a. The Reck Group Fulfills The Typicality Requirement ....................8

b. The Reck Group Fulfills The Adequacy Requirement ....................9

4. The Reck Group Is A Proper Group Under The PSLRA....................10

III. The Court Should Approve The Reck Group's Choice Of Counsel....................10

CONCLUSION....................11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Drexel Burnham Lambert Group, Inc.*,
960 F.2d 285 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993) ........................8

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004)........................................................................................9

*Ferrari v. Impath*,
No. 03 Civ. 5667, 2004 WL 1637053 (S.D.N.Y. July 20, 2004) ............................................8

*Greebel v. FTP Software, Inc.*,
939 F. Supp. 57 (D. Mass. 1996)........................................................................................5

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990)...................................................5

*Lax v. First Merchs. Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)...................................................5

*In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427 (E.D. Va. 2000)..........................................1

*In re Oxford Health Plans, Inc., Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ...........................................................................6, 7, 8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................................5

*Sczensy Trust v. DiCamillo*,
223 F.R.D. 319 (S.D.N.Y. 2004) ....................................................................................8, 9

*Sofran v. LaBranche & Co., Inc.*,
220 F.R.D, 398, 401 (S.D.N.Y. 2004) ..................................................................................7

*Vladimir v. Bioenvision*,
No. 07-Civ 6416, 2007 U.S. Dist. LEXIS 93470 (S.D.N.Y. Dec. 21, 2007) ..........................10

**STATUTES**

15 U.S.C. § 78u-4(a)(3) ..........................................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i)...................................................................................................5

15 U.S.C. § 78u-4(a)(3)(A) and (B).........................................................................................6

15 U.S.C. § 78u-4(a)(3)(B) ........................................ 7, 9

15 U.S.C. § 78u-4(a)(3)(B)(i) ........................................ 3, 6, 10

15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................ 6, 7, 10

15 U.S.C § 78u-4(a)(3)(B)(v) ........................................ 10

**RULES**

Fed R. Civ. P. 23(a) ........................................ 2, 7, 9

Fed. R. Civ. P. 42(a) ........................................ 2, 5

**PRELIMINARY STATEMENT**

SunOpta Inc. ("SunOpta" or the "Company") investors Thomas A. Reck, Kathryn G. Reck, Frank B. Shimkus, Stephen C. and Diana L. McAnelly, and Dr. Alfred P. Mattera (collectively, the "Reck Group") have losses totaling approximately $33,985 as a result of their investments in SunOpta. Accordingly, the Reck Group is believed to have suffered the largest financial loss of any other movant and, as such, has the largest financial interest in the outcome of this litigation. As the most adequate plaintiff, as defined by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Reck Group hereby moves for its appointment as Lead Plaintiff of a proposed class of persons or entities who purchased or acquired SunOpta securities between January 4, 2007 and January 25, 2008, inclusive (the "Class Period").[1]

**INTRODUCTION**

The above-captioned actions (the "Related Actions") are securities class action lawsuits that have been brought against certain officers and/or directors of the Company alleging similar violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

The Reck Group, with losses of approximately $33,985 in connection with its purchases of SunOpta securities during the Class Period, is suitable and adequate to serve as Lead

[1] The above-captioned actions (the "Related Actions") allege differing class periods. This difference does not affect consolidation of the related actions because this issue can be resolved when the appointed lead plaintiff files a consolidated complaint. *See In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 431-32 (E.D. Va. 2000) (consolidating actions alleging different class periods and naming different defendants). For purposes of this motion, we have assumed the longest, most inclusive of the alleged class periods.

Plaintiff.[2] The members of the Reck Group have submitted sworn certifications demonstrating their desire to serve as Lead Plaintiff in this action and their understanding of the attendant duties and obligations of serving as such. *See* Smith Decl. at Exhibit A.[3] To the best of its knowledge, the Reck Group's losses represent the largest known financial interest of any class member seeking to be appointed as Lead Plaintiff. *See* Smith Decl. at Exhibit C. Movant is not aware of any other class member that has filed an action or filed an application for appointment as Lead Plaintiff that has sustained greater financial losses. In addition, Movant satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and therefore is qualified for appointment as Lead Plaintiff in these actions. Thus, as demonstrated herein, the Reck Group is presumptively the most adequate plaintiff and should be appointed Lead Plaintiff.

The Reck Group respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating the above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Reck Group to serve as Lead Plaintiff pursuant to the Exchange Act; (3) approving the Reck Group's selection of Schiffrin Barroway Topaz & Kessler, LLP to serve as

---

[2] The losses suffered by the Reck Group are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

[3] Sworn certifications for the members of the Reck Group documenting their transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of Evan J. Smith In Support Of The Motion Of The Reck Group To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel And Liaison Counsel (the "Smith Decl.").

Lead Counsel for the Class; and (4) approving the Reck Group's selection of Brodsky & Smith, LLC to serve as Liaison Counsel for the Class.

## PROCEDURAL BACKGROUND

The first filed lawsuit against defendants, *Juliar v. Sunopta Inc.,* No. 1:08-cv-00933-PAC, was filed in this District on January 28, 2008. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 28, 2008, plaintiff in the *Juliar* action published notice over a widely circulated national business-oriented wire service that a class action lawsuit had been initiated against defendants advising members of the proposed class of their right to move the Court to serve as Lead Plaintiff no later than March 28, 2008. *See* Smith Decl. at Exhibit B. The members of the Reck Group are class members (*see* Smith Decl. at Exhibit A) and are timely filing this motion within the 60 day period following publication of the January 28, 2008 notice pursuant to Section 21D of the Exchange Act.

## STATEMENT OF FACTS[4]

SunOpta is an operator of high-growth businesses, focused particularly on integrated business models in the natural and organic food, supplements and health and beauty markets. The Company has three business units: (1) the SunOpta Food Group, which specializes in sourcing, processing and distribution of natural and organic food products integrated from seed through packaged products; (2) the Opta Mineral Inc. (TSX:OPM; 66.3% owned by SunOpta), a producer, distributor, and recycler of industrial material; and (3) the SunOpta BioProcess Inc., which engineers and markets proprietary steam explosion technology systems for the pulp, biofuel and food processing industries.

---

4 These facts were derived from the allegations contained in the class action styled as *Strugala v. Sunopta Inc.*, No. 1:08-cv-01070-PAC (S.D.N.Y filed Feb. 1, 2008).

Throughout the Class Period, SunOpta issued false and misleading statements of material fact regarding the Company's business and financial information. Specifically, defendants issued a series of press releases which overstated the Company's profitability due to its artificially inflated financial results and failure to properly account for results of operations. Moreover, the financial information released was not prepared in conformity with Generally Accepted Accounting Principles ("GAAP"). The Company's misrepresentations caused its stock price to be artificially inflated throughout the Class Period, thereby harming investors once the Company's true financial results were revealed.

After the market closed on January 24, 2008, the Company shocked investors when it reported its anticipated financial results for 2007, disclosing for the first time that it expected to incur write-downs and provisions in the range of $12 - $14 million due to inventory within the SunOpta Furit Group's berry operations, as well as difficulties in collecting for services and equipment provided to a customer of the SunOpta BioProcess Group. Moreover, the Company stated that it would likely restate financial results from previous quarters and that it was unable to give revenue and earnings guidance for 2008. Upon the release of this news, the Company's shares declined $3.51 per share, or 36.72 percent, to close at $6.05 per share on January 25, 2008 on unusually heavy trading volume.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

All of the Related Actions involve class action claims on behalf of class members who purchased or otherwise acquired SunOpta securities during the Class Period. All of the Related Actions assert essentially similar and overlapping class claims brought on behalf of purchasers of SunOpta securities who purchased in reliance on the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990). Accordingly, these Related Actions should be consolidated.

### II. THE RECK GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

#### A. The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Market Wire* on January 28, 2008. *See* Smith Decl. at Exhibit B.[5] This

---

[5] *Market Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997).

notice indicated that motions for appointment as Lead Plaintiff were to be made no later than March 28, 2008. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall within 90 days after publication of the initial notice of pendency appoint as Lead Plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Oxford Health Plans, Inc., Sec. Litig*., 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998).

## B. The Reck Group Is "The Most Adequate Plaintiff"

### 1. The Reck Group Has Made A Motion For Its Appointment As Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Reck Group timely moves this Court to be appointed Lead Plaintiff

on behalf of all plaintiffs and class members covered by the consolidated action and any other actions deemed related by this Court.

**2. The Reck Group Has The Largest Financial Interest**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as Lead Plaintiff the class member who represents the largest financial interest in the relief sought by the action. *See Sofran v. LaBranche & Co., Inc.*, 220 F.R.D, 398, 401 (S.D.N.Y. 2004). As is demonstrated herein, the Reck Group, with losses of $33,985, has the largest known financial interest in the relief sought by the Class. *See* Smith Decl. at Exhibit C.

**3. The Reck Group Otherwise Satisfies Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health,* 182 F.R.D. at 49 (holding

that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same). The members of the Reck Group have claims that are typical of other class members and can adequately serve as Lead Plaintiff. As detailed below, the members of the Reck Group satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.[6]

**a. The Reck Group Fulfills The Typicality Requirement**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); *see also Oxford Health,* 182 F.R.D. at 50 (same). However, the claims of the Lead Plaintiff need not be identical to the claims of the class to satisfy typicality. *See Ferrari v. Impath*, No. 03 Civ. 5667, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004).

The Reck Group seeks to represent a class of purchasers of SunOpta securities which have identical, non-competing and non-conflicting interests. The members of the Reck Group satisfy the typicality requirement because, just like all other class members, they: (1) purchased or

[6] Thomas A. Reck is a retired federal administrator, and Kathryn G. Reck is a retired school teacher. The Recks reside in Missouri. Stephen McAnelly is a member of the United States Air Force, and Diana McAnelly is a government contractor. The McAnellys reside in New Mexico. Frank B. Shimkus is a vibration analyst residing in Florida, and Dr. Alfred P. Mattera is a physician residing in New Jersey. The members of the Reck Group are committed to working together in the joint prosecution of this action.

acquired SunOpta securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, the Reck Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

**b. The Reck Group Fulfills The Adequacy Requirement**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B). As detailed above, the Reck Group shares common questions of law and fact with the members of the Class and its claims are typical of the claims of other class members. In addition, the members of the Reck Group have already taken significant steps demonstrating that they have and will protect the interests of the Class: they have executed sworn certifications detailing their Class Period transactions and expressing their willingness to serve as Lead Plaintiff; they have moved this Court to be appointed as Lead Plaintiff in this action; and they have retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. *See Sczensy Trust*, 223 F.R.D. at 324 (discussing adequacy requirement). In addition, the Reck Group has the largest known financial interest which gives it "an incentive to prosecute the case vigorously." *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004). In addition to having the largest financial interest, the Reck Group also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule

23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Exchange Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 4. The Reck Group Is A Proper Group Under The PSLRA

The PSLRA provides that, in securities class actions, courts "shall appoint as lead plaintiff[s] the member ***or members*** of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added). Acknowledging the explicit intention of Congress, a majority of courts, including this Court, have appointed small, manageable groups of unrelated plaintiffs as lead plaintiffs. *See e.g., Vladimir v. Bioenvision*, No. 07-Civ 6416, 2007 U.S. Dist. LEXIS 93470, at *41 (S.D.N.Y. Dec. 21, 2007) (appointing a group of two unrelated investors as lead plaintiff and noting that the PSLRA expressly allows for the appointment of investor groups as lead plaintiff); *see also Kou v. Medis Tech. Ltd*., No. 07CV3230 (S.D.N.Y. July 16, 2007) (Crotty, J.) (Order appointing a group of three unrelated investors as lead plaintiff) (attached hereto as Exhibit D). Thus, as a small group of investors, the Reck Group is a proper group under the PSLRA.

## III. THE COURT SHOULD APPROVE THE RECK GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, the Reck Group has selected and retained Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class and Brodsky & Smith, LLC as Liaison Counsel for the Class. These firms have extensive

experience in prosecuting complex securities actions and are well qualified to represent the Class. *See* Smith Decl. at Exhibits E and F.

Because there is nothing to suggest that Movant or its counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses – which is the ***only*** evidence that can rebut the presumption of adequacy under the Exchange Act – this Court should appoint the Reck Group as Lead Plaintiff and approve its selection of Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class and Brodsky & Smith, LLC as Liaison Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Reck Group respectfully requests that the Court: (a) consolidate the Related Actions; (b) appoint the Reck Group as Lead Plaintiff; (c) approve Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class; and (d) approve Brodsky & Smith, LLC as Liaison Counsel for the Class.

Dated: March 28, 2008

Respectfully submitted,

**BRODSKY & SMITH, LLC**

By: *__/s Evan J. Smith, Esquire (ES3254)__*
Evan J. Smith (ES3254)
240 Mineola Blvd.
Mineola, NY 11501
Telephone: (516) 741-4977
Facsimile: (516) 741-0626

**Proposed Liaison Counsel**

**SCHIFFRIN BARROWAY**
**TOPAZ & KESSLER, LLP**
Sean M. Handler
Ian D. Berg
280 King of Prussia Road
Radnor, PA 19087

      Telephone: (610) 667-7706
      Facsimile: (610) 667-7056

      **Proposed Lead Counsel**