UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROY ARDEN JULIAR, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>SUNOPTA INC., et al.,<br><br>    Defendants. | Civil Action No. 1:08-cv-00933-PAC<br><br><u>CLASS ACTION</u> |
| STEPHEN STRUGALA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>SUNOPTA INC., et al.,<br><br>    Defendants. | Civil Action No. 1:08-cv-01070-PAC<br><br><u>CLASS ACTION</u> |
| RAY FOSTER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>STEVEN BROMLEY, et al.,<br><br>    Defendants. | Civil Action No. 1:08-cv-01313-PAC<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF WESTERN WASHINGTON LABORERS-
EMPLOYERS PENSION TRUST'S AND OPERATING ENGINEERS CONSTRUCTION
INDUSTRY AND MISCELLANEOUS PENSION FUND'S MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL

| | |
|---|---|
| ROGER DAVIDSON, On Behalf of Himself and All Others Similarly Situated, <br><br>    Plaintiff, <br><br> vs. <br><br>SUNOPTA INC., et al., <br><br>    Defendants. | Civil Action No. 1:08-cv-01496-PAC <br><br> <u>CLASS ACTION</u> |
| MARIE LORENZATO, Individually and on Behalf of All Others Similarly Situated, <br><br>    Plaintiff, <br><br> vs. <br><br>SUNOPTA INC., et al., <br><br>    Defendants. | Civil Action No. 1:08-cv-01844-PAC <br><br> <u>CLASS ACTION</u> |
| ROBERT KNOX, Individually and on Behalf of All Others Similarly Situated, <br><br>    Plaintiff, <br><br> vs. <br><br>SUNOPTA INC., et al., <br><br>    Defendants. | Civil Action No. 1:08-cv-02034-PAC <br><br> <u>CLASS ACTION</u> |
| ALBERT HALEGOUA, Individually and on Behalf of All Others Similarly Situated, <br><br>    Plaintiff, <br><br> vs. <br><br>SUNOPTA INC., et al., <br><br>    Defendants. | Civil Action No. 1:08-cv-02910-UA <br><br> <u>CLASS ACTION</u> |

Proposed lead plaintiff Western Washington Laborers-Employers Pension Trust and Operating Engineers Construction Industry and Miscellaneous Pension Fund (the "Pension Funds") respectfully submit this memorandum of law in support of their motion for: (1) consolidation of the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointment as lead plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (3) approval of their selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel for the class.

## I.     INTRODUCTION

Presently pending in this district are seven related securities class action lawsuits (the "Actions") on behalf of persons who purchased or otherwise acquired the securities of SunOpta, Inc. ("SunOpta" or the "Company") between January 4, 2007 and January 25, 2008, inclusive (the "Class Period"):

| CASE NAME | CASE NO. | CLASS PERIOD | DATE FILED |
|---|---|---|---|
| *Juliar v. SunOpta* | 08-0933 | 08/08/07-01/25/08 | 01/28/08 |
| *Strugala v. SunOpta* | 08-1070 | same | 02/01/08 |
| *Foster v. Bromley* | 08-1313 | same | 02/08/08 |
| *Davidson v. SunOpta* | 08-1496 | 05/08/07-01/25/08 | 02/13/08 |
| *Lorenzato v. SunOpta* | 08-1844 | 01/04/07-01/25/08 | 02/25/08 |
| *Knox v. SunOpta* | 08-2034 | 08/08/07-01/25/08 | 02/29/08 |
| *Halegoua v. SunOpta* | 08-2910 | same | 03/19/08 |

These Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

The PSLRA requires courts to resolve consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable after its decision on consolidation, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id*. Here, the Actions should be consolidated because they each involve substantially similar issues of law and fact and defendants. *See* Fed. R. Civ. P. 42(a). In addition, the Pension Funds should be appointed as lead plaintiff because they: (1) timely filed their motion; (2) to their counsel's knowledge, have the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Finally, the Pension Funds' selection of Coughlin Stoia as lead counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

SunOpta primarily specializes in the natural and organic food markets in the United States and Canada. The Company maintains its headquarters in Brampton, Canada. The complaint charges SunOpta and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that, during the Class Period, defendants failed to disclose: (a) that the Company's financial results were materially overstated because SunOpta failed to timely record an impairment in the value of its berry inventory – indeed, SunOpta has publicly announced that it would be restating its previously issued financial results for 2007 to correct for the over-valuation of its berry inventory; (b) that the Company lacked adequate internal controls and was therefore unable to ascertain its true financial condition; and (c) that as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its prospects and earnings growth.

According to the complaint, on January 24, 2008, the Company announced that it was lowering its 2007 earnings guidance and that financial restatements were likely. In response to this announcement, on the next trading day, shares of the Company stock fell $3.51 per share, or 37%, to close at $6.05 per share, on extremely heavy trading volume.

- 2 -

The complaint alleges that defendants disseminated materially false and misleading statements and/or concealed material adverse facts during the Class Period which: (i) deceived the investing public regarding SunOpta's business, operations and management and the intrinsic value of SunOpta's securities; (ii) enabled the Company to complete an offering of 5,175,000 common shares thereby grossing $53.8 million in proceeds; (iii) enabled the individual defendants and other SunOpta insiders to sell $62 million of their personally held SunOpta common stock to the unsuspecting public and (iv) caused plaintiff and members of the class to purchase SunOpta's common stock at artificially inflated prices.

## III.   ARGUMENT

### A.   The Actions Should Be Consolidated for All Purposes

"When actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated . . . ." Fed. R. Civ. P. 42(a). Here, all of the Actions assert claims on behalf of purchasers of SunOpta securities for alleged violations of the Exchange Act during substantially similar Class Periods.[1] Each of the Actions name the Company and certain of its officers and/or directors as defendants and involve the same factual and legal issues, namely, whether plaintiffs purchased SunOpta securities at artificially inflated prices as a result of defendants' allegedly false and misleading statements, and whether defendants' conduct violates

---

[1] As long as the factual allegations are virtually identical, minor differences among the class periods and named defendants are not sufficient to preclude consolidation. *See, e.g., Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (finding securities class actions with varying class periods appropriate for consolidation pursuant to Rule 42(a)); *Dolan v. Axis Capital Holdings Ltd.*, 2005 U.S. Dist. LEXIS 6538, at *3-*4 (S.D.N.Y. 2005) (finding consolidation of cases with "similar or overlapping claims" and one with an additional defendant, brought pursuant to §§10(b) and 20(a) of the Exchange Act appropriate because the "complaints are almost identical, and the class periods are coextensive").

§§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5.  Thus, the Actions should be consolidated.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

### B.     The Pension Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice.  Here, notice was published on January 28, 2008, on *Market Wire* in connection with the filing of the first-filed action.  *See* Declaration of David A. Rosenfeld in Support of Western Washington Laborers-Employers Pension Trust's and Operating Engineers Construction Industry and Miscellaneous Pension Fund's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. C.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Pension Funds meet each of these requirements and should therefore be appointed as lead plaintiff.

### 1.      The Pension Funds' Motion Is Timely

The notice published on January 28, 2008 informed class members that the 60-day deadline to move for appointment as lead plaintiff was March 28, 2008. *See* Rosenfeld Decl., Ex. C; 15 U.S.C. §78u-4(a)(3)(A). In addition, the Pension Funds have submitted sworn certifications setting forth their transactions in SunOpta securities during the Class Period and confirming their willingness and ability to serve as lead plaintiff. *See* Rosenfeld Decl., Ex. A. Thus, the Pension Funds have complied with the PSLRA's first requirement and are entitled to be considered for appointment as lead plaintiff.

### 2.      The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Funds lost more than $340,000 due to defendants' fraud. To the best of their knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, the Pension Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3.      The Pension Funds Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events

and are based on the same legal theories as the claims of all the class members.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Adequacy is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another."  *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted).

The Pension Funds satisfy these requirements because, just like all other class members, they purchased SunOpta securities during the Class Period in reliance upon the alleged materially false and misleading statements issued by defendants and suffered damages thereby.  Thus, the Pension Funds' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

In addition, the Pension Funds are adequate to represent the class because their interests are aligned with the interests of the class because both suffered from artificial inflation of the price of SunOpta securities and would benefit from the same relief.  Furthermore, there is no evidence of antagonism between the Pension Funds and the class.  As explained below, the Pension Funds' proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Thus, the Pension Funds satisfy the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### C. The Court Should Approve the Pension Funds' Selection of Coughlin Stoia as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

The Pension Funds have selected Coughlin Stoia to serve as lead counsel. *See* Rosenfeld Decl., Ex. D. Coughlin Stoia is one of the nation's leading securities law firms and is regularly appointed as lead counsel by courts around the country and in this district. *See, e.g., Borochoff v. Glaxosmithkline plc*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) (approving institutional investor's selection of Coughlin Stoia as lead counsel). Accordingly, the Pension Funds' selection of counsel should be approved.

## IV. CONCLUSION

For all the foregoing reasons, the Pension Funds respectfully requests that the Court: (1) consolidate the Actions; (2) appoint them as Lead Plaintiff; and (3) approve their selection of Coughlin Stoia to serve as Lead Counsel.

DATED: March 28, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\Sunopta\BRF00050235.doc

CERTIFICATE OF SERVICE

      I hereby certify that on March 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 28, 2008.

      s/ David A. Rosenfeld
      DAVID A. ROSENFELD

      COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS LLP
      58 South Service Road, Suite 200
      Melville, NY  11747
      Telephone:  631/367-7100
      631/367-1173 (fax)
      E-mail:  drosenfeld@csgrr.com

## Mailing Information for a Case 1:08-cv-01844-PAC

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@csgrr.com,e_file_ny@csgrr.com,drosenfeld@csgrr.com

- **David Avi Rosenfeld**
  drosenfeld@csgrr.com,e_file_ny@csgrr.com,amartin@csgrr.com

- **Samuel Howard Rudman**
  srudman@csgrr.com,e_file_ny@csgrr.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`