UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
TROY ARDEN JULIAR, Individually and on :    Civil Action No. 1:08-cv-00933-PAC
Behalf of All Others Similarly Situated, :
                             :    <u>CLASS ACTION</u>
         Plaintiff, :
                             :
    vs. :
                             :
SUNOPTA INC., et al., :
                             :
         Defendants. :
                             :
———————————————————— :
STEPHEN STRUGALA, Individually and on :    Civil Action No. 1:08-cv-01070-PAC
Behalf of All Others Similarly Situated, :
                             :    <u>CLASS ACTION</u>
         Plaintiff, :
                             :
    vs. :
                             :
SUNOPTA INC., et al., :
                             :
         Defendants. :
                             :
———————————————————— :
RAY FOSTER, Individually and on Behalf of :    Civil Action No. 1:08-cv-01313-PAC
All Others Similarly Situated, :
                             :    <u>CLASS ACTION</u>
         Plaintiff, :
                             :
    vs. :
                             :
STEVEN BROMLEY, et al., :
                             :
         Defendants. :
                             :
———————————————————— x
[Caption continued on following page.]

WESTERN WASHINGTON LABORERS-EMPLOYERS PENSION TRUST'S AND
OPERATING ENGINEERS CONSTRUCTION INDUSTRY AND MISCELLANEOUS
PENSION FUND'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING
MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

|  | x |  |
|---|---|---|
| ROGER DAVIDSON, On Behalf of Himself and All Others Similarly Situated, | : | Civil Action No. 1:08-cv-01496-PAC |
|  | : | CLASS ACTION |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| SUNOPTA INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |

|  | x |  |
|---|---|---|
| MARIE LORENZATO, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:08-cv-01844-PAC |
|  | : | CLASS ACTION |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| SUNOPTA INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |

|  | x |  |
|---|---|---|
| ROBERT KNOX, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:08-cv-02034-PAC |
|  | : | CLASS ACTION |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| SUNOPTA INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |

|  | x |  |
|---|---|---|
| ALBERT HALEGOUA, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:08-cv-02910-UA |
|  | : | CLASS ACTION |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| SUNOPTA INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | x |  |

## I.     INTRODUCTION

The Western Washington Laborers-Employers Pension Trust and Operating Engineers Construction Industry and Miscellaneous Pension Fund (the "Pension Funds") are the only institutional investors that filed a motion for consolidation, appointment as lead plaintiff and approval of lead plaintiff's selection of lead counsel in this action.[1]  A competing motion was also filed by Troy Juliar, Warren Nesbitt and Larry Mages (the "SunOpta Investors Group").[2]

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the "court shall adopt a presumption that the most adequate plaintiff" is the person that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, 2006 U.S. Dist. LEXIS 3028, at *9-*10 (S.D.N.Y. 2006) (Holwell, J.) ("By enacting the PSLRA and 'requiring the court to presume that the member of the purported class with the largest financial stake in the relief sought is the "most adequate plaintiff",' Congress sought to 'increase the likelihood that institutional investors' will step forward as the ideal lead plaintiffs in private securities litigation.").[3]  Here, the Pension Funds respectfully submit that they are the only proposed lead plaintiff before the Court which satisfies both prongs of the PSLRA's test.  *In re*

---

[1]     There are no objections to consolidation of the related actions.

[2]     One other group consisting of Thomas A. Reck, Kathryn G. Reck, Frank B. Shimkus, Stephen C. and Diana L. McAnelly, and Dr. Alfred P. Mattera (the "Reck Group"), also filed a motion.  However, on April 9, 2008, the Reck Group filed a Notice of Withdrawal of its motion, recognizing that the "Western Washington Laborers-Employers Pension Trust and Operating Engineers Construction Industry and Miscellaneous Pension Fund . . . have the largest financial interest in the relief sought in this action."  *See* Docket #20.

[3]     Unless otherwise noted, all emphasis is added and all citations are omitted.

*Cendant Corp. Sec. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that institutional investors will "more often than not" satisfy the requirements of Rule 23).

As discussed in detail herein, the SunOpta Investors Group not only has smaller collective and individual losses than the Pension Funds, but it also fails to satisfy Rule 23's typicality and adequacy requirements. Thus, the Pension Funds are the most adequate plaintiff and accordingly should be appointed Lead Plaintiff. The SunOpta Investors Group's motion should be denied.

## II.    ARGUMENT

The PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person *or group of persons* that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The motions before the Court were timely filed within 60 days of the published notice and each are entitled to be heard. Only the Pension Funds, however, have triggered the PSLRA's presumption as "most adequate plaintiff" by satisfying both of the remaining prerequisites to appointment as lead plaintiff.

### A.    The Pension Funds Are the "Most Adequate Plaintiff"

#### 1.    The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

While the PSLRA "does not define how a party's financial interest should be determined," courts "within this Circuit commonly utilize a four-factor test." *In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 172 (W.D.N.Y. 2007) (Payson, Mag. J.) (citing *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. 1997) and *In re Olsten Corp. Sec. Litig.*,

3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)).  Notably, this Court, like many others, "shall place the

most emphasis on the last of the four factors: the approximate loss suffered by the movant."  *Kaplan*

*v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (Buchwald, J.).  The Pension Funds' financial

interest substantially exceeds that of the SunOpta Investors Group's:

| | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Losses |
|---|---|---|---|---|
| **Pension Funds** | **72,450** | **31,500** | **($516,809.75)** | **($340,094.76)** |
| Operating Engineers | 31,500 | 31,500 | ($387,708.43) | ($210,993.43) |
| Western Washington | 40,950 | 0 | ($129,101.32) | ($129,101.32) |
| | | | | |
| **SunOpta Investors Group[4]** | **44,300** | **32,110** | **($336,426.40)** | **($153,630.88)[5]** |
| Troy Juliar | 20,800 | 20,800 | ($207,172.00) | ($88,761.95) |
| Warren Nesbitt | 12,500 | 11,000 | ($129,312.00) | ($66,691.30) |
| Larry Mages | 11,000 | 310 | $57.60 | $1,822.37 |

In fact, the Pension Funds' estimated losses are *twice* as great as the entire SunOpta Investors'

Group's losses, and almost ***four times greater*** than the losses of its largest member, Mr. Juliar.[6]  The

---

[4]      Most courts, particularly in this district, "use the longer class period with the earlier start
date" when there are multiple class periods alleged.  *Kaplan*, 240 F.R.D. at 93.  Here, the Court is
precluded from conducting an "apples to apples" comparison of the SunOpta Investors Group's true
financial interest because it used a shorter class period, May 8, 2007-January 28, 2008, than the other
movants before the Court.  *See* Memorandum in Support of the Motion of the SunOpta Investors
Group to Consolidate Related Actions; to Be Appointed Lead Plaintiff; and to Approve Proposed
Lead Plaintiff's Choice of Counsel (Docket #11) ("SunOpta Investors Group Memo.") at 1.  Even
comparing the Pension Funds' financial interest to the SunOpta Investors Group's incomplete data
still yields the conclusion that the Pension Funds' financial interest is greater.

[5]      In its moving papers, the SunOpta Investors Group represented its loss as $241,708.  *See*
SunOpta Investors Group Memo. at 1.  However, this figure does not account for Mr. Mages' Class
Period sales, which when properly calculated pursuant to the four-factor last in, first out ("LIFO")
methodology favored in this district, amount to a Class Period ***gain of $1,822.37***.  *See infra* §II.B.3.
Once Mr. Mages' gain of $1,822.37 (rather than a "loss" of $87,120) is properly accounted for, the
group's interest is decreased from $241,708 to $153,630.

[6]      Any attempt by the SunOpta Investors Group members to argue that the loss amount
separating themselves from the Pension Funds is "negligible" and the Court should look to the
remaining *Lax* factors should be rejected.  First, either (or both) of the Pension Funds also prevail on
the remaining *Lax* factors.  *See* Declaration of David A. Rosenfeld in Support of Western
Washington Laborers-Employers Pension Trust's and Operating Engineers Construction Industry

Pension Funds possess not only the largest aggregate losses of any movant, but the two largest losses individually of any movant before the Court.  In short, the Pension Funds either collectively or individually have the "largest financial interest in the relief sought by the class" in this action.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).[7]

### 2.     The Pension Funds Are Typical and Adequate Representatives of the Class

In addition to having the largest financial interest, the PSLRA also requires a lead plaintiff applicant to "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). The Pension Funds are the only institutional investors before the Court.  "'This is significant because the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.'" *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (McMahon, J.) (finding pension fund "as being ideally suited to control this type of securities class action litigation").  As large, legally sophisticated entities with prior securities litigation experience, the Pension Funds will operate effectively as a

and Miscellaneous Pension Fund's Memorandum of Law in Opposition to Competing Motions for Appointment as Lead Plaintiff ("Rosenfeld Decl."), Ex. A.  Second, this Court has previously rejected a similar attempt to circumvent loss as the most important of the *Lax* indicators.  *Weiss*, 2006 U.S. Dist. LEXIS 3028, at *11-*16 ($121,231 difference in losses "is not 'negligible'" and "losses may outweigh the other *Lax* factors"); *see also In re Bally Total Fitness Sec. Litig.*, 2005 U.S. Dist. LEXIS 6243, at *14 (N.D. Ill. 2005) ("some of the lead plaintiff candidates who are in the middle of the pack in terms of losses . . . contend that we should also examine factors such as the number of shares purchased," but "[w]e believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, *period*").

[7]     Notably, two of the largest securities class action recoveries ever obtained – *Cendant*, 264 F.3d 201 ($3.2 billion) and *In re Tyco Int'l, Ltd. Sec. Litig.*, 2000 U.S. Dist. LEXIS 13390 (D.N.H. 2000) ($3.2 billion) – were obtained by lead plaintiffs which were comprised of: (i) a consortium of the three largest publicly-managed pension funds in the United States in *Cendant* (California Public Employees Retirement System, New York City Pension Funds and New York State Common Retirement Fund); and (ii) a consortium of two large private institutional investors and an individual investor in *Tyco*.

single unit to adequately protect the class' interests.  *See Cendant*, 264 F.3d at 264 (finding that

institutional investors "will, more often than not, satisfy the typicality and adequacy requirements");

*Bausch & Lomb*, 244 F.R.D. at 175 ("sophisticated institutional investor . . . appears well-suited to

serve as a lead plaintiff in a securities class action"); *Weiss*, 2006 U.S. Dist. LEXIS 3028, at *9-*10

("Congress sought to 'increase the likelihood that institutional investors' will step forward as the

ideal lead plaintiffs in private securities litigation.").

     Further, the Pension Funds have chosen counsel who are well-qualified in this particular

field.  *See, e.g., Borochoff v. Glaxosmithkline plc*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) (Stanton, J.)

(approving institutional investor's selection of Coughlin Stoia as lead counsel); *Bausch & Lomb*, 244

F.R.D. at 175 ("Coughlin has successfully served as lead counsel or co-lead counsel in numerous

complex securities class actions").

     The Pension Funds have satisfied all of the PSLRA's requirements and are entitled to the

presumption that they are the "most adequate plaintiff."[8]  Accordingly, the Pension Funds' motion

should be granted.

    **B.**    **The SunOpta Investors Group Has Not Triggered the PSLRA's Presumption**

        **1.**    **The Court Is Precluded from Determining the SunOpta Investors Group's Financial Interest**

     To be eligible for consideration as a lead plaintiff, a movant must enable the Court's

assessment of its financial interest.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) (the presumptively

most adequate lead plaintiff is the one "***in the determination of the court***, [which] has the largest

---

[8]    Importantly, while the most adequate plaintiff presumption is rebuttable, it "may be rebutted
***only upon proof***."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Sofran v. Labranche & Co.*, 220 F.R.D. 398,
404 (S.D.N.Y. 2004) (Sweet, J.) (rejecting attempt to rebut presumption by "speculation" where
movant "provided no proof").

financial interest"). The SunOpta Investors Group failed to timely submit the requisite data for the Court to make this determination. *Cendant*, 264 F.3d at 264 (explaining court "should consider the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted").[9]

The SunOpta Investors Group properly identified all seven actions as "related." While acknowledging that the "related actions are perfectly suited for consolidation" and despite its awareness of the longest Class Period alleged these related actions,[10] the SunOpta Investors Group refuses to provide the Court with ***any*** transactional data in support of its motion except for that which falls within the shorter class period from the *Davidson* complaint (May 8, 2007-January 25, 2008). *See* SunOpta Investors Group's Memo. at 1 n.2, 5.[11] By way of contrast, in order to protect the interests of ***all*** class members, each of the other movants recognized that the proper Class Period is the ***longest*** (*i.e.*, January 4, 2007-January 25, 2008), not the one which abandons the claims of thousands of class members.[12] *See, e.g., Kaplan*, 240 F.R.D. at 93 (adopting "the longer class period with the earlier start date").

---

[9]     On April 5, 2008, counsel for the Pension Funds contacted the SunOpta Investors' Group's counsel regarding the group's apparent willingness to abandon part of the class. *See* Rosenfeld Decl., Ex. B. As of the date of the filing of this memorandum (almost ten days later), no response has been received.

[10]     The longest Class Period was filed in the *Lorenzato* complaint, Case No. 08-1844. The class was also given ample notice of the longest Class Period prior to expiration of the PSLRA's motion deadline. *See* Rosenfeld Decl., Ex. C.

[11]     The SunOpta Investors Group incorrectly asserted that the *Davidson* class period ends on January ***28***, 2008. *Id.* at 1. The *Davidson* class period actually ends on January ***25***, 2008. *See Davidson* complaint, ¶1.

[12]     The Pension Funds' financial interest in this action remains constant regardless of whether the longest period or shorter period designated by the SunOpta Investors Group is used.

In light of the SunOpta Investors Group's counsel's knowledge not only of all of the actions, request for consolidation of all of the actions and the Pension Funds' counsel's email bringing the issue to their attention, the SunOpta Investors Group's failure to timely provide the requisite information should foreclose its eligibility to serve as lead plaintiff.

### 2. The SunOpta Investors' Group Has Demonstrated an Inability to Ride Herd on Counsel, Despite Its Oversight

One of the PSLRA's primary goals was to "address perceived abuses in securities fraud class actions created by lawyer-driven litigation." *Weiss*, 2006 U.S. Dist. LEXIS 3028, at *9. In this case, at least one of the law firms has issued no less than *five* press releases "urging" class members to apply for lead plaintiff status. *See* Rosenfeld Decl., Ex. D.

Several courts have recently commented that such "solicitation" tactics are representative of the type of abuses the PSLRA was designed to stop. *See In re Jones Soda Co. Sec. Litig*., 2008 U.S. Dist. LEXIS 14884 (W.D. Wash. 2008); *Tsirekidze v. Syntax-Brillian Corp*, Order at 8 (D. Ariz. Apr. 7, 2008), Rosenfeld Decl., Ex. E. In *Jones Soda*, the court appeared hesitant to conclude that the repeated issuance of such notices was improper because issuance of the numerous press releases "occurred before the [group] engaged KGS, so plainly those plaintiffs did not 'permit' the conduct alleged." 2008 U.S. Dist. LEXIS 14884, at *5-*6. The same cannot be said here, however, as the SunOpta Investors Group's certifications were signed on January 27, January 30 and February 8, 2008 – predating Kahn Gauthier Swick, LLC's ("Kahn Gauthier") press releases on February 10, March 9, March 27 and March 28, 2008. Notably – just *one day* before the lead plaintiff applications were due in this Court – Kahn Gauthier "urged" shareholders *with "over $100,000 loss"* to call the firm. *See* Rosenfeld Decl., Ex. D. Not one of the SunOpta Investors Group members lost more than $90,000. The logical inference of the repeated press releases urging investors "with over $100,000 in losses" to contact Kahn Gauthier is that Kahn Gauthier was not confident that, *as recent*

*as the day the motion was due*, the SunOpta Investors Group's financial interest was sufficient enough to get the *firm* appointed as *lead counsel*.

Further, there is no mention in any of the SunOpta Investors Group's certifications or declarations (ironically, all three of which were signed on March 28, after the law firm's final two press releases failed to uncover any additional "group" members) that they directed their counsel to issue these press releases subsequent to their retention to bolster the group's losses and ensure the *group's* appointment as lead plaintiff. This maneuvering by counsel is not what the PSLRA was designed to foster. *Weiss*, 2006 U.S. Dist. LEXIS 3028, at *9 ("Congress enacted the PSLRA to address perceived abuses in securities fraud class actions created by lawyer-driven litigation."); *Cendant*, 264 F.3d at 267 (where "the movant 'group' with the largest losses had been created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel, [the court] could well conclude, based on this history, that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner"). Despite its best efforts and representations to the contrary, the SunOpta Investors Group has demonstrated its inability to effectively direct its counsel to act in the putative class' best interests, rather than those of counsel. Accordingly, the SunOpta Investors Group most likely does not meet the PSLRA's threshold showing of adequacy and should not be appointed as lead plaintiff.[13]

---

[13]    In the event the SunOpta Investors' Group's counsel implores the Court to appoint the SunOpta Investors Group as co-lead plaintiff, this request should be denied. *See Glauser*, 236 F.R.D. at 189-90 ("declin[ing] to indulge" Kahn Gauthier's attempt to do an "end-run around the PSLRA's 'largest financial interest' standard").

### 3. One Member of the SunOpta Investors Group Is a "Net Gainer"

One member of the so-called SunOpta Investors Group, Mr. Mages, also appears to be a "net gainer." Applying the four-factor test to the information included in Mr. Mages' certification reveals that during the Class Period he purchased 310 net shares and actually had a *gain of $1,822.37*. *See* Rosenfeld Decl., Ex. A.[14] In short, defendants will argue that Mr. Mages "benefitted from the artificially inflated prices" because he "gained more from the sales of those securities than [he] spent to acquire them." *Bausch & Lomb*, 244 F.R.D. at 173 (citing numerous cases rejecting applications by net gainers). Because his "status as a net gainer may 'subject [him] to unique defenses, that render [him] incapable of adequately representing the class,'" neither Mr. Mages nor the group which he moved with should be appointed as lead plaintiff. *Id.* at 174.

## III. CONCLUSION

For the foregoing reasons, the Pension Funds respectfully request the Court grant its motion in the entirety.

DATED: April 14, 2008

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

---

[14] The loss chart submitted with the SunOpta Investors Group's Motion completely *ignores* Mr. Mages' sales during the Class Period, and as such, Mr. Mages' financial interest was (mis)represented as $87,120. *See* Miller Decl., Ex. A (admitting that the shares sold "have not been included in the total loss"). The SunOpta Investors Group calculated Mr. Mages' financial interest according to the first in, first out ("FIFO") method, rather than the LIFO method which "is the preferred methodology in these determinations." *Bausch & Lomb*, 244 F.R.D. at 173 n.4 (citing cases in this district using LIFO at lead plaintiff stage).

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 14, 2008.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:drosenfeld@csgrr.com

# Mailing Information for a Case 1:08-cv-01844-PAC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@csgrr.com,e_file_ny@csgrr.com,drosenfeld@csgrr.com

- **David Avi Rosenfeld**
  drosenfeld@csgrr.com,e_file_ny@csgrr.com,amartin@csgrr.com

- **Samuel Howard Rudman**
  srudman@csgrr.com,e_file_ny@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)