USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 30, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TROY ARDEN JULIAR, Individually and on          :
Behalf of All Others Similarly Situated,                              08 Civ. 933 (PAC)

                                                :
            Plaintiff,
                                                :
      - against -                                               MEMORANDUM ORDER
                                                :
SUNOPTA INC., et al.,
                                                :
            Defendants.
                                                :
-------------------------------------------------------------X
-------------------------------------------------------------X

STEPHEN STRUGALA, Individually and on           :
Behalf of All Others Similarly Situated,
                                                :    08 Civ. 1070 (PAC)
            Plaintiff,
                                                :
      - against -                                               MEMORANDUM ORDER
                                                :
SUNOPTA INC., et al.,
                                                :
            Defendants.
                                                :
-------------------------------------------------------------X
-------------------------------------------------------------X

RAY FOSTER, Individually and on Behalf of All   :
Those Similarly Situated,
                                                :    08 Civ. 1313 (PAC)
            Plaintiff,
                                                :
      - against -                                               MEMORANDUM ORDER
                                                :
SUNOPTA INC., et al.,
                                                :
            Defendants.
                                                :
-------------------------------------------------------------X

1

-----------------------------------------------------------X

ROGER DAVIDSON, On Behalf of Himself and   :
All Others Similarly Situated,
                                           :        08 Civ. 1496 (PAC)
                    Plaintiff,
                                           :
         - against -                                MEMORANDUM ORDER
                                           :
SUNOPTA INC., et al.,
                                           :
                    Defendants.
                                           :
-----------------------------------------------------------X
-----------------------------------------------------------X

MARIE LORENZATO, Individually and on       :
Behalf of All Others Similarly Situated,
                                           :        08 Civ. 1844 (PAC)
                    Plaintiff,
                                           :
         - against -                                MEMORANDUM ORDER
                                           :
SUNOPTA INC., et al.,
                                           :
                    Defendants.
                                           :
-----------------------------------------------------------X
-----------------------------------------------------------X

ROBERT KNOX, Individually and on           :
Behalf of All Others Similarly Situated,
                                           :        08 Civ. 2034 (PAC)
                    Plaintiff,
                                           :
         - against -                                MEMORANDUM ORDER
                                           :
SUNOPTA INC., et al.,
                                           :
                    Defendants.
                                           :
-----------------------------------------------------------X

2

```
-----------------------------------------------------------------X
ALBERT HALEGOUA, Individually and on         :
Behalf of All Others Similarly Situated,
                                             :        08 Civ. 2910 (PAC)
                    Plaintiff,
                                             :
      - against -                                     MEMORANDUM ORDER
                                             :
SUNOPTA INC., et al.,
                                             :
                    Defendants.
                                             :
-----------------------------------------------------------------X
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Troy Arden Juliar ("Juliar") filed this securities-fraud class-action complaint on January 28, 2008. Six other Plaintiffs subsequently filed similar complaints. The Plaintiffs allege that Defendant SunOpta Inc. ("SunOpta") and various officers and directors of SunOpta violated federal securities laws by publishing a series of materially false and misleading statements to investors, causing the members of the class to purchase SunOpta common stock at artificially inflated prices. When SunOpta disclosed on January 24, 2008 at the close of the market that it would restate its earnings, the company's stock price fell precipitously.

Two groups of investors now move for the Court to: (1) consolidate all related actions; (2) appoint the movant as lead plaintiff in the class action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4; and (3) approve the movant's selection of lead counsel.

The two groups of investors are: (1) The SunOpta Investors Group ("SIG"); and (2) Western Washington Laborers-Employers Pension Trust ("WWLE") and Operating Engineers Construction Industry and Miscellaneous Pension Fund ("OECI") (together, "Pension Funds"). SIG is comprised of three unaffiliated and unrelated individual investors—Juliar, Larry Mages,

and Warren Nesbitt—who aggregate their losses for a combined total of $241,708. SIG seeks to appoint the law firm of Kahn Gauthier Swick, LLC ("KGS") as lead counsel. Pension Funds is comprised of two pension funds which claim to have lost a combined $340,094. Pension Funds seeks to have the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") approved as lead counsel.[1]

The PSLRA sets forth the requirements and procedure for appointing a lead plaintiff in Exchange Act class actions. See 15 U.S.C. § 78u-4(a)(1) & 78u-4(a)(3)(B)(i). The statute creates the rebuttable presumption that the most adequate plaintiff is one who: (1) has filed a complaint or made a motion in response to a notice; (2) in the determination of the court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies Rule 23 requirements with respect to adequacy and typicality. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

To satisfy the requirements of Federal Rule of Civil Procedure 23 at this stage in the litigation, one need only make a "preliminary showing" that Rule 23's typicality and adequacy requirements have been satisfied. In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); see also In re Party City Sec. Litig., 189 F.R.D. 91, 106 (D.N.J. 1999). The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Pension Funds has the largest financial interest in this litigation because, according to the complaints, it has lost more than the aggregated claims of the three shareholders who make up

---

[1]     A third group called the Reck Group, comprised of six individual investors with combined losses of $33,985, filed a motion to consolidate the cases, be appointed lead plaintiff, and for approval of their choice of lead counsel, but the group subsequently withdrew its motion. In its notice of withdrawal, the Reck Group stated that it was withdrawing because it recognized that Pension Funds "ha[s] the largest financial interest in the relief sought in this action." (See Notice of Withdrawal of Motion of the Reck Group at 4.)

SIG.  SIG, however, argues that Pension Funds is subject to unique defenses that render it unable to adequately represent the class under Rule 23(a).

SIG argues that Pension Funds is an inadequate plaintiff because one member of the group, WWLE, sold all of its SunOpta shares immediately prior to SunOpta's January 24, 2008 disclosure that it was restating its financial position.  WWLE sold 6,275 shares on January 17, 2008, 18,550 shares on January 23, and 16,125 shares on January 24, before SunOpta's restatement announcement. (See March 28, 2008 Declaration of David Rosenfeld ("March 28, 2008 Rosenfeld Decl.") Ex. B.)  These 40,950 shares were WWLE's entire position in SunOpta.  SIG argues that the sale of these shares before SunOpta's corrective disclosure means that Pension Funds will have to defend at trial against SunOpta's claim that Pension Funds cannot show loss causation.[2]  SIG argues that the Court should not consider the $129,100 in purported losses by WWLE.  This result makes SIG the presumptive lead plaintiff because it would have the greater losses.  Alternatively, SIG argues that Pension Funds will be subject to unique defenses that make it unfit to serve as lead plaintiff. See Beck v. Status Game Corp., No. 89 Civ. 2923 (DNE), 1995 WL 422067, at *3 (S.D.N.Y. July 14, 1995) ("[A] putative class representative's claims are not typical if the representative faces a unique defense.").

Pension Funds argues that there was substantial leakage of SunOpta's misconduct prior to the January 24, 2008 disclosure.  Courts in this District have found that where a putative lead plaintiff sold all its shares after a partial disclosure of misconduct by the defendant but before the final disclosure that led to the lawsuit, that putative lead plaintiff does not face the unique defense of having to show loss causation to the extent that it cannot serve as lead plaintiff. See Weiss v. Friedman, Billings, Ramsey Group, Inc., 2006 WL 197036, at *5 (S.D.N.Y. Jan. 25, 2006); Montoya v. Mamma.com Inc., 2005 WL 1278097, at *2 (S.D.N.Y. May 31, 2005)

---

[2]   OECI, of course, whose loss is $210,993, suffers from no apparent flaws at all.

("[L]oss causation does not require full disclosure and can be established by partial disclosure during the class period which causes the price of shares to decline.") (emphasis in original). Pension Funds' evidence of leakage includes the announcement of SunOpta's director in December 2007 that he would resign, a large increase in trading volume in the week prior to the January 24 corrective disclosure, and an analyst report on January 22 with adverse ratings of SunOpta. (See April 24, 2008 Declaration of David Rosenfeld ("April 24, 2008 Rosenfeld Decl.") Ex. A & B.)

After reviewing the briefs and hearing oral arguments from both parties, the Court finds that Pension Funds should be named as the presumptive lead plaintiff for three reasons.  First, at this stage in the case Pension Funds has adequately alleged partial disclosure of SunOpta's troubles prior to its January 24, 2008 disclosure.  Second, Congress enacted the PSLRA in 1995 with the consideration that the best way to prevent lawyer-driven litigation was to encourage institutional investors to serve as lead plaintiffs. See Ferrari v. Impath, Inc., 2004 WL 1637053, at *3 (S.D.N.Y. July 20, 2004) (citing In re Oxford Health Plans, Inc., Sec. Litig., 182 F.R.D. 42, 46 (citing H.R. Conf. Rep. No. 104-369)).  Pension Funds is comprised of two institutional investors, each with significant losses, while SIG is comprised of three individual investors who have combined only for purposes of this litigation.  Third, even if WWLE's losses are removed from Pension Funds' total loss, Pension Funds' remaining institutional investor, OECI, claims losses of $210,993, approximately $30,000 less than SIG's aggregated losses.  This difference is minimal and, in this case, does not overcome a presumption inherent in Congress' enactment of the PSLRA that institutional investors serve as better lead plaintiffs. See Police & Fire Ret. Sys. v. SafeNet, Inc., 2007 U.S. Dist. LEXIS 97959, at *6 (S.D.N.Y. Feb. 21, 2007) (finding $40,000 difference in losses between groups a "very slight difference" that "cannot dictate such an

6

important result"); see also In re Pfizer Inc. Sec. Litig., 233 F.R.D. 334, 338 (S.D.N.Y. 2005), mandamus denied, 04-cv-9866 (2d Cir. Mar. 13, 2006).

IT IS HEREBY ORDERED THAT:

1. Pension Funds' motion is GRANTED and SIG's motion is DENIED.

2. The above-captioned actions are consolidated for all purposes (the "Consolidated Action"). This Order (the "Order") shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court and is consolidated with the Consolidated Action.

3. A Master File is established for this proceeding. The Master File shall be Civil Action No. 1:08-cv-00933-PAC. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

4. An original of this Order shall be filed by the Clerk in the Master File.

5. The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

6. Every pleading in the Consolidated Action shall have the following caption: IN RE SUNOPTA INC. SECURITIES LITIGATION, 1:08-cv-00933-PAC.

7. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

8. When a case that arises out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

a. File a copy of this Order in the separate file for such action;

b. Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or

7

b. Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly-filed case; and

c. Make the appropriate entry in the Master Docket for the Consolidated Action.

9. Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and where this Court deems it appropriate to grant such application.  Nothing in the forgoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently filed or transferred related action.

10. Class members Western Washington Laborers-Employers Pension Trust and Operating Engineers Construction Industry and Miscellaneous Pension Fund are appointed to serve as lead plaintiff in the above-captioned consolidated action pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

11. The law firm of Coughlin Stoia Geller Rudman & Robbins LLP is hereby approved as lead counsel for the Class.

12. The Clerk of the Court is directed to terminate case numbers 08 Civ. 1070; 08 Civ. 1313; 08 Civ. 1496; 08 Civ. 1844; 08 Civ. 2034; and 08 Civ. 2910.

Dated:  New York, New York
       January 30, 2009

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

8