UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ———————————————— x | | |
| In re SUNOPTA INC. SECURITIES LITIGATION | : | Master File No. 1:08-cv-00933-PAC |
| ———————————————— | : | |
| | : | |
| This Document Relates To: | : | |
| ALL ACTIONS. | : | |
| ———————————————— x | | |

Court File No. 57453CP

*ONTARIO*
SUPERIOR COURT OF JUSTICE

B E T W E E N:

JOHN O'NEIL

Plaintiff

– and –

SUNOPTA, INC., STEVEN R. BROMLEY and JOHN H. DIETRICH

Defendants

Proceeding under the *Class Proceedings Act*, 1992

STIPULATION AND SETTLEMENT AGREEMENT

This Stipulation and Settlement Agreement, including these recitals and the exhibits attached

hereto, (the "Stipulation") is submitted in the above-captioned *In re SunOpta, Inc. Securities*

*Litigation*, Master File No. 1:08-cv-00933-PAC, proceeding in the United States District Court for

the Southern District of New York, (the "U.S. Action") and further in the above-captioned *John*

- 1 -

*O'Neil v. SunOpta, Inc., et al.*, proceeding in the Ontario Superior Court of Justice under Court File No. 57453CP, as amended (the "Canadian Action").

Subject to the approval of the United States District Court for the Southern District of New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Stipulation is entered into among Lead Plaintiffs, Western Washington Laborers-Employers Pension Trust and Operating Engineers Construction Industry and Miscellaneous Pension Fund (hereinafter, individually and collectively, "U.S. Lead Plaintiffs") on behalf of themselves and the U.S. Class (as defined herein) and the defendants SunOpta Inc. ("SunOpta"), Organic Ingredients, Inc., Cleugh's Frozen Foods, Inc., Pacific Fruit Processors, Inc., Steven R. Bromley, John H. Dietrich, Stephen R. Bronfman, Jeremy Kendall, Christopher Snowden, Joseph Riz and Sergio Varela (the "U.S. Defendants"), by and through their respective counsel.

Subject to the approval of the Ontario Superior Court of Justice, pursuant to Section 29 of the Ontario *Class Proceedings Act, 1992*, this Stipulation is entered into among John O'Neil (hereinafter "O'Neil" or "Canadian Representative Plaintiff") on behalf of himself and the Canadian Class (as defined herein) and the defendants, SunOpta, Steven R. Bromley and John H. Dietrich (the "Canadian Defendants"), by and through their respective counsel.

It is a condition to the Settlement (as defined herein) that the U.S. Action and the Canadian Action (collectively, the "Actions") be settled contemporaneously and that the Settlement be approved by both of the respective courts in the Actions.

WHEREAS:

A.   On and after January 28, 2008, several purchasers of SunOpta common stock filed separate securities class action lawsuits in the United States District Court for the Southern District of New York;

-2-

B. On March 18, 2008, O'Neil commenced the Canadian Action through his counsel, Siskinds LLP (the "Canadian Class Counsel"), against the Canadian Defendants before the Ontario Superior Court of Justice on his behalf and on behalf of a putative class comprised of all persons with certain exceptions, who acquired securities of SunOpta during the period between May 8, 2007 and January 24, 2008, and who held some or all of those securities on January 25, 2008. The Canadian Action alleges, among other things, that the Defendants' public statements, as well as statements made in a registration statement and prospectus issued in connection with a secondary stock offering in December 2007 ("Registration Statement and Prospectus"), were materially false and misleading. The Canadian Action pleads negligence, negligent misrepresentation and conspiracy against the Canadian Defendants;

C. On March 28, 2008, the U.S. Lead Plaintiffs moved to consolidate the U.S. complaints and be appointed co-lead plaintiffs and for the approval of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel ("U.S. Lead Plaintiffs' Counsel") in the consolidated action. On January 30, 2009, the Court granted this motion and on April 14, 2009, the U.S. Lead Plaintiffs filed the U.S. Action alleging, among other things, that SunOpta and the other U.S. Defendants violated §§11, 12(a)(2) and 15 of the Securities Act of 1933 and 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by issuing public false and misleading statements. The alleged statements were made or omitted from the Registration Statement and Prospectus, and in press releases and SEC filings during the Class Period. The U.S. Action sought to have a certified class comprised of all persons who purchased SunOpta common stock during the period from February 23, 2007 through January 27, 2008, other than certain specified excluded persons;

- 3 -

D.    In September 2008, O'Neil filed a motion for leave to pursue claims under Part XXIII.1 of the Ontario *Securities Act* and to amend the Canadian Action to incorporate such claims, and for certification of the Canadian Action as a class proceeding. The motion also sought leave to add Sergio Varela, Jeremy Kendall, Joseph Riz, Cyril Ing, Allan Routh, Robert Fetherstonaugh, James Rifenbergh, Katrina Houde-Lovas, Stephen Bronfman and Steven Townsend as Defendants; by agreement between the parties however, that request for relief was discontinued without prejudice to O'Neil seeking such relief at a later stage. Responding motion materials were filed by the Canadian Defendants. A hearing on the balance of the motion was adjourned pending mediation efforts and scheduled to be heard from September 2-4, 2009;

E.    With the assistance of the Honorable Daniel Weinstein (Ret.), a retired California Superior Court judge acting as a mediator, the respective plaintiffs in the Actions, by their counsel, conducted discussions and arm's-length negotiations with counsel for the Defendants with respect to a global compromise and settlement of the Actions, with a view to settling all of the issues in dispute and achieving the best relief possible consistent with the interests of the respective classes in the Actions. Such discussions and negotiations included the exchange of mediation submissions including documents and case law, and culminated in a one-day mediation session on July 8, 2009, overseen by Judge Weinstein;

F.    In furtherance of a single settlement class period for the Actions, O'Neil shall, prior to seeking the Canadian Pre-Approval Order, further amend the Canadian Action to encompass claims arising within the entire Class Period (as defined herein). Such amendments shall take the form of the Amended Amended Statement of Claim attached hereto as Exhibit "A", and are to be considered included in the definition of the Canadian Action.

- 4 -

G.      This Stipulation shall not be construed or deemed to be a concession by the U.S. Lead Plaintiffs, the Canadian Representative Plaintiff or any Class Member (as defined below) of any infirmity in the claims asserted in the Actions or any other action. Nonetheless, they recognize the expense and length of continued proceedings necessary to prosecute the Actions through trial and appeals, and also have taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as the Actions, as well as the delays inherent in such litigation. They are further mindful of the inherent problems of proof under, and defenses to, the securities law and common law violations asserted in the Actions, and believe that the settlement provided for in this Stipulation confers substantial benefits upon the Class (as defined herein). Having made a thorough investigation, U.S. Lead Plaintiffs and the Canadian Representative Plaintiff and their respective counsel have determined that the settlement provided for in this Stipulation is fair, reasonable, adequate, and in the best interests of the Class; and

H.      This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant or Proposed Individual Defendant with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted or could have asserted. The Defendants deny any wrongdoing or liability whatsoever in respect of each and all claims and contentions alleged in the Actions, and deny that the U.S. Lead Plaintiffs, the Canadian Representative Plaintiff and members of the Class have suffered any damages, loss or harm whatsoever by reason of any conduct or omissions of the Defendants alleged in the Actions or otherwise. Nonetheless, the Defendants have concluded that further conduct in the Actions would be protracted and expensive and have therefore determined that it is desirable and beneficial to them that the Actions be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation, and are entering into this

- 5 -

Stipulation solely because the settlement herein would eliminate the burden and expense of further litigation;

NOW THEREFORE, it is hereby STIPULATED AND AGREED by and between the parties to this Stipulation, through their respective counsel:

## DEFINITIONS

1.     As used in this Stipulation, in addition to the terms defined in these recitals, the terms listed below shall have the following meanings:

(a)     "Alternative Judgments" means an order or judgment entered by either of the Courts which is materially different in form or content from the Judgments attached hereto as Exhibits "C" and "E".

(b)     "Authorized Claimant" means a Class Member or authorized representative of such a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

(c)     "Canadian Class" means the class to be certified, for purposes of settlement only, by the Ontario Superior Court of Justice in the Canadian Action, comprising of all individuals and entities, other than Excluded Persons, who purchased or otherwise acquired securities of SunOpta during the Class Period and either (1) were Canadian residents at the time of such purchase or acquisition; or, (2) purchased or acquired such SunOpta securities over the Toronto Stock Exchange.

(d)     "Canadian Pre-Approval Order" means the order sought to be issued by the Ontario Superior Court of Justice, substantially in the form attached hereto as Exhibit "B".

(e)     "CICC" means SunOpta's insurer, Chubb Insurance Company of Canada.

- 6 -

(f)     "Claims Administrator" means such entity as is approved by the Courts to administer the Settlement.

(g)     "Class" means all members of the U.S. Class and the Canadian Class.

(h)     "Class Member" means a member of the Class.

(i)     "Class Period" means February 23, 2007 to January 27, 2008, inclusive.

(j)     "Courts" means the United States District Court for the Southern District of New York and the Ontario Superior Court of Justice.

(k)     "Defendant Releasors" means the Defendants and the Proposed Individual Defendants, their personal representatives, heirs, executors, administrators, trustees, successors and assigns.

(l)     "Defendants" means SunOpta, Organic Ingredients Inc., Cleugh's Frozen Foods, Inc., Pacific Fruit Processors, Inc. and the Individual Defendants.

(m)     "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶40 hereof.

(n)     "Escrow Agent" means Coughlin Stoia Geller Rudman & Robbins LLP acting as agent for the Class, and who is obligated to timely report each of the directions given and the actions taken regarding the Escrow Agent Account to Siskinds LLP.

(o)     "Escrow Agent Account" means an interest-bearing trust account established by the Escrow Agent by investing the Gross Settlement Fund in a liquid money market account or equivalent security with a rating equivalent to or better than that of a Canadian Schedule 1 Bank, and held and maintained in trust by the Escrow Agent in accordance with the terms of this Stipulation, and which the Escrow Agent has identified to SunOpta and provided the particulars for wire transfer

- 7 -

thereto at least five (5) business days prior to the dates on which any contribution by, or on behalf of, SunOpta is due under the terms of this Stipulation.

(p)     "Excluded Person" means: (1) the Defendants; (2) individuals and entities directly related to or controlled by the Defendants; (3) the Proposed Individual Defendants (each of whom was a director of SunOpta during the Class Period); and (4) any putative members of the Class who exclude themselves by timely requesting exclusion by filing an Opt-out Request with the Claims Administrator in accordance with the requirements set forth in the notice to putative Class Members approved by the Courts as provided for herein.

(q)     "Final" or "Finality" with respect to the Judgments or Alternative Judgments means : (1) if no appeal is filed, the expiration date of the time provided for under the corresponding rules of the applicable court or legislation for filing or noticing any appeal or other review (whether by motion for reconsideration, reargument, to alter or amend a judgment or otherwise) from the Courts' Judgments or Alternative Judgments approving the Settlement; or (2) if there is an appeal from the Judgments or Alternative Judgments, the date of: (i) final dismissal of any appeal from the Judgments or Alternative Judgments, or the final dismissal of any proceeding on certiorari or otherwise to review the Judgments or Alternative Judgments; or (ii) final affirmation of the Judgments or Alternative Judgments on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review of the Judgments or Alternative Judgments and, if certiorari or other form of review is granted, the date of final affirmation of the Judgments or Alternative Judgments following review pursuant to that grant. Any proceeding or order, or any appeal or petition for a writ of certiorari or other form of review pertaining solely to any application for attorneys'/counsel fees, costs or expenses, and/or the

- 8 -

Plan of Allocation, shall not in any way delay or preclude the Judgments or Alternative Judgments from becoming Final.

(r)     "Gross Settlement Fund" means the cash amounts to be paid pursuant to ¶8 hereof, which consists of U.S. $11,250,000, and any interest on or other income or gains in respect of said sum earned while such amounts are held by the Escrow Agent.

(s)     "Individual Defendants" means Steven R. Bromley, John H. Dietrich, Stephen R. Bronfman, Jeremy Kendall, Christopher Snowden, Joseph Riz and Sergio Varela.

(t)     "Judgment" or "Judgments" means any, some or all of the proposed judgments and orders to be entered by the respective Courts approving the Settlement substantially in the forms attached hereto as Exhibits "C" (hereinafter the "Canadian Judgment") and "E" (hereinafter the "U.S. Judgment").

(u)     "Net Settlement Fund" has the meaning defined in ¶13(a) hereof.

(v)     "Opt-out Deadline" means the last date by which Class Members may mail or otherwise submit an Opt-out Request to the Claims Administrator in order to exclude themselves from the Class, which shall be the first date falling sixty (60) calendar days after the date on which the short form Pre-Approval Notice is published, or such other time frame mutually fixed by the Courts in the Pre-Approval Orders.

(w)     "Opt-out Request" means a signed written letter of request for exclusion from the Class that lists the Class Member's name, address and telephone number plus the date(s), price(s) and numbers(s) of shares of all of the Class Member's purchases, acquisitions and sales of SunOpta securities during the Class Period, which when submitted by a Class Member to the Claims Administrator before the Opt-out Deadline will enable a Class Members to exclude himself, herself or itself from the Class, and thereby the Actions.

DOCSTOR: 1765404\5

(x)    "Opt-out Threshold" means the number of shares of SunOpta securities traded during the Class Period specified in the Supplemental Agreement.

(y)    "Plaintiffs' Counsel" means U.S. Lead Plaintiffs' Counsel and Canadian Class Counsel.

(z)    "Plan of Allocation" means the plan for distribution of the Net Settlement Fund to Authorized Claimants as approved by the Courts.

(aa)    "Plan of Notice" means the proposed plan for dissemination of the Pre-Approval Notices attached hereto as Exhibit "G".

(bb)    "Pre-Approval Notices" means the short-form and long-form notices referred to in ¶33 herein and respectively attached as Exhibits "H" and "I", or as otherwise acceptable to Plaintiffs' Counsel and to SunOpta's Counsel each acting reasonably, and as approved by the respective Courts in the Pre-Approval Orders.

(cc)    "Pre-Approval Orders" means the Canadian Pre-Approval Order and the U.S. Pre-Approval Order.

(dd)    "Proof of Claim" means such form acceptable to Plaintiffs' Counsel and SunOpta's Counsel, each acting reasonably, and as approved by the Courts, which, when completed and submitted in a timely manner to the Administrator, enables a Class Member to apply for compensation under the Settlement, and which shall further include an acknowledgement and acceptance of the release of the Settled Claims against the Released Parties.

(ee)    "Proposed Individual Defendants" means Cyril Ing, Allan Routh, Robert Fetherstonaugh, James Rifenbergh, Katrina Houde-Lovas and Steven Townsend.

(ff)    "Released Parties" means any and all of the Defendants and the Proposed Individual Defendants, their past or present subsidiaries, parents, principals, affiliates, shareholders,

- 10 -

general or limited partners or partnerships, successors and predecessors, heirs, assigns, officers, directors, representatives, agents, employees, attorneys, advisors, investment advisors, investment bankers, underwriters, insurers, co-insurers, re-insurers, accountants, auditors, consultants, administrators, executors, trustees, personal representatives, immediate family members and any person, firm, trust (including, without limiting the generality hereof, the Charles R. Bronfman Trust and the SRB Belvedere Trust), partnership, corporation, officer, director or other individual or entity in which any of them has a controlling interest or which is related to or affiliated with any of them, and their legal representatives, heirs, executors, administrators, trustees, successors-in-interest or assigns.

(gg)    "Released Plaintiff Parties" means the U.S. Lead Plaintiffs, the Canadian Representative Plaintiff, Plaintiffs' Counsel, and all Class Members.

(hh)    "Releasors" means, individually and collectively, U.S. Lead Plaintiffs, Canadian Representative Plaintiff and all Class Members on behalf of themselves, their personal representatives, agents, heirs, executors, administrators, trustees, beneficiaries, current and former plan members and contributors, successors, assigns, and any person they represent in relation to SunOpta securities purchased or otherwise acquired during the Class Period or in relation to the Settled Claims.

(ii)    "Settled Claims" means any and all claims, controversies, debts, obligations, demands, rights, actions, causes of action, suits, matters, issues, damages, losses or liabilities of any kind whatsoever (including, but not limited to, any claims for interest, attorneys'/counsels' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States or Canadian federal, state, provincial, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at

- 11 -

law or in equity, in contract or tort, matured or unmatured, whether class or individual in nature, direct or derivative, including both known claims and Unknown Claims (as defined herein): (1) that have been asserted in any of the Actions (including the proposed amendments to the Canadian Action referred to in recital F herein) against any of the Released Parties; or (2) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of, are based upon, or relate in any way to the allegations, transactions, facts, matters, breaches, occurrences, financial statements, statements, representations or omissions involved, set forth, or referred to in the Actions or the proposed amendments to the Canadian Action (except that Settled Claims does not include claims, rights or causes of action or liabilities whatsoever to: (i) enforce the Settlement; and (ii) for breach or violation of any of the terms of this Stipulation or orders or judgments issued by the Courts in connection with the Settlement or confidentiality obligations with respect to settlement communications).

(jj) "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on United States or Canadian federal, state, provincial, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Actions or in any forum by the Defendants or any of them or the successors and assigns of any of them against any of the U.S. Lead Plaintiffs, Canadian Representative Plaintiff or Class Members or their respective counsel, which arise out of or relate in any way to the institution or prosecution of the Actions (except that Settled Defendants' Claims does not include all claims, rights or causes of action or liabilities whatsoever (1) to enforce the Settlement and (2) for breach or violation of any of the terms of this Stipulation or orders or judgments issued by the Courts in connection with the Settlement or confidentiality obligations with respect to settlement communications).

- 12 -

(kk) "Settlement" means the global settlement of the Actions contemplated by this Stipulation.

(ll) "SunOpta's Counsel" means the law firms of Jones Day in the United States and Ogilvy Renault LLP in Canada.

(mm) "Supplemental Agreement" means the agreement between Plaintiffs' Counsel and SunOpta's Counsel setting forth certain conditions under which this Settlement may be terminated.

(nn) "Taxes" means: (1) any and all applicable taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any: (i) with respect to the income or gains earned by or in respect of the Gross Settlement Fund, including, without limitation, any taxes that may be imposed upon the Defendants or their counsel with respect to any income or gains earned by or in respect of the Gross Settlement Fund for any period while it is held by the Escrow Agent during which the Gross Settlement Fund does not qualify as a Qualified Settlement Fund for federal, state or provincial income tax purposes; or (ii) by way of withholding as required by applicable law on any distribution by the Escrow Agent or the Claims Administrator of any portion of the Gross Settlement Fund to Authorized Claimants and other individuals or entities entitled hereto pursuant to this Stipulation; and (2) any and all expenses, liabilities and costs incurred in connection with the taxation of the Gross Settlement Fund (including without limitation, expenses of tax attorneys and accountants). For the purposes of subparagraph (i) hereof, taxes imposed on any of the Defendants shall include amounts equivalent to taxes that would be payable by that Defendant but for the existence of relief from taxes by virtue of loss carryforwards or other tax attributes, determined by that Defendant, acting reasonably and accepted by the Escrow Agent, acting reasonably.

- 13 -

(oo)  "Unknown Claims" means any and all Settled Claims which any of the U.S. Lead Plaintiffs, the Canadian Representative Plaintiff or the Class Members do not know or suspect to exist in his, her or its favor at the time of the execution of the Stipulation, and any Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, as of the Effective Date, which if known by him, her or it might have affected his, her or its favor at the time of the execution of the Stipulation.

(pp)  "U.S. Class" means the class to be certified, for purposes of settlement only, by the United States District Court for the Southern District of New York in the U.S. Action, comprising all individuals and entities who purchased or otherwise acquired securities of SunOpta during the Class Period, other than Excluded Persons and the Canadian Class.

(qq)  "U.S. Pre-Approval Order" means the order sought to be issued by the United States District Court for the Southern District of New York, substantially in the form attached hereto as Exhibit "D".

## SCOPE AND EFFECT OF SETTLEMENT

2.  The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Actions as part of the Settlement and any and all Settled Claims as against all Released Parties and any and all Settled Defendants' Claims.

3.  Upon the Effective Date, the Releasors release and forever discharge, and are forever barred and enjoined from prosecuting any Settled Claims against any of the Released Parties, and shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States, Canada or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, proceeding, complaint, claim or demand against any Released Party or

- 14 -

any other person who may claim any form of contribution or indemnity from any Released Party in respect of any Settled Claim or any matter related thereto.

4.     Upon the Effective Date, this Stipulation shall operate conclusively as an estoppel and full defense in the event of any action, suit, cause of action, proceeding, complaint, claim or demand brought by any Releasors against any of the Released Parties with respect to Settled Claims, and this Stipulation may be pleaded in the event of any such action, suit, cause of action, proceeding, complaint, claim or demand and relied upon for the purpose of an application to dismiss the action, suit, cause of action, proceeding, complaint, claim or demand on a summary basis. Following the Effective Date, no Releasor may seek to avoid the application of this Stipulation based on a lack of privity or mutuality. In the event that any Releasor initiates or seeks to prosecute, in any action, suit, cause of action, proceeding, complaint, claim or demand of any kind, a Settled Claim against any of the Released Parties, the Released Party against whom the Settled Claim is asserted shall be entitled to recover from such Releasor its actual costs, including actual legal fees, on a full indemnity basis, in defending the action, suit, cause of action, proceeding, complaint, claim or demand.

5.     With respect to any and all Settled Claims and Settled Defendants' Claims, the parties stipulate and agree that upon the Effective Date, U.S. Lead Plaintiffs, the Canadian Representative Plaintiff, and the Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgments shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state, province or territory of the United States or Canada, or principle of common law or otherwise, which provides that a general release does not extend to claims which a creditor or releaser does not know or suspect to exist in his, her or its favor at the time of executing the release, which if known, might have materially affected his, her or its settlement and release of individuals and entities. U.S. Lead Plaintiffs, the Canadian Representative

- 15 -

Plaintiff and Class Members may hereinafter discover facts in addition to, or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but the U.S. Lead Plaintiffs and the Canadian Representative Plaintiff shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgments, shall have, fully, finally, and forever settled and released any and all Settled Claims. U.S. Lead Plaintiffs, the Canadian Representative Plaintiff and the Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

6.      Upon the Effective Date, the Defendant Releasors, release and forever discharge each and every one of the Settled Defendants' Claims, and are forever barred and enjoined from prosecuting the Settled Defendants' Claims against the Released Plaintiff Parties.

7.      Upon the Effective Date, this Stipulation shall operate conclusively as an estoppel and full defense in the event of any action, suit, cause of action, proceeding, complaint, claim or demand brought by any Defendant Releasors against any of the Released Plaintiff Parties with respect to Settled Defendants' Claims and this Stipulation may be pleaded in the event of any such action, suit, cause of action, proceeding, complaint, claim or demand and relied upon for the purpose of an application to dismiss the action, suit, cause of action, proceeding, complaint, claim or demand on a summary basis. In the event that any Defendant Releasor initiates or seeks to prosecute in any action, suit, cause of action, proceeding, complaint, claim or demand of any kind, a Settled Defendants' Claim against any of the Released Plaintiff Parties, the Released Plaintiff Party against whom the Settled Defendants' Claim is asserted shall be entitled to recover from such Defendant

- 16 -

11.    If the Settlement is terminated pursuant to this Stipulation, the Escrow Agent shall pay the Gross Settlement Fund to CICC, less any: (a) Taxes paid or due with respect to any interest or other income earned thereon or in respect thereof; (b) reasonable costs of administration and notice actually incurred and paid or payable from the Gross Settlement Fund (as described in ¶17 hereof); (c) applicable withholding taxes; and (d) reasonable administrative costs charged by the financial institution holding the escrow account.

12.    The parties hereto agree that the Gross Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1, and that the Escrow Agent as administrator of the Gross Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Gross Settlement Fund and paying from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund. The parties hereto agree that the Gross Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest date possible, and agree to any relation-back election required to treat the Gross Settlement Fund as a Qualified Settlement Fund from the earliest date possible. SunOpta agrees to provide promptly to the Escrow Agent the statement described in Treasury Regulation §1.468B-3(e).

13.    (a)    The Gross Settlement Fund shall be used to pay for (i) all costs incurred and associated with any and all notices to class members (and any translations of same into the French language) including any expenses reasonably and actually incurred by Broadridge Financial Solutions in connection with the distribution of the long-form Pre-Approval Notice outlined in the Plan of Notice; (ii) all costs incurred and associated with the translation of the Stipulation and the Exhibits attached hereto, into the French language; (iii) any other of the administration costs referred to in ¶17 hereof; and, (iv) the attorneys' fee and expenses award referred to in ¶19 hereof. The

- 18 -

documents to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims. In the event that the Settlement is terminated, as provided for in ¶41 herein, reasonable and proper notice and administration costs paid or accrued in connection with this paragraph shall not be returned to CICC.

## ATTORNEYS' FEES AND EXPENSES

18.     Contemporaneously with their motion for approval of the Settlement, U.S. Lead Plaintiffs' Counsel will bring a motion to the United States District Court for the Southern District of New York for an award of attorneys' fees and expenses payable from the Gross Settlement Fund. Canadian Class Counsel will similarly bring a motion to the Ontario Superior Court of Justice for an award of their counsel fees and reimbursement of expenses to be paid from the Gross Settlement Fund contemporaneously with their motion for approval of the Settlement. The Defendants shall take no position on such fee motions. Plaintiffs' Counsel may make additional motions to the Courts for reimbursement of further expenses including additional notice and administration expenses payable from the Gross Settlement Fund incurred subsequent to any initial motion for attorneys' fees and expenses.

19.     Such fees and expenses as are awarded by the United States District Court for the Southern District of New York to U.S. Lead Plaintiffs' Counsel and by the Ontario Superior Court of Justice to Canadian Class Counsel from the Gross Settlement Fund shall be payable by the Escrow Agent within fourteen (14) calendar days of award by the applicable court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligations to make the corresponding refunds or repayments to the Gross Settlement Fund plus accrued interest at the same rate as is earned by the Gross Settlement Fund under the Escrow Agent Account, if and when, as a

- 21 -

result of any appeal and/or further proceedings on remand, or successful collateral attack, either or both of the fee or expense awards is reduced or reversed.

20. The fees and expenses to be paid to U.S. Lead Plaintiffs' Counsel and Canadian Class Counsel from the Gross Settlement Fund shall be such amounts as are approved by the Courts. The procedure for, and the allowance or disallowance of any motion for attorneys' fees and expenses, are not a condition of or a part of the Settlement, are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and shall not affect the validity of the Settlement. Any order or proceedings related to any request for attorneys' fees or reimbursement of expenses, or any appeal from any order or proceedings related thereto, shall not affect or delay the Effective Date and the finality of the Judgment approving the Settlement.

21. The Released Parties shall have no responsibility for, or any liability whatsoever with respect to, any payment of counsel fees and expenses to U.S. Lead Plaintiffs' Counsel or to Canadian Class Counsel.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

22. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim as defined in the Plan of Allocation.

23. It is understood and agreed by the parties that any Plan of Allocation proposed to the Courts is not part of the Stipulation and is to be considered by the Courts separately from the Courts' consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the Finality of the Courts' Judgments approving the Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

- 22 -

24. SunOpta shall not be entitled to receive any of the Gross Settlement Fund following the Effective Date. The Defendants shall have no involvement in reviewing or challenging claims by Class Members.

## ADMINISTRATION OF THE SETTLEMENT

25. Any Class Member who does not submit a timely and valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms of the Stipulation and the Settlement, including the terms of the Judgments to be entered in the Actions and the releases provided for herein, and will be barred from bringing any action, suit, cause of action, proceeding, complaint, claim or demand against the Released Parties concerning the Settled Claims.

26. The Claims Administrator shall process the Proofs of Claim and, after the Effective Date, the Claims Administrator shall distribute the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation approved by the Courts. The Released Parties shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund.

27. Payment pursuant to the Settlement shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgments to be entered in the Actions, and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

28. All proceedings with respect to the administration, processing and determination of Proofs of Claim, and the determination of all controversies relating thereto, excluding disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of

- 23 -

the United States District Court for the Southern District of New York with respect to U.S. Class Members or, in the case of a Canadian Class Member, the jurisdiction of the Ontario Superior Court of Justice.

29.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date, and after all Claims have been processed, and all Class Members whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to contest with the Claims Administrator such rejection or disallowance in accordance with the Plan of Allocation.

30.     Within one hundred and twenty (120) calendar days after the publication of the short-form of the Pre-Approval Notice, or such other time as may be mutually set by the Courts in the Pre-Approval Orders, each Class Member seeking compensation pursuant to the Settlement shall be required to submit to the Claims Administrator a completed Proof of Claim signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to the Class Member.

31.     No Class Member shall have any claims against U.S. Lead Plaintiffs' Counsel, Canadian Class Counsel or against any of the Released Parties or their respective counsel based on the investments, costs, expenses, administration, allocations, payments and distributions that are made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation approved by the Courts, or further order(s) of the Courts.

## NOTICE AND HEARING FOR APPROVAL OF THE SETTLEMENT

32.     The parties herein will use their best efforts to secure the Courts' respective approval of the Settlement and dismissal of the Actions with prejudice. The parties herein agree to stay all proceedings and steps in the Actions, other than the agreed-upon settlement discovery (as set forth in the Confidentiality Agreement between SunOpta and the U.S. Lead Plaintiffs and the Canadian

- 24 -

Representative Plaintiff) and proceedings provided for in this Stipulation, until the Effective Date or the termination of this Stipulation as provided herein, whichever occurs first.

33.    (a)    Promptly after this Stipulation has been fully executed, U.S. Lead Plaintiffs shall apply to the United States District Court for the Southern District of New York, on notice to the U.S. Defendants, for entry of the U.S. Pre-Approval Order, substantially in the form annexed hereto as Exhibit "D", including approval of the Pre-Approval Notices.

(b)    Promptly after this Stipulation has been fully executed, Canadian Class Counsel shall contemporaneously apply to the Ontario Superior Court of Justice, on notice to the Canadian Defendants, for entry of the Canadian Pre-Approval Order, substantially in the form annexed hereto as Exhibit "B", including approval of the Pre-Approval Notices.

## TERMS OF ORDER AND FINAL JUDGMENT

34.    If the Settlement contemplated by this Stipulation is approved by the United States District Court for the Southern District of New York, U.S. Plaintiffs' Lead Counsel and U.S. counsel to the U.S. Defendants shall jointly request that a Judgment be issued and entered substantially in the form attached hereto as Exhibit "E", effecting the Settlement, dismissing the U.S. Action with prejudice and causing members of the U.S. Class to be bound by the terms of the Settlement, including the releases provided herein.

35.    If the Settlement contemplated by this Stipulation is approved by the Ontario Superior Court of Justice, Canadian Class Counsel and counsel to the Canadian Defendants shall request that a Judgment be issued and entered substantially in the form attached hereto as Exhibit "C", effecting the Settlement, dismissing the Canadian Action with prejudice, and causing members of the Canadian Class to be bound by the terms of the Settlement, including the releases provided herein.

36.    The Defendants consent to certification of the Actions as class actions as provided for in the aforementioned U.S. Pre-Approval Order, Canadian Pre-Approval Order or Judgments solely

- 25 -

for the purpose of effectuating the Settlement. If the Settlement is not approved or is otherwise terminated pursuant to the terms in this Stipulation or the Effective Date for any reason does not occur, any orders certifying the Actions as class proceedings and certifying the U.S. Class and the Canadian Class and all preliminary and/or final findings regarding the Courts' certification orders shall be automatically set aside on consent upon notice to the Courts, and the Actions shall proceed as though the Actions had never been certified and such findings in respect of class certification had never been made, without prejudice to any Party to either request or oppose class certification on any basis.

**OPT-OUTS & OPT-OUT THRESHOLD**

37.     Putative Class Members shall have the right to exclude themselves, or opt-out, from the U.S. Class or Canadian Class, as the case may be, and thereby from the U.S. Action and Canadian Action and this Settlement. Putative Class Members who wish to elect to opt out must submit an Opt-out Request to the Claims Administrator by the Opt-out Deadline. Putative Class Members who validly opt-out shall be excluded from any and all rights and obligations under the Settlement. Putative Class Members who do not opt out in the manner and time prescribed above shall be deemed to have elected to participate in this Settlement regardless of whether such individual or entity timely files a Proof of Claim.

38.     Within five (5) calendar days following the Opt-out Deadline, the Claims Administrator shall provide to SunOpta's Counsel and Plaintiffs' Counsel a complete, written list, including addresses and contact information of all individuals and entities who have opted out and copies of the written Opt-out Requests containing complete information as to the number of SunOpta shares purchased during the Class Period by each individual or entity who has elected to opt out.

39. Simultaneously herewith, Plaintiffs' Counsel and SunOpta's Counsel are executing a Supplemental Agreement setting forth certain conditions under which this Settlement may be terminated by SunOpta if the number of Class Members who exclude themselves from the Class by timely filing valid Opt-out Requests exceeds the Opt-out Threshold. Unless otherwise directed by the Courts, the Supplemental Agreement may be filed with the Opt-out Threshold redacted. The unredacted Supplemental Agreement shall not be filed with the Court unless a dispute arises with respect to its terms or application. In such event, the parties shall request that the unredacted Supplemental Agreement be filed under seal. The Opt-out Threshold may be disclosed to the Courts for purposes of the approval of the Settlement, as may be required by the Courts, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the respective Courts so as to maintain the Opt-out Threshold as confidential. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶1, 10, 11, 17, 36, 39, 44 and 45 which shall continue to apply.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

40. The "Effective Date" of Settlement shall be the date when all of the following conditions of settlement shall have occurred:

(a) completion by Plaintiffs' Counsel of the agreed-upon settlement discovery to be completed by Plaintiffs' Counsel by no later than the period set forth in the Confidentiality Agreement, unless further extended on written agreement between Plaintiffs' Counsel and SunOpta's Counsel;

(b) approval by the United States District Court for the Southern District of New York of the Settlement, following notice to the U.S. Class and a hearing, as prescribed by Rule 23 of the (United States) Federal Rules of Civil Procedure;

- 27 -

(c)  the issuance and entry by the United States District Court for the Southern District of New York of a Judgment, substantially in the form set forth in Exhibit "E" hereto, which has become Final, or the issuance and entry of an Alternative U.S. Judgment by the United States District Court for the Southern District of New York and neither the U.S. Lead Plaintiffs nor SunOpta elect to terminate this Settlement pursuant to ¶41 herein within 30 calendar days of issuance and entry of the Alternative U.S. Judgment, which has become Final;

(d)  approval of the Settlement by the Ontario Superior Court of Justice in the Canadian Action, following notice to the Canadian Class and a hearing pursuant to the Ontario *Class Proceedings Act, 1992*;

(e)  the issuance and entry by the Ontario Superior Court of Justice of a Judgment, substantially in the form set forth in Exhibit "C" annexed hereto, which has become Final; or, the issuance and entry of an Alternative Canadian Judgment by the Ontario Superior Court of Justice, and neither the Canadian Representative Plaintiff nor SunOpta elect to terminate this Settlement pursuant to ¶41 herein within thirty (30) calendar days of issuance and entry of the Alternative Canadian Judgment, which has become Final; and

(f)  the expiry of time under the terms of the Supplemental Agreement for SunOpta to elect to terminate the Settlement and this Stipulation as provided for under the Supplemental Agreement and ¶42 herein.

41.  U.S. Lead Plaintiffs, the Canadian Representative Plaintiff and SunOpta shall each have the right to terminate the Settlement and thereby this Stipulation by providing written notice of their or its election to do so to one another (by means of delivery by facsimile to Plaintiffs' Counsel and SunOpta's Counsel) within thirty (30) calendar days of any of the following: (a) any one of the Courts refusing to issue the Canadian Pre-Approval Order or the U.S. Pre-Approval Order, as the

- 28 -

case may be, in any material respect as set forth in Exhibits "B" and "D" hereto; (b) any one of the Courts refusing to approve this Settlement as set forth in this Stipulation for one or more of the Actions; (c) any one of the Courts refusing to issue the Canadian Judgment or the U.S. Judgment, as the case may be, in any material respect as set forth in Exhibits "C" and "E"; (d) the date upon which a Judgment is modified or reversed in any material respect by any level of appellate court; or (e) the date upon which an Alternative Judgment otherwise acceptable to the U.S. Lead Plaintiffs/Canadian Representative Plaintiff (as the case may be) and SunOpta is modified or reversed in any material respect by any level of appellate court.

42.     Notwithstanding anything else in this Stipulation, SunOpta may, in accordance with the terms set forth in the Supplemental Agreement, and in its sole and unfettered discretion, elect in writing to terminate the Settlement and this Stipulation if the Opt-out Threshold is exceeded or as otherwise provided in the Supplemental Agreement.

43.     Notwithstanding anything else in this Stipulation, the U.S. Lead Plaintiffs and the Canadian Representative Plaintiff may jointly elect in writing to terminate the Settlement and this Stipulation if the Gross Settlement Fund is not timely paid to the Escrow Agent Account.

44.     Except as otherwise provided herein, in the event that the Settlement is terminated, the parties to this Stipulation shall be deemed to have reverted to their respective status in the Actions immediately prior to the execution of this Stipulation and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders and judgments had not been entered.

## NO ADMISSION OF WRONGDOING

45.     This Stipulation shall be construed solely as a reflection of the parties' desire to facilitate a resolution of the claims in these Actions. The parties agree that no party was or is a

- 29 -

prevailing party in the Actions. This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)     shall not be offered or received against any or all of the Released Parties as evidence of or construed or deemed to be evidence of any presumption, concessions, or admission by any or all of those Released Parties with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Actions or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Actions or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b)     shall not be offered or received against any or all of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any or all of the Released Parties;

(c)     shall not be offered or received against any or all of the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing or in any way referred to for any other reason as against any or all of the Released Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Courts, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against any or all of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

(e)     shall not be construed or received in evidence as an admission, concession or presumption against U.S. Lead Plaintiffs, Canadian Representative Plaintiff or any of the Class

- 30 -

Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Actions would not have exceeded the Gross Settlement Fund; and

      (f)     shall not be construed or received in evidence as an act of attornment to the jurisdiction of any court by U.S. Lead Plaintiffs or Canadian Representative Plaintiff or the Defendants by reason of their participation or the participation of their respective counsel in proceedings taken pursuant to the Stipulation to approve the Settlement.

## MISCELLANEOUS PROVISIONS

46.     The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the U.S. Lead Plaintiffs, Canadian Representative Plaintiff or Class Members against the Released Parties with respect to the Settled Claims. Accordingly, the U.S. Lead Plaintiffs, Canadian Representative Plaintiff and the Defendants agree not to assert in any forum that the Actions were brought by the plaintiffs or defended by the Defendants in those actions in bad faith or without a reasonable basis. The parties hereto shall assert no claims of any violation of Rule 11 of the (U.S.) Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Actions. The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily after consultation with experienced and independent legal counsel.

47.     U.S. Lead Plaintiffs, Canadian Representative Plaintiffs, and the Defendants agree to cooperate fully with one another in seeking the Courts' approval of the Settlement and the orders and judgments referred to in this Stipulation concerning notice and approval of the Settlement, and to agree promptly upon and execute all such other documentation as may be reasonably required to obtain final approval by the Courts of the Settlement.

- 31 -

48.     The administration and consummation of the Settlement as embodied in this Stipulation as it pertains to U.S. Class Members shall be under the authority of the United States District Court for the Southern District of New York and it shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to U.S. Lead Plaintiffs' Counsel and enforcing the terms of this Stipulation as it relates to U.S. Class Members. The administration and consummation of the Settlement as embodied in this Stipulation as it pertains to Canadian Class Members shall be under the authority of the Ontario Superior Court of Justice and it shall retain jurisdiction for the purpose of entering orders providing for counsel fees and expenses to Canadian Class Counsel and enforcing the terms of this Stipulation as it relates to Canadian Class Members.

49.     All of the exhibits attached hereto are herby incorporated by reference as though fully set forth herein.

50.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

51.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest.

52.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation or a waiver by any other party.

53.     This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, executors, administrators, trustees and assigns of the parties hereto and, upon the Effective Date, members of the U.S. Class and the Canadian Class and their respective successors, heirs, beneficiaries, current and former plan members and contributors, executors, administrators, trustees and assigns.

- 32 -

54.     The construction and interpretation of this Stipulation and the Supplemental Agreement shall be governed by the laws of Ontario, without regard to conflicts of laws, except to the extent that federal law of Canada requires that federal law governs in which case the laws of Canada shall apply.

55.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

56.     This Stipulation and its exhibits, the Supplemental Agreement and the Confidentiality Agreement constitute the entire agreement concerning the Settlement of the Actions, and no representations, warranties or inducements have been made by any party hereto concerning this Stipulation, its exhibits, the Supplemental Agreement and the Confidentiality Agreement other than those contained and memorialized in such documents.

57.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

58.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

**IN WITNESS WHEREOF**, the parties hereto have caused this Stipulation to be executed, by their duly authorized counsel, dated as of September 23, 2009.

- 33 -

COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.

SAMUEL H. RUDMAN

U.S Lead Counsel for U.S. Lead Plaintiffs

SISKINDS LLP
A. Dimitri Lascaris
Michael Robb

MICHAEL ROBB

Lawyers for John O'Neil

OGILVY RENAULT LLP
Steve Tenai

STEVE TENAI

Lawyers for SunOpta, Inc. in the Canadian Action

JONES DAY
Michael J. McConnell
William J. Hine

MICHAEL J. McCONNELL

Attorneys for SunOpta Inc., Organic Ingredients, Inc., Cleugh's
Frozen Foods, Inc., Pacific Fruit Processors, Inc., Stephen R.
Bronfman, Jeremy Kendall, Christopher Snowden, Joseph Riz
and Sergio Varela

- 34 -

COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.


_____
SAMUEL H. RUDMAN

U.S. Lead Counsel for U.S. Lead Plaintiffs

SISKINDS LLP
A. Dimitri Lascaris
Michael Robb


_____
MICHAEL ROBB

Lawyers for John O'Neil

OGILVY RENAULT LLP
Steve Tenai


_____
STEVE TENAI

Lawyers for SunOpta, Inc. in the Canadian Action

JONES DAY
Michael J. McConnell
William J. Hine


_____
MICHAEL J. McCONNELL

Attorneys for SunOpta Inc., Organic Ingredients, Inc., Cleugh's
Frozen Foods, Inc., Pacific Fruit Processors, Inc., Stephen R.
Bronfman, Jeremy Kendall, Christopher Snowden, Joseph Riz
and Sergio Varela

- 34 -

COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.

_____

SAMUEL H. RUDMAN

U.S. Lead Counsel for U.S. Lead Plaintiffs

SISKINDS LLP
A. Dimitri Lascaris
Michael Robb

_____

MICHAEL ROBB

Lawyers for John O'Neil

OGILVY RENAULT LLP
Steve Tenai

_____

STEVE TENAI

Lawyers for SunOpta, Inc. in the Canadian Action

JONES DAY
Michael J. McConnell
William J. Hine

_____

MICHAEL J. McCONNELL

Attorneys for SunOpta Inc., Organic Ingredients, Inc., Cleugh's
Frozen Foods, Inc., Pacific Fruit Processors, Inc., Stephen R.
Bronfman, Jeremy Kendall, Christopher Snowden, Joseph Riz
and Sergio Varela

- 34 -

COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.

---

SAMUEL H. RUDMAN

U.S. Lead Counsel for U.S. Lead Plaintiffs

SISKINDS LLP
A. Dimitri Lascaris
Michael Robb

---

MICHAEL ROBB

Lawyers for John O'Neil

OGILVY RENAULT LLP
Steve Tenai

---

STEVE TENAI

Lawyers for SunOpta, Inc. in the Canadian Action

JONES DAY
Michael J. McConnell
William J. Hine

---

MICHAEL J. McCONNELL

Attorneys for SunOpta Inc., Organic Ingredients, Inc., Cleugh's
Frozen Foods, Inc., Pacific Fruit Processors, Inc., Stephen R.
Bronfman, Jeremy Kendall, Christopher Snowden, Joseph Riz
and Sergio Varela

- 34 -

OSLER HOSKIN HARCOURT LLP
Larry Lowenstein
Allan Coleman

_____

ALLAN COLEMAN

Lawyers for Steven Bromley and John Dietrich in the Canadian
Action

O'MELVENY & MYERS LLP
William J. Sushon

_____

WILLIAM J. SUSHON

Attorneys for Steven Bromley and John Dietrich in the U.S.
Action

OSLER HOSKIN HARCOURT LLP
Larry Lowenstein
Allan Coleman

_____

ALLAN COLEMAN

Lawyers for Steven Bromley and John Dietrich in the Canadian
Action

O'MELVENY & MYERS LLP
William J. Sushon

_____

WILLIAM J. SUSHON

Attorneys for Steven Bromley and John Dietrich in the U.S.
Action

- 35 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 13, 2009, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail

addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on November 13, 2009.

*s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

E-mail:srudman@csgrr.com

# Mailing Information for a Case 1:08-cv-00933-PAC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@csgrr.com,e_file_ny@csgrr.com,drosenfeld@csgrr.com

- **Torello H. Calvani**
  tcalvani@omm.com

- **Jeffrey Philip Campisi**
  jcampisi@kaplanfox.com

- **Melissa Ryan Clark**
  melissa.clark@kgscounsel.com

- **Frederic Scott Fox , Sr**
  ffox@kaplanfox.com

- **William J. Hine**
  wjhine@jonesday.com,jmsim@jonesday.com,dpjacobson@jonesday.com

- **Lewis Stephen Kahn**
  lewis.kahn@ksfcounsel.com

- **Gregory Bradley Linkh**
  glinkh@murrayfrank.com

- **Kim Elaine Miller**
  kimmiller225@yahoo.com

- **David Avi Rosenfeld**
  drosenfeld@csgrr.com,e_file_ny@csgrr.com

- **Samuel Howard Rudman**
  srudman@csgrr.com,e_file_ny@csgrr.com

- **David R. Scott**
  drscott@scott-scott.com,efile@scott-scott.com

- **Arthur L. Shingler , III**
  ashingler@scott-scott.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

- **William Joseph Sushon**
  wsushon@omm.com,#nymanagingattorney@omm.com

- **Jayant W. Tambe**
  dpjacobson@jonesday.com,kpollak@jonesday.com,jtambe@jonesday.com

- **Curtis Victor Trinko**
  ctrinko@trinko.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Michael J. McConnell
Jones Day(GA)
1420 Peachtree Street, Suite 800
Atlanta, GA 30309

Eric J. O'Bell
Law Offices of Eric J. O'Bell, LLC
3500 Noth Hullen Street
Metairie, LA 70002
```