**U.S. Pre-Approval Order**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____ x
In re SUNOPTA INC. SECURITIES        :    Master File No. 1:08-cv-00933-PAC
LITIGATION                           :
                                     :    CLASS ACTION
_____:
                                     :
This Document Relates To:            :    PRELIMINARY ORDER FOR NOTICE
                                     :    AND HEARINGS IN CONNECTION WITH
     ALL ACTIONS.                    :    SETTLEMENT PROCEEDINGS
                                     :
_____ x
```

WHEREAS, on September 23, 2009, the parties to the above-entitled action (the "U.S.

Action") entered into an Stipulation and Agreement of Settlement (the "Stipulation"), which is

subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the

exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged

in the Complaint on the merits and with prejudice; and the Court having read and considered the

Stipulation and the accompanying documents; and the parties to the Stipulation having consented to

the entry of this Order, and all capitalized terms used, but not otherwise defined, herein having the

meanings defined in the Stipulation; and

WHEREAS, it is a condition to the effectiveness of the proposed Settlement that the

Canadian putative class proceeding identified in the Stipulation (the "Canadian Class Action") be

also settled and dismissed with prejudice and the Settlement be approved by the Ontario Superior

Court of Justice before which the Canadian Class Action is pending.

NOW THEREFORE, IT IS HEREBY ORDERED, this 2d day of February        , 2010, that:

1.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein as being fair, reasonable and adequate to U.S. Class Members (defined in ¶2 below), subject to further consideration at the Settlement Fairness Hearing described in ¶5 below.

2.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this U.S. Action is hereby certified as a class action on behalf of all individuals and entities who purchased or otherwise acquired the securities of SunOpta Inc. during the period between February 23, 2007 through January 27, 2008, inclusive (the "Class Period"), other than members of the Canadian Class and Excluded Persons (the "U.S. Class" or "U.S. Class Members"). Included within the definition of Excluded Persons and excluded from the U.S. Class are any putative U.S. Class Members who exclude themselves by filing a timely and valid request for exclusion in accordance with the requirements set forth in the Notice (defined in ¶7 below).

3.     The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of U.S. Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the U.S. Class; (c) the claims of the named representatives are typical of the claims of the U.S. Class they seek to represent; (d) the U.S. Lead Plaintiffs will fairly and adequately represent the interests of the U.S. Class; (e) the questions of law and fact common to the members of the U.S. Class predominate over any questions affecting only individual U.S. Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, U.S. Lead Plaintiffs Western Washington Laborers-Employers Pension Trust

- 2 -

and Operating Engineers Construction Industry and Miscellaneous Pension Fund are certified as

Class Representatives.

5.    A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal

Rules of Civil Procedure is hereby scheduled to be held before the Court on _May 17_, _2010_, at

_2:30_, _p_.m. for the following purposes: - Courtroom 20-C.

(a)    to finally determine whether this U.S. Action satisfies the applicable

prerequisites for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil

Procedure.

(b)    to determine whether the proposed Settlement is fair, reasonable and adequate

to U.S. Class Members, and should be approved by the Court;

(c)    to determine whether the Judgment as provided under the Stipulation should

be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine

whether the release by the U.S. Class of the Settled Claims, as set forth in the Stipulation, should be

provided to the Released Parties;

(d)    to determine whether the proposed Plan of Allocation of the proceeds of the

Settlement is fair and reasonable, and should be approved by the Court.

(e)    to consider U.S. Lead Plaintiffs' Counsel's application for an award of

attorneys' fees and expenses to U.S. Lead Plaintiffs' Counsel; and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification

as may be agreed to by the Parties and with or without further notice of any kind. The Court further

reserves the right to enter its Judgment approving the Settlement and dismissing the Complaint on

DOCSTOR: 1767262\4

the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

      7.      The Court approves the form, substance and requirements of: the Notice of Pendency and Certification of Class Action, Proposed Settlement and Settlement Approval/Fairness Hearings (the "Notice"); the Proof of Claim form, and the Summary Notice of Pendency and Certification of Class Actions, Proposed Settlement and Settlement Approval/Fairness Hearings (the "Summary Notice"), annexed hereto as Tabs 1, 2 and 3, respectively, and finds that the form, content, and mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶9 and 12 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. §78u-4(a)(7), including the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Rule 23.1 of the Local Rules of the Southern and Eastern Districts of New York, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

      8.      The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator.

      9.      Within fourteen (14) calendar days of the later of the entry of this Order and the issuance of the Canadian Pre-Approval Order by the Ontario Superior Court of Justice, the Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto as Tabs 1 and 2, to be disseminated in accordance with the Plan of Notice attached as Exhibit "G" to the Stipulation. SunOpta shall cooperate in making SunOpta's transfer records concerning existing information it has about the identity and last known address of U.S. Class Members and their transactions during the Class Period available to the Claims Administrator no later than five (5)

- 4 -

business days following entry of this Order for the purpose of identifying and giving notice to the
U.S. Class, which information the Claims Administrator shall treat as confidential and take all
necessary steps to maintain the confidentiality of such information. The Claims Administrator shall
use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other
persons or entities who purchased SunOpta securities during the Class Period as record owners but
not as beneficial owners. Such nominee purchasers are directed, within seven (7) business days of
their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their
beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the
beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim
promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and
Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator
confirming that the mailing was made as directed. Additional copies of the Notice shall be made
available to any record holder requesting such for the purpose of distribution to beneficial owners,
and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the
Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and
Proofs of Claim to beneficial owners. U.S. Lead Plaintiffs' Counsel shall, at least seven (7) calendar
days prior to the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of
Claim.

10.    The Escrow Agent or its agents are authorized and directed to prepare any tax returns
required to be filed on behalf of or in respect of the Gross Settlement Fund and to cause any Taxes
due and owing to be paid from the Gross Settlement Fund, and to otherwise perform all obligations
with respect to Taxes and any reporting or filings in respect thereof as contemplated by the
Stipulation without further order of the Court.

- 5 -

11.     U.S. Lead Plaintiffs' Counsel shall submit their papers in support of final approval of

the Settlement and application for attorneys' fees and expenses by no later than *April 5*, 2*009*. *2010*

All reply papers in support of such motions shall be filed and served by no later than *May 10*,

*2010* 2*009*.

12.     The Claims Administrator shall cause the Summary Notice to be published *Investor's*

*Business Daily* within fourteen (14) calendar days of the later of the entry of this Order and the

issuance of the Canadian Pre-Approval Order by the Ontario Superior Court of Justice (the date on

which such publication occurs being the "Notice Date"). U.S. Lead Plaintiffs' Counsel shall, at least

seven (7) calendar days prior to the Settlement Fairness Hearing, file with the Court proof of the

publication of the Summary Notice.

13.     In order to be entitled to participate in the Net Settlement Fund, in the event the

Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each

U.S. Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim (the "Proof of Claim"), substantially in

the form annexed hereto as Tab 2, must be submitted to the Claims Administrator, at the Post Office

Box indicated in the Notice, postmarked not later than one hundred and twenty (120) calendar days

from the Notice Date. Such deadline may be further extended by court order. Each Proof of Claim

shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-

class mail, postage prepaid). Any Proof of Claim submitted in any other manner shall be deemed to

have been submitted when it was actually received at the address designated in the Notice. Lead

Plaintiffs' Counsel may direct the Claims Administrator to accept late claims if it will not materially

delay distribution of the Net Settlement Fund.

- 6 -

(b)     The Proof of Claim submitted by each U.S. Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the U.S. Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each U.S. Class Member shall submit to the jurisdiction of this Court solely with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Settled Claims as against the Released Parties provided in the Stipulation.

14.     U.S. Class Members shall be bound by all determinations and judgments in the U.S. Action ,whether favorable or unfavorable, unless such persons request exclusion from the U.S. Class in a timely and proper manner, as hereinafter provided. A putative U.S. Class Member wishing to make such request shall mail the request to the Claims Administrator by first-class mail postmarked no later than sixty (60) calendar days after the Notice Date to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the U.S. Class, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s),

- 7 -

price(s) and number(s) of all securities of SunOpta they purchased, acquired or sold during the Class Period and the stock exchange on which such securities were purchased. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Putative U.S. Class Members requesting exclusion from the U.S. Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

15.    All U.S. Class Members shall be bound by all determinations and judgments in the U.S. Action concerning the Settlement, including, but not limited to, the release provided for therein, whether favorable or unfavorable to the U.S. Class.

16.    Objections to the Settlement, the Plan of Allocation, or the application by U.S. Lead Plaintiffs' Counsel for an award of attorneys' fees and expenses and any supporting papers shall be filed with the Court on or before sixty (60) calendar days after the Notice Date, and also delivered to U.S. Lead Plaintiffs' Counsel and SunOpta's Counsel by that same date at the addresses identified in the Notice. Attendance at the hearing is not necessary; however, any persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request by U.S. Lead Plaintiffs' Counsel for attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing. U.S. Class Members to not need to appear at the hearing or take any other action to indicate their approval.

17.    Any U.S. Class Member who does not object to the Settlement and/or the Plan of Allocation, and any U.S. Class Member who does not object to U.S. Lead Plaintiffs' Counsel's application for an award of attorneys' fees and expenses in the manner prescribed in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, this Order and the Final

- 8 -

Judgment to be entered approving the Settlement, the Plan of Allocation and/or the application by U.S. Lead Plaintiffs' Counsel for an award of attorneys' fees and expenses.

18.    Pending final determination of whether the Settlement should be approved, the U.S. Lead Plaintiffs, all U.S. Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Settled Claims against any Released Party. The foregoing shall not be interpreted to apply to proceedings in respect of the seeking of approval of the Settlement in the Ontario Superior Court of Justice.

19.    Any U.S. Class Member may enter an appearance in the U.S. Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by U.S. Lead Plaintiffs' Counsel.

20.    All proceedings in the U.S. Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the U.S. Lead Plaintiffs nor any U.S. Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Settled Claims.

21.    The passage of title and ownership of the Gross Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a U.S. Class Member, U.S. Lead Plaintiffs' Counsel, Canadian Class Member or Canadian Class Counsel shall have any right to any portion of, or in the distribution of, the Gross Settlement Fund unless otherwise ordered by the Courts or otherwise provided in the Stipulation.

22.    All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Courts until such time as such funds shall be distributed pursuant to the Stipulation the Plan of Allocation and/or further orders of the Courts.

23.    As provided in the Stipulation, the Escrow Agent may pay the Claims Administrator out of the Gross Settlement Fund the reasonable fees and costs associated with giving notice to the Class, the review of claims and the administration of the Settlement without further order of the Court.  In the event the Settlement is not approved by the Courts, or otherwise fails to become effective, neither the U.S. Lead Plaintiffs nor U.S. Lead Plaintiffs' Counsel shall have any obligation to repay to Defendants the reasonable and actual costs of class notice and administrations.

24.    If (a) the Settlement is terminated by SunOpta pursuant to ¶42 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and U.S. Lead Plaintiffs' Counsel, Canadian Representative Plaintiffs' Counsel or SunOpta elect to terminate the Settlement as provided in ¶41 of the Stipulation, then, in any such event, the terms of ¶¶44 and 45 of the Stipulation shall apply, and this Order certifying the U.S. Class and the Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed immediately prior to the execution of the Stipulation.

25.    The Court retains jurisdiction over the U.S. Action to consider all further matters arising out of or connected with the Settlement.

Dated:    New York, New York
          February 2, 2010    , 2009

_____
HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

- 10 -

Exhibit # 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x
                                    :   Master File No. 1:08-cv-00933-PAC
In re SUNOPTA INC. SECURITIES LITIGATION   :
                                    :
—————————————————————   :
                                    :
This Document Relates To:           :
                                    :
    ALL ACTIONS.                    :
————————————————————— x

Court File No. 57453CP

*ONTARIO*
SUPERIOR COURT OF JUSTICE

B E T W E E N:

JOHN O'NEIL

Plaintiff

– and –

SUNOPTA, INC., STEVEN R. BROMLEY and JOHN H. DIETRICH

Defendants

Proceeding under the *Class Proceedings Act*, 1992

**NOTICE OF PENDENCY AND CERTIFICATION OF CLASS ACTIONS, PROPOSED SETTLEMENT AND SETTLEMENT APPROVAL/FAIRNESS HEARINGS**

This Notice provides you with important information concerning the proposed settlement (the "Settlement") of two class action lawsuits (the "Actions") separately brought by John O'Neil in Canada and Western Washington Laborers-Employers Pension Trust and Operating Engineers Construction Industry and Miscellaneous Pension Fund (the "U.S. Lead Plaintiffs") in the United States, on behalf of themselves and the classes described herein, against SunOpta Inc. ("SunOpta"), Organic Ingredients Inc., Cleugh's Frozen Foods, Inc., Pacific Fruit Processors, Inc., Steven R. Bromley, John H. Dietrich, Stephen R. Bronfman, Jeremy Kendall, Christopher Snowden, Joseph Riz and Sergio Varela (collectively, the "Defendants").

*IF YOU PURCHASED OR OTHERWISE ACQUIRED SUNOPTA SECURITIES BETWEEN FEBRUARY 23, 2007 AND JANUARY 27, 2008, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THESE CLASS ACTIONS AND YOU MAY BE ENTITLED TO A PAYMENT FROM THIS PROPOSED CLASS ACTION SETTLEMENT.*

*This Notice was authorized and approved by the U.S. and Ontario courts in charge of the Actions. This is not a solicitation from a lawyer.*

- The Settlement described herein will provide a gross settlement fund of Eleven Million Two Hundred and Fifty Thousand United States Dollars (USD $11,250,000), plus interest (the "Gross Settlement Fund"), for the benefit of investors who purchased or otherwise acquired securities of SunOpta between February 23, 2007 and January 27, 2008, inclusive (the "Class Period") and the adoption by SunOpta of certain corporate governance enhancements.

- The Settlement resolves both Actions before the Ontario Superior Court of Justice (the "Ontario Court") and the United States District Court for the Southern District of New York (the "U.S. Court") against the Defendants alleging, among other things, false and misleading public statements concerning SunOpta and the issuance of materially false and misleading public statements in a Registration Statement and Prospectus issued in connection with a secondary stock offering in December 2007.

- The Settlement also includes full and final releases of known and unknown claims that are or could have been asserted in the Actions against the Defendants and others described herein (the "Released Parties").

- In order to become effective, the Settlement must be approved by both Courts.

- Solely for purpose of implementing the Settlement, the Ontario Court has certified the Canadian Action as a class proceeding, and approved the form and method of disseminating this Notice to members of the certified class. The Ontario Court will conduct a hearing to consider whether to finally approve the Settlement on _____. The class certified by the Ontario Court (the "Canadian Class") is described below.

- Solely for purpose of implementing the Settlement, the U.S. Court has granted preliminary approval of the Settlement, and certified a class (the "U.S. Class"), and approved the form and method of disseminating this Notice to members of the U.S. Class. The U.S. Court will conduct a fairness hearing to consider whether to finally approve the Settlement on _____. The U.S. Class is described below.

- If the Settlement is not approved by both of the Courts and does not become effective for that reason or as otherwise provided under the Settlement, the certification of the Canadian Class and U.S. Class respectively by each of the Ontario Court and the U.S. Court will be set aside.

- **If the Courts approve the Settlement, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to get a payment. A Proof of Claim form must be submitted by _____ to the Claims Administrator (defined below). |
| **EXCLUDE YOURSELF (Opt-out of the Canadian Class/U.S. Class)** | Get no payment. This is the only option that allows you to ever participate in another lawsuit against the Defendants and the other Released Parties relating to the Settled Claims (defined below). If you wish to exclude yourself, you must do so by _____. |
| **OBJECT** | Write to either the U.S. Lead Plaintiffs' Counsel or to Canadian Class Counsel (defined below) (collectively, "Plaintiffs' Counsel") about why you do not like the Settlement, Plan of Allocation or Attorneys' Fee Applications. Plaintiffs' Counsel will file your objection with the appropriate court but if you are a U.S. Class member you should also send your objection directly to the U.S. Court. If you wish to object, you must do so by _____. |
| **GO TO THE COURT SETTLEMENT HEARINGS** | If you have submitted an objection, you may also ask to speak to the U.S. Court or the Ontario Court about your decision to object. You must provide notice of your desire to do so within your written objection by _____. |
| **DO NOTHING** | Get no payment. Give up rights to participate in any other lawsuit against the Defendants and the other Released Parties in respect of Settled Claims (defined below). |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Courts still have to decide whether to approve the Settlement. Payments will be made only if both Courts approve the Settlement and after any appeals are resolved and all Proof of Claim forms have been reviewed and processed. Please be patient.

## SUMMARY NOTICE

**Statement of Plaintiff Recovery:**

Pursuant to the Settlement, a Gross Settlement Fund consisting of Eleven Million Two Hundred and Fifty Thousand United States Dollars (USD $11,250,000.00) in cash, plus interest thereon, has been established. Plaintiffs estimate that there were approximately 45.3 million SunOpta securities that traded on the Toronto Stock Exchange ("TSX") and NASDAQ during the Class Period that may have been damaged. Plaintiffs estimate that the average recovery per damaged SunOpta security is approximately US $0.25 before deduction of Court-approved attorneys' fees and expenses.

A Canadian Class Member's and/or U.S. Class Member's ("Class Member") actual recovery under the Settlement will be a proportion of the Net Settlement Fund (as defined under Question 8 below) determined by that claimant's recognized loss as compared to the total recognized losses of all Class Members who submit acceptable Proofs of Claim. Depending on the number of claims submitted, the number of securities purchased, the exchange on which those securities were purchased, and the timing of his, her or its purchases and sales (if any), an individual Class Member may receive more or less than this average amount. *See* the Plan of Allocation of the Net Settlement Fund on page 10 of this Notice for more information about the determination of each Class Member's potential recovery under this Settlement.

**Statement of Potential Outcome of Case:**

The parties in both Actions vigorously disagree on all elements of liability and damages, and do not agree on the amount of damages per security that would be recoverable if the Plaintiffs were to have prevailed on each claim alleged in the two Actions. The Defendants in both Actions deny that they are liable to plaintiffs or to Class Members and deny that the Plaintiffs or Class Members have suffered any damages.

The issues on which the parties disagree include, among other things: (i) whether the Defendants made any materially false or misleading statements or otherwise failed to meet any disclosure obligations during the Class Period; (ii) whether any of the alleged materially false or misleading statements or omissions were made with the requisite level of intent or are otherwise actionable under the U.S. Securities Act of 1933 or Securities Exchange Act of 1934, the Ontario *Securities Act* or Canadian common law; (iii) whether members of the Canadian Class relied on the alleged misstatements in purchasing SunOpta securities during the Class Period; (iv) whether the various matters alleged in the Actions influenced the trading price of SunOpta securities at various times during the Class Period; (v) the extent to which other factors beyond those alleged in the Actions influenced the trading price of SunOpta securities at various times during the Class Period; and (vi) the appropriate model for determining whether the prices of SunOpta securities were artificially inflated during the Class Period by reason of the alleged materially false or misleading statements or omissions and the extent, if any, of such inflation.

**Statement of Attorneys'/Lawyers' Fees and Expenses Sought:**

Counsel for the Canadian Class in the Canadian Action ("Canadian Class Counsel") will ask the Ontario Court for an award of lawyers' fees not to exceed 25% of 30% of the Gross Settlement Fund, plus interest on such fees, and an additional amount to

be paid from the Gross Settlement Fund for reimbursement of expenses. Canadian Class Counsel will ask the Canadian Court for expenses incurred in connection with the prosecution of the Canadian Action in the approximate amount of CAD $_____.

Counsel for the U.S. Class in the U.S. Action ("U.S. Lead Plaintiffs' Counsel") will ask the U.S. Court for an award of attorneys' fees not to exceed 25% of 70% of the Gross Settlement Fund, and an additional amount to be paid from the Gross Settlement Fund for payment of expenses. U.S. Lead Plaintiffs' Counsel will ask the U.S. Court for expenses incurred in connection with the prosecution of the U.S. Action not to exceed USD $150,000.

In the aggregate, the total amount of fees and expenses requested by Plaintiffs' Counsel in the Actions will not exceed twenty-five percent (25%) of the Gross Settlement Fund, plus expenses to Plaintiffs' Counsel. These requested attorneys'/lawyers' fees and expenses, if approved in full by the Courts, would amount to approximately USD $0.07.

The attorneys and lawyers representing the Plaintiffs and Class Members in both Actions state that they have expended considerable time and effort conducting the Actions on a contingent fee basis and have advanced the expenses of each of the Actions in the expectation that, if they were successful in obtaining a recovery for Class Members, they would be paid from such recovery. In this type of litigation, it is customary for the attorneys and lawyers representing Plaintiffs and Class Members to be awarded a percentage of the total recovery as their attorneys'/lawyers' fees.

### Reasons for the Settlement:

Based upon their investigation and evaluation of the facts and law relating to the claims asserted in the Actions, the Plaintiffs and Plaintiff's Counsel agreed to the Settlement after considering, among other things: (i) the substantial benefits to Class Members of the Settlement; (ii) the uncertainty of being able to prove the allegations asserted in the Actions; (iii) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any appeals); (iv) the risk that the U.S. Court may grant a motion to dismiss the U.S. Action; (v) the risk that the Ontario Court may not grant leave to pursue claims under the Ontario *Securities Act*; (vi) the risk that one or both of the Actions would not be certified to proceed as a class action; (vii) the uncertainty, even if Plaintiffs were to establish liability at trial, inherent in the parties' competing theories of damages; (viii) their awareness of Defendants' likely positions on various liability and damages issues; (ix) the desirability of consummating the Settlement in order to provide certain and effective relief to Class Members without further delay; and (x) their belief that the Settlement is fair, reasonable and adequate, and in the best interests of all Class Members.

Defendants' reasons for entering into the Settlement are to bring to an end the substantial expense, burdens, risks and uncertainties associated with continued litigation; to finally put to rest the claims and the underlying matters raised in the Actions; and to avoid further expense and disruption of the management and operation of Defendants' business and affairs due to the prosecution and defense of the Actions. The Settlement shall not be construed as, and is not, an admission of any liability, wrongdoing or damages whatsoever by any of the Defendants.

### Further Information:

Further information regarding the U.S. Action and this Notice may be obtained by contacting one of the U.S. Lead Plaintiffs' Counsel: Samuel H. Rudman, Coughlin Stoia Geller Rudman & Robbins LLP, 58 South Service Road, Suite 200, Melville, NY 11747, Toll-free telephone (800) 449-4900.

Further information regarding the Canadian Action and this Notice may be obtained by contacting Canadian Class Counsel: Michael G. Robb, Siskinds LLP, 680 Waterloo Street, P.O. Box 2520, London, Ontario N6A 3V8, Toll-free telephone (800) 461-6166, ext. 7872, or by visiting Canadian Class Counsel's website at www.nptricepoint.com.

## BASIC INFORMATION

### 1. Why Did I Get This Notice Package?

The U.S. Court and Ontario Court authorized this Notice to be sent to you because you or someone in your family may have purchased or otherwise acquired SunOpta securities between February 23, 2007 and January 27, 2008, inclusive. Such purchasers may be members of the respective classes certified by the U.S. and/or Ontario Courts in the Actions.

If this description applies to you or someone in your family, then you have a right to know about the Settlement of the Actions, and about all of your options, before the Courts decide whether to approve the Settlement. If the Courts approve the Settlement, and after any appeals are resolved in favor of approval of the Settlement, an administrator appointed by the Courts (the "Claims Administrator") will make the payments that the Settlement allows.

This Notice explains the Actions and classes certified for settlement purposes therein, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Courts in charge of the Actions and consideration of whether the Settlement should be approved are as follows:

### Action

| | |
|---|---|
| *O'Neil v. SunOpta Inc., et al.* | *In re SunOpta Securities Litigation* |
| Court File No. 57453CP (defined above as the | Master File No. 1:08-cv-00933-PAC |
| "Canadian Action") | (S.D.N.Y.) (defined above as the "U.S. Action") |

**Court**

The Honorable Justice Tausendfreund

Ontario Superior Court of Justice
80 Dundas Street
London, ON N6A 6B3

The Honorable Paul A. Crotty
United States District Judge

United States District Court for the Southern
District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The individual and pension funds who sued are called the plaintiffs, and the companies and the individuals they sued, *i.e.*, SunOpta, Organic Ingredients Inc., Cleugh's Frozen Foods, Inc. and Pacific Food Processors, Inc., and certain of SunOpta's current and former officers and directors are called the defendants.

The Ontario Court will resolve the issues for all members of the Canadian Class (defined below) who do not exclude themselves from the Canadian Class. The U.S. Court will resolve the issues for all members of the U.S. Class (defined below) who do not exclude themselves from the U.S. Class.

### 2. What Is This Lawsuit About?

SunOpta is a Canadian company, with its head office located in Brampton, Ontario, focusing on integrated business models in the natural and organic food and natural health markets. It has operations in Canada, the United States and elsewhere. During the Class Period, SunOpta securities traded on the Toronto Stock Exchange and the NASDAQ National Market.

On January 24, 2008, SunOpta announced, among other things, that: (i) its earnings during 2007 had been adversely affected by "significant issues within the SunOpta Fruit and SunOpta Bio Process Groups," which led to "significant write downs and provisions in the range of $12 to $14 million pre-tax"; (ii) inventories within SunOpta's Fruit Group required write-downs to net realizable value and preliminary estimates indicated an adjustment in the range of a $9 to $11 million write down for this issue and related items was necessary; and (iii) SunOpta's previously issued 2007 quarterly financial statements were "likely" to be restated. Following this announcement, shares of SunOpta stock fell nearly 40% on both the NASDAQ and Toronto Stock Exchange.

Plaintiffs allege that Defendants made material misstatements or omitted to state material information in SunOpta's public statements during the Class Period, including a Registration Statement and Prospectus for a secondary stock offering in December 2007. More specifically, the Plaintiffs alleged that the Registration Statement and Prospectus and other statements made during the Class Period falsely represented SunOpta's financial statements to have been accurate and presented in conformity with Generally Accepted Accounting Principles and SEC accounting rules and regulations, contained untrue representations about the Company's disclosures and internal controls, and failed to disclose the true risks associated with investing in SunOpta.

The U.S. Action alleges, among other things, that Defendants violated §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") and §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

The Canadian Act raises similar allegations based on Canadian common law and further sought leave to bring secondary market civil liability claims for misrepresentation under the Ontario *Securities Act*.

The Canadian and U.S. Actions both seek money damages for their respective classes. The Defendants deny that they violated any laws or did anything wrong, deny that they are liable to Class Members and deny that Class Members have suffered damages.

### 3. What Is a Class Action?

In a class action, one or more people called class representatives (in this case, John O'Neil in the Canadian Action and the U.S. Lead Plaintiffs in the U.S. Action) sue on behalf of people who have similar claims. All these people are collectively called a "Class" or "Class Members." Bringing a case as a class action allows the adjudication of many similar claims of persons or entities that might be economically too small to bring as individual actions.

### 4. Why Is There a Settlement?

The Courts did not decide in favor of Plaintiffs or Defendants. Instead, these parties agreed to the Settlement. The Settlement avoids the risks and costs of a trial, and eligible Class Members who make a valid claim receive compensation sooner. *See* "Reasons for the Settlement" above. The Plaintiffs and their attorneys and lawyers in both the U.S. Action and Canadian Action think the Settlement is fair, reasonable and adequate and in the best interests of all Class Members.

To see if you will get money from the Settlement, you first have to determine if you are a Class Member.

### WHO IS IN THE SETTLEMENT

### 5. How Do I Know If I Am Eligible to Take Part in the Settlement?

The Ontario Court has directed, solely for purposes of the proposed Settlement, that everyone who fits this description is a member of the Canadian Class: *All individuals and entities, other than Excluded Persons (defined below), who purchased or otherwise acquired securities of SunOpta during the Class Period and either (i) were Canadian residents at the time of such purchase or acquisition; or (ii) purchased or acquired such SunOpta securities over the Toronto Stock Exchange*.

The U.S. Court has directed, solely for purposes of the proposed Settlement, that everyone who fits this description is a member of the U.S. Class: *All individuals and entities who purchased or otherwise acquired securities of SunOpta during the Class Period, other than Excluded Persons and members of the Canadian Class.*

4

### 6.  What Are the Exceptions to Being Included?

You are *not* a member of the U.S. Class if you are a member of the Canadian Class or any of the following "Excluded Persons": (a) a Defendant; (b) an individual or entity directly related to or controlled by the Defendants; (c) Cyril Ing, Allan Routh, Robert Fetherstonaugh, James R. Rifenbergh, Katrina Houde-Lovas and Steven Townsend (the "Proposed Individual Defendants"). In addition, any Class Member who timely submits a valid request for exclusion from the U.S. Class to the Claims Administrator in accordance with the requirements and procedures set forth in this Notice is not a member of the U.S. Class and cannot participate in the Settlement.

Similarly, you are not a member of the Canadian Class if you are an "Excluded Person," or if you timely submit a valid request for exclusion from the Canadian Class to the Claims Administrator in accordance with the requirements and procedures set forth in this Notice and cannot participate in the Settlement.

If one of your mutual funds purchased or acquired SunOpta securities during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you, your broker or someone else purchased or acquired SunOpta securities on your behalf during the Class Period. Check your investment records or contact your broker to see if you purchased or acquired SunOpta securities during the Class Period.

If you sold SunOpta securities during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you *purchased or acquired* SunOpta securities during the Class Period.

### 7.  I Am Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help. You can call, email or write to **SunOpta Securities Class Action**, c/o the Claims Administrators, at:

| Canadian Claims Administrator | U.S. Claims Administrator |
|---|---|
| Claims Administrator<br>P.O. Box 3355<br>London, ON N6A 4K3 | Claims Administrator<br>P.O. Box 8040<br>San Rafael, CA 94912-8040 |
| **1-866-432-5534**<br>**claims@nptricepoint.com** | **1-877-571-8653**<br>**classact@gilardi.com** |

Alternatively, you can fill out and return the Proof of Claim form described in Question 10 below to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8.  What Does the Settlement Provide?

In exchange for the Settlement, inclusive of the releases therein, and dismissal of both Actions, the Defendants have agreed to pay, through their insurer, Eleven Million Two Hundred and Fifty Thousand (USD $11,250,000) in cash, plus interest earned on that sum while held in escrow, to be divided among all eligible Class Members who send in valid Proof of Claim forms, after payment of Court-approved attorneys'/lawyers' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notices (the "Net Settlement Fund"). In addition, SunOpta has agreed to adopt certain amendments to its Audit Committee Charter and Internal Audit Charter with respect to, among other things, internal controls over financial reporting and to adopt an Information Technology Conversion Policy.

### 9.  How Much Will My Payments Be?

If you are entitled to a payment under the Settlement, your share of the Net Settlement Fund will depend on how many Class Members send in valid Proof of Claim forms, the total recognized losses for settlement purposes ("Recognized Loss") represented by those valid Proof of Claim forms that Class Members send in, how many SunOpta securities you purchased or acquired, when you purchased or acquired them, on what exchange you purchased them, how much you paid for them, when you sold them, and the price for which you sold them.

You can calculate your Recognized Loss in accordance with the formula shown below in the Plan of Allocation of the Net Settlement Fund. It is unlikely that you will get a payment for your entire Recognized Loss. After all Class Members have sent in their Proof of Claim forms, the payment you get will be the proportion of the Net Settlement Fund equal to your Recognized Loss divided by the total of all Recognized Losses for Class Members who have sent in valid Proof of Claim forms. *See* the Plan of Allocation on page 10 for more information on your Recognized Loss.

### HOW YOU GET PAYMENT – SUBMITTING A CLAIM FORM

### 10.  How Will I Get a Payment?

To qualify for a payment, you must be a member of the Canadian Class or the U.S. Class and you must send in a timely and valid Proof of Claim form. A Proof of Claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it to the Claims Administrator at the P.O. Box address on the form by first-class mail, *postmarked no later than* _____.

If you did not receive a Proof of Claim form, you can get one on the internet from the Canadian Claims Administrator at **http://www.nptricepoint.com/**, from the US Claims Administrator at **www.gilardi.com**, from U.Ss Lead Plaintiffs' Counsel at **www.csgrr.com** or from Canadian Class Counsel at **www.nptricepoint.com**. You can also ask for a Proof of Claim form by calling the Canadian Claims Administrator toll-free at **1-866-432-5534** or the US Claims Administrator at **1-877-571-8653**, or sending an e-mail to **classact@gilardi.com**.

5

## 11. When Will I Get My Payment?

The U.S. Court will hold a hearing on _____, to decide whether to approve the Settlement. The Ontario Court will hold a hearing on _____ to decide whether to approve the Settlement. Both Courts must approve the Settlement for the Settlement to become effective. After the Courts decide these issues, however, there may be appeals from those decisions. It is always uncertain whether these appeals can be resolved favorably in support of the Settlement, and resolving them can take time, perhaps more than a year. It also takes a long time, often as much as a year, for all the Proofs of Claim submitted to be accurately reviewed and processed. Please be patient.

## 12. What Am I Giving Up to Get a Payment and Stay in the Class?

Unless you exclude yourself ("opt out") from the Settlement in the manner described by this Notice, you are staying in the Class. That means that, upon the Effective Date (defined below), you (and your personal representatives, agents, heirs, executors, administrators, trustees, beneficiaries, current and former plan members and contributors, successors, assigns and any persons you represent in relation to SunOpta securities purchased or otherwise acquired during the Class Period or in relation to the "Settled Claims" (defined below)) will be held to have released and forever discharged the "Released Parties" in respect of the Settled Claims and will be barred and enjoined from suing, continuing to sue or being part of any other lawsuit against the Released Parties relating to the Settled Claims.

It also means that if you are a member of the Canadian Class, all of the Ontario Court's orders will apply to you and legally bind you, and if you are a member of the U.S. Class, all of the U.S. Court's orders will apply to you and legally bind you, both of which include terms providing for such release of and bar against further suits by Class Members relating to Settled Claims against the Released Parties.

"Released Parties" means any and all of the Defendants and the Proposed Individual Defendants, their past or present subsidiaries, parents, principals, affiliates, shareholders, general or limited partners or partnerships, successors and predecessors, heirs, assigns, officers, directors, representatives, agents, employees, attorneys, advisors, investment advisors, investment bankers, underwriters, insurers, co-insurers, re-insurers, accountants, auditors, consultants, administrators, executors, trustees, personal representatives, immediate family members and any person, firm, trust (including, without limiting the generality hereof, the Charles R. Bronfman Trust and the SRB Belvedere Trust), partnership, corporation, officer, director or other individual or entity in which any of them has a controlling interest or which is related to or affiliated with any of them, and their legal representatives, heirs, executors, administrators, trustees, successors-in-interest or assigns of the Defendants. Some of the Released Parties have not provided consideration for a release, but the Defendants have negotiated a release for them in order to fully and finally resolve the issues raised by the Actions to avoid further litigation over Settled Claims involving the Defendants.

"Settled Claims" means any and all claims, controversies, debts, obligations, demands, rights, action, causes of action, suits, matters, issues, damages, losses or liabilities of any kind whatsoever (including, but not limited to, any claims for interest, attorneys'/lawyers' fees, expert or consulting fees and any other costs, expense or liability whatsoever), whether based on United States or Canadian federal, state, provincial, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, in contract or tort, matured or unmatured, whether class or individual in nature, direct or derivative, including both known claims and Unknown Claims (defined below), (i) that have been asserted in any of the Actions (including the proposed amendments to the Canadian Action annexed to the Stipulation and Settlement Agreement dated September __, 2009 (the "Stipulation") against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of, are based upon, or relates in any way to the allegations, transactions, facts, matters, breaches, occurrences, financial statements, statements, representations or omissions involved, set forth, or referred to in the Actions or the proposed amendments to the Canadian Action (except that Settled Claims does not include claims, rights or causes of action or liabilities whatsoever to: (a) enforce the Settlement; and (b) for breach of violation of any of the terms of the Stipulation or orders or judgments issued by the Courts in connection with the Settlement or confidentiality obligations with respect to settlement communications.

"Unknown Claims" means any and all Settled Claims, which any of the U.S. Lead Plaintiffs, Mr. O'Neil or the Class Members do not know or suspect to exist in his, her or its favor at the time of the execution of the Stipulation, which if known by him, her or it might have affected his, her or its decision(s) at the time of the execution of the Stipulation. Each Class Member shall be deemed to have waived any and all provisions, rights and benefits conferred by any law of any state, province or territory of the United States or Canada, or principle of common law or otherwise, which provides that a general release does not extend to claims which a creditor or releaser does not know or suspect to exist in his, her or its favor at the time of executing the release, which if known, might have materially affected his, her or its settlement and release of individuals and entities. Class Members may hereinafter discover facts in addition to, or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but each Class Member upon the Effective Date shall be deemed to have fully, finally and forever settled and released any and all Settled Claims. Class Members shall be deemed to have acknowledged that the inclusion of "Unknown Claims" in the definition of Settled Claims was separately bargained for and was a key element of the Settlement.

The "Effective Date" will occur upon both Courts approving the Settlement, the Court orders provided for under the terms of the Settlement becoming final and not subject to appeal and when all other conditions of the Settlement have been met.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a member of the Canadian or U.S. Class, and you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Parties on your own with respect to the Settled Claims, and you do not want to be bound by the decisions of the Courts regarding this Settlement, then you must take steps to get out of the Class of which you would otherwise be a member. As referred to above, this is called excluding yourself from, or "opting out" of the Class.

SunOpta may withdraw from and terminate the Settlement if Class Members who purchased in excess of a certain aggregate number of SunOpta securities exclude themselves from the Class.

### 13. How Do I Opt Out of the Class?

To exclude yourself from your applicable Class, you must mail a letter to the Claims Administrator stating that you want to be excluded from your Class.  The letter must include the following information:  your name, address, telephone number, your signature, and the number of SunOpta securities you purchased or otherwise acquired between February 23, 2007 and January 27, 2008, the stock exchange on which such securities were purchased, the number of securities sold during this time period, if any, and the dates of all such purchases and sales.  If you send a letter containing all of the information described above on a timely basis to the Claims Administrator at either one of the addresses below, you will be deemed to have opted out of the Class of which you would otherwise have been a member.  All requests for exclusion must be *postmarked no later than* _____.
*You cannot exclude yourself by telephone or e-mail.*

| | |
|---|---|
| If you are a **Canadian** Class Member, mail your exclusion request to: | If you are a **U.S.** Class Member, mail your exclusion to: |
| SunOpta Canadian Class Action Exclusions<br>Claims Administrator<br>P.O. Box 3355<br>London, ON N6A 4K3 | SunOpta U.S. Class Action Exclusions<br>Claims Administrator<br>P.O. Box 8040<br>San Rafael, CA 94912-8040 |

If you ask to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in these lawsuits.

### 14. If I Do Not Opt Out, Can I Sue the Defendants for the Same Thing Later?

No.  Unless you opt out, you give up any right to sue the Defendants and the other Released Parties in respect of the Settled Claims resolved by this Settlement.  However, if you opt out and do not send in a Proof of Claim, you may sue, continue to sue, or be part of a different lawsuit against the Defendants and the other Released Parties regarding the Settled Claims.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____.

### 15. If I Opt Out, Can I Get Money from This Settlement?

No.  If you opt out, do not send in a Proof of Claim form, because you will be ineligible for compensation from the Settlement and will be required to release Settled Claims against the Released Parties as part of the Proof of Claim.

## THE LAWYERS REPRESENTING YOU

### 16. Do I Have a Lawyer in This Case?

The U.S. Court ordered that the law firm of Coughlin Stoia Geller Rudman & Robbins LLP, in Melville, New York and San Diego, California (as defined above, "U.S. Lead Plaintiffs' Counsel"), represents all members of the U.S. Class in the U.S. Action. The law firm of Siskinds LLP, in London, Ontario (as defined above, "Canadian Class Counsel"), represents members of the Canadian Class in the Canadian Action.

You will not be personally charged for any of these lawyers.  The Courts will determine the amount of attorneys' fees and expenses the lawyers will receive, which will be paid from the Gross Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How Will the Lawyers Be Paid?

Canadian Class Counsel will ask the Ontario Court, at the settlement approval hearing, for an order awarding them lawyers' fees from the Gross Settlement Fund in a total amount not to exceed 25% of thirty percent (30%) of the Gross Settlement Fund plus applicable taxes and interest on such fees at the same rate earned by the Gross Settlement Fund.  In addition, Canadian Class Counsel will ask the Canadian Court for expenses not to exceed CAD $ _____ to be paid out of the Gross Settlement Fund plus interest on such expenses at the same rate earned by the Gross Settlement Fund.  This request is consistent with the retainer agreement between Canadian Class Counsel and Mr. O'Neil, which provides that Canadian Class Counsel is to be paid only in the event that a recovery is obtained for the Canadian Class, and that Canadian Class Counsel may seek an order from the Ontario Court awarding fees and disbursements not exceeding __% of the Gross Settlement Fund.

U.S. Lead Plaintiffs' Counsel will ask the U.S. Court, at the U.S. fairness hearing, to award attorneys' fees from the Gross Settlement Fund in a total amount not to exceed 25% of seventy percent (70%) of the Gross Settlement Fund, plus interest on such fees at the same rate earned by the Gross Settlement Fund.  In addition, U.S. Lead Plaintiffs' Counsel will ask the U.S. Court for expenses not to exceed USD $150,000 to be paid out of the Gross Settlement Fund, plus interest on such expenses at the same rate earned by the Gross Settlement Fund.  Class Members are not personally liable for any such attorneys' fees and expenses.

The combined amount of all requests by Plaintiffs' Counsel for attorneys'/lawyers' fees, and expenses, will not exceed 30% of the Gross Settlement Fund.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement, for their risk in undertaking this representation on a wholly contingent basis, and for any work performed subsequent to the Courts' awards of fees for the purpose of completing the administration of the Settlement.  To date, Plaintiffs' Counsel have not been paid for their services for pursuing the Actions on behalf of the Plaintiffs and Class Members, and they have not been reimbursed for their out-of-pocket expenses.  The fees requested will compensate Plaintiffs' Counsel for their work in creating the Gross Settlement Fund.  The Courts may award less than this amount.

Plaintiffs' Counsel, without further notice to the Class, may subsequently apply to one or both of the Courts for additional expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Class and any proceedings subsequent to the hearings by the Courts approving the Settlement.

## OBJECTING TO THE SETTLEMENT, PLAN OF ALLOCATION AND APPLICATIONS FOR ATTORNEYS'/LAWYERS' FEES AND LITIGATION EXPENSES

If you are a Class Member, you can tell the Courts that you do not agree with the Settlement or some part of it, the proposed Plan of Allocation, and/or any of the applications for attorneys'/lawyers' fees and expenses.

### 18. How Do I Tell the Court that I Do Not Like the Settlement, the Proposed Plan of Allocation and/or Applications for Attorneys'/Lawyers' Fees and Litigation Expenses?

If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund or the applications by Plaintiffs' Counsel for awards of attorneys'/legal fees and expenses.  You may write to Canadian Class Counsel, if you are a member of the Canadian Class, or the U.S. Lead Plaintiffs' Counsel, if you are a member of the U.S. Class, setting out your objection and giving reasons why you think the Court should not approve the Settlement, Plan of Allocation, or application for fees and expenses.  The appropriate Court will consider your views if you file a proper objection according to the following procedures.

If you are a Canadian Class Member, you may object in the Canadian Action.  If you wish to do so, you must send a signed letter saying that you object to the proposed Settlement, the Plan of Allocation and/or application for legal fees and expenses in *O'Neil v. SunOpta Inc., et al.*, Court File No. 57453CP.  Be sure to include your name, address, telephone number and your signature, and identify and supply copies of documentation showing the date(s), price(s), and number(s) of SunOpta securities purchased or acquired and sold between February 23, 2007 and January 27, 2008, inclusive, and on which exchange they were purchased and/or sold.  In addition, state the reason(s) why you object to the Settlement, Plan of Allocation and/or application for attorneys' fees and expenses.  Your objection must be delivered to Canadian Class Counsel at the following address, and must *be postmarked no later than* _____.

Canadian Class Counsel:
Michael G. Robb
Siskinds LLP
680 Waterloo Street
P.O. Box 2520
London, ON N6A 3V8

Canadian Class Counsel will ensure that your objection is filed with the Ontario Court and provided to counsel for the Defendants.

If you are a U.S. Class Member, you may object in the U.S. Action.  To do so, you must send a signed letter saying that you object to the proposed Settlement, the Plan of Allocation and/or application for attorneys' fees and expenses in *In re SunOpta Securities Litigation*, Master File No. 1:08-cv-00933-PAC (S.D.N.Y.).  Be sure to include your name, address, telephone number and your signature, and identify and supply copies of documentation showing the date(s), price(s), and number(s) of SunOpta securities purchased or acquired and sold between February 23, 2007 and January 27, 2008, inclusive, and on which exchange they were purchased and/or sold.  In addition, state the reasons why you object to the Settlement, Plan of Allocation and/or application for attorneys' fees and expenses.  Your objection must be filed with U.S. Lead Plaintiffs' Counsel, counsel for SunOpta, and the U.S. Court at the following addresses, and must be *postmarked no later than* _____ to be effective.

The U.S. Court:

Clerk of the Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

U.S. Lead Plaintiffs' Counsel:

Samuel H. Rudman, Esq.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747

SunOpta's Counsel:

Michael J. McConnell
Jones Day
222 East 41st Street
New York, NY 10017

You do not need to attend any hearing of the Courts to have your objection considered.  However, if you wish to attend or to have a lawyer attend on your behalf at a hearing to address your objection, you must indicate this intention in your objection letter and, if you intend to also seek to introduce evidence, provide the identity and an outline of the evidence of any witness you may seek to call to testify and documents you may seek to introduce.  At the hearings conducted by the respective Courts to consider the Settlement, any Class Member for the respective class certified by that Court who has not previously submitted a request for exclusion from the applicable Class and who has complied with the procedures set out in this Question 18 may appear and be heard, to the extent allowed by the applicable Court, to state any objection to the Settlement, the Plan of Allocation, or application for an award of attorneys' fees and expenses.  Any such objector may appear in person or arrange, at his or her own expense, for a lawyer to represent him or her at any such hearing.  A lawyer attending on behalf of an objector in the U.S. Action must timely file a Notice of Appearance.

8

### 19. What Is the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in your respective Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE SETTLEMENT APPROVAL AND FAIRNESS HEARINGS IN THE CANADIAN AND U.S. COURTS

The Canadian and U.S. Courts will each hold a separate hearing to consider whether to approve the Settlement. At or after those hearings, each Court will also decide whether to approve the Plan of Allocation of the Net Settlement Fund and the application for attorneys'/legal fees and expenses made by each Plaintiffs' Counsel. You may attend the hearing held by the Court presiding over the Class of which you are a member, and you may ask to speak (as discussed in Question 18), but you do not have to.

### 20. When and Where Will the Canadian and U.S. Courts Decide Whether to Approve the Settlement?

The U.S. Court will hold a fairness hearing on _____, at _____, in Courtroom __ of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.

The Ontario Court will hear O'Neil's motion for approval of the Settlement and the Plan of Allocation of the Net Settlement Fund, as well as a motion for an order awarding Canadian Class Counsel's fees and expenses, on _____, at ____,at the Ontario Superior Court of Justice, 80 Dundas Street, London, ON N6A 6B3.

At these respective hearings, the applicable Court will consider whether the Settlement is fair, reasonable and adequate and in the best interests of Class Members. Each Court will also consider at that time whether to approve the proposed Plan of Allocation of the Net Settlement Fund. The Ontario Court will further consider the fee and expense application by Canadian Class Counsel and the U.S. Court will consider the fee and expense application of the U.S. Lead Plaintiffs' Counsel. If there are objections, the Court will consider them, and the presiding judge may listen to people who have properly indicated, within the deadline identified in Question 18 above, an intention to speak at the hearing; however, all decisions regarding the conduct of the hearing(s) will be made by the appropriate presiding judge. The Courts may decide some or all of these issues at their respective hearings, or take them under consideration. We do not know how long these decisions will take.

Within 3 days of the making of any such order, the orders made by the Courts granting or refusing approval of the Settlement will be posted by the Claims Administrator at www.gilardi.com, by Canadian Class Counsel at www.nptricepoint.com and by U.S. Lead Plaintiffs' Counsel at www.csgrr.com. You may also contact the Claims Administrator by telephone to obtain a copy of any orders made following the hearings of the motions.

### 21. Do I Have to Come to the Hearing?

No. Plaintiffs' Counsel will answer any questions the Courts may have. You are welcome to attend at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you mail your written objection on time, the appropriate Court will consider it.

Please be aware that the Courts may change the date and/or the time of the hearings without further notice to Class Members. If you want to come to a hearing, you should check with the appropriate Plaintiffs' Counsel beforehand to be sure that the date and/or time has not changed.

Class Members do not need to appear at a hearing or take any other action to indicate their approval of the matters being considered at the hearing.

### 22. May I Speak at the Hearing?

You may ask the applicable Court for permission to speak at the applicable hearing. If you wish to talk about your own objections, you must indicate this in the letter you send describing your objection pursuant to Question 18 above. If you intend to also introduce evidence at the hearing, you must also identify in your letter the information described in Question 18 above.

If you have hired or will hire a lawyer to attend on your behalf to address your objection, that lawyer must notify the parties indicated at Question 18 of his or her intention to appear to address your objection, and if you are a U.S. Class Member, serve and file a Notice of Appearance with the U.S. Court.

### IF YOU DO NOTHING

### 23. What Happens if I Do Nothing at All?

If you do nothing, you will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Parties in respect of the Settled Claims ever again. To share in the Net Settlement Fund, you must submit a Proof of Claim form (see Question 10). To start, continue or be part of any other lawsuit against the Defendants and the other Released Parties concerning the Settled Claims you must have properly excluded yourself from the appropriate Class in accordance with the procedures set forth in this Notice (see Question 13).

### GETTING MORE INFORMATION

### 24. Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement. More details are in the Stipulation. You can get a copy of the Stipulation by writing to Rick Nelson, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, California 92101-3301, or Michael G. Robb, Siskinds LLP, 680 Waterloo Street, P.O. Box 2520, London, ON N6A 3V8.

You can also obtain a copy of the Stipulation by contacting the Claims Administrators via phone, email or mail.

| Canadian Claims Administrator | U.S. Claims Administrator |
|---|---|
| Claims Administrator | Claims Administrator |
| P.O. Box 3355 | P.O. Box 8040 |
| London, ON N6A 4K3 | San Rafael, CA 94912-8040 |
| **1-866-432-5534** | **1-877-571-8653** |
| **claims@nptricepoint.com** | **classact@gilardi.com** |

### 25. How Do I Get More Information?

The pleadings in the Canadian Action are available for inspection in Court File No. 57453CP at the Ontario Superior Court of Justice, 80 Dundas Street, London, ON N6A 6B3. The materials in the court file are available to be inspected on weekdays (other than holidays) between 8:30 a.m. and 5:00 p.m. By no later than _____, 2009, Canadian Class Counsel will file an affidavit from O'Neil and an affidavit from one of the lawyers who participated in the carriage of this matter in support of the motion for approval of the Settlement. At that time, those materials will also be available for inspection in the court file.

For more detailed information concerning the matters involved in the U.S. Action, reference is made to the various pleadings, papers and orders filed in the U.S. Action, which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, on weekdays (other than court holidays) between 8:30 a.m. and 5:00 p.m.

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Net Settlement Fund will be distributed in accordance with the Plan of Allocation described below to Class Members who submit valid, timely Proof of Claim forms to the Claims Administrator ("Authorized Claimants"). An Authorized Claimant will be eligible to participate in the distribution of the Net Settlement Fund only if he, she or it has a Recognized Loss on all transactions in SunOpta securities during the Class Period.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the Recognized Loss of each Authorized Claimant (the more likely scenario), then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund, that each Authorized Claimant's Recognized Loss bears to the total of Recognized Losses of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

### SUNOPTA SHARES TRADED ON NASDAQ (CUSIP: 8676EP108)

#### NOTE: ALL AMOUNTS ARE IN US DOLLARS

The allocation below is based on the following price declines as well as the statutory PSLRA 90 day look back amount of $5.50:

| | |
|---|---|
| January 18, 2008 Price Decline: | $0.79 |
| January 23, 2008 Price Decline: | $0.10 |
| January 25, 2008 Price Decline: | $3.51 |
| January 28, 2008 Price Decline: | $0.29 |

#### Proposed Allocation

**1. For shares of SunOpta common stock *purchased, or acquired, on or between February 23, 2007 through January 17, 2008*, the claim per share shall be as follows:**

a) If sold prior to January 18, 2008, the claim per share is zero.

b) If sold on or between January 18, 2008 through January 22, 2008, the claim per share shall be the lesser of (i) $0.79 (January 18, 2008 Price Decline), or (ii) the difference between the purchase price and the selling price;

c) If sold on January 23, 2008 or January 24, 2008, the claim per share shall be the lesser of (i) $0.89 (January 18, 2008 and January 23, 2008 Price Declines), or (ii) the difference between the purchase price and the selling price;

d) If sold on or between January 25, 2008 through January 27, 2008, the claim per share shall be the lesser of (i) $4.40 (January 18, 2008, January 23, 2008 and January 25, 2008 Price Declines), or (ii) the difference between the purchase price and the selling price;

e) If retained at the end of January 27, 2008 and sold before April 26, 2008 the claim per share shall be the lesser of (i) $4.69 (January 18, 2008, January 23, 2008, January 25, 2008 and January 28, 2008 Price Declines); or (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

f) If retained, or sold, on or after April 26, 2008, the claim per share shall be the lesser of: (i) $4.69 (January 18, 2008, January 23, 2008, January 25, 2008 and January 28, 2008 Price Declines), or (ii) the difference between the purchase price per share and $5.50 per share.

**2. For shares of SunOpta common stock *purchased, or acquired, on or between January 18, 2008 through January 22, 2008*, the claim per share shall be as follows:**

a) If sold prior to January 23, 2008, the claim per share is zero.

b) If sold on January 23, 2008 or January 24, 2008, the claim per share shall be the lesser of (i) $0.10 (January 23, 2008 Price Decline), or (ii) the difference between the purchase price and the selling price;

c) If sold on or between January 25, 2008 through January 27, 2008, the claim per share shall be the lesser of (i) $3.61 (January 23, 2008 and January 25, 2008 Price Declines), or (ii) the difference between the purchase price and the selling price;

d) If retained at the end of January 27, 2008 and sold before April 26, 2008 the claim per share shall be the lesser of (i) $3.90 (January 23, 2008, January 25, 2008 and January 28, 2008 Price Declines); or (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

e) If retained, or sold, on or after April 26, 2008, the claim per share shall be the lesser of: (i) $3.90 (January 23, 2008, January 25, 2008 and January 28, 2008 Price Declines), or (ii) the difference between the purchase price per share and $5.50 per share.

**3. For shares of SunOpta common stock *purchased, or acquired, on or between January 23, 2008 through January 24, 2008*, the claim per share shall be as follows:**

a) If sold prior to January 25, 2008, the claim per share is zero.

b) If sold on or between January 25, 2008 through January 27, 2008, the claim per share shall be the lesser of (i) $3.51 (January 25, 2008 Price Decline), or (ii) the difference between the purchase price and the selling price;

c) If retained at the end of January 27, 2008 and sold before April 26, 2008 the claim per share shall be the lesser of (i) $3.80 (January 25, 2008 and January 28, 2008 Price Declines); or (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

d) If retained, or sold, on or after April 26, 2008, the claim per share shall be the lesser of: (i) $3.80 (January 25, 2008 and January 28, 2008 Price Declines), or (ii) the difference between the purchase price per share and $5.50 per share.

**4. For shares of SunOpta common stock *purchased, or acquired, on or between January 25, 2008 through January 27, 2008*, the claim per share shall be as follows:**

a) If sold prior to January 28, 2008, the claim per share is zero.

b) If retained at the end of January 27, 2008 and sold before April 26, 2008 the claim per share shall be the lesser of (i) $0.29 (January 28, 2008 Price Decline); or (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

c) If retained, or sold, on or after April 26, 2008, the claim per share shall be the lesser of: (i) $0.29 (January 28, 2008 Price Decline), or (ii) the difference between the purchase price per share and $5.50 per share.

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 1/28/2008 | $5.76 | $5.76 |
| 1/29/2008 | $5.46 | $5.61 |
| 1/30/2008 | $5.46 | $5.56 |
| 1/31/2008 | $5.45 | $5.53 |
| 2/1/2008 | $5.60 | $5.55 |
| 2/4/2008 | $6.34 | $5.68 |
| 2/5/2008 | $6.37 | $5.78 |
| 2/6/2008 | $6.21 | $5.83 |
| 2/7/2008 | $6.26 | $5.88 |
| 2/8/2008 | $6.17 | $5.91 |
| 2/11/2008 | $6.27 | $5.94 |
| 2/12/2008 | $6.32 | $5.97 |
| 2/13/2008 | $6.49 | $6.01 |
| 2/14/2008 | $6.26 | $6.03 |
| 2/15/2008 | $6.17 | $6.04 |
| 2/19/2008 | $6.42 | $6.06 |
| 2/20/2008 | $6.29 | $6.08 |
| 2/21/2008 | $6.20 | $6.08 |
| 2/22/2008 | $6.17 | $6.09 |
| 2/25/2008 | $6.28 | $6.10 |
| 2/26/2008 | $6.27 | $6.11 |
| 2/27/2008 | $6.25 | $6.11 |
| 2/28/2008 | $6.15 | $6.11 |
| 2/29/2008 | $6.07 | $6.11 |
| 3/3/2008 | $6.02 | $6.11 |
| 3/4/2008 | $5.59 | $6.09 |

| | | |
|---|---|---|
| 3/5/2008 | $5.54 | $6.07 |
| 3/6/2008 | $5.24 | $6.04 |
| 3/7/2008 | $5.02 | $6.00 |
| 3/10/2008 | $4.98 | $5.97 |
| 3/11/2008 | $5.19 | $5.94 |
| 3/12/2008 | $5.10 | $5.92 |
| 3/13/2008 | $4.99 | $5.89 |
| 3/14/2008 | $4.93 | $5.86 |
| 3/17/2008 | $4.67 | $5.83 |
| 3/18/2008 | $4.87 | $5.80 |
| 3/19/2008 | $4.89 | $5.78 |
| 3/20/2008 | $4.80 | $5.75 |
| 3/24/2008 | $4.86 | $5.73 |
| 3/25/2008 | $5.25 | $5.72 |
| 3/26/2008 | $5.70 | $5.72 |
| 3/27/2008 | $5.41 | $5.71 |
| 3/28/2008 | $5.10 | $5.69 |
| 3/31/2008 | $5.10 | $5.68 |
| 4/1/2008 | $5.21 | $5.67 |
| 4/2/2008 | $5.04 | $5.66 |
| 4/3/2008 | $4.99 | $5.64 |
| 4/4/2008 | $5.01 | $5.63 |
| 4/7/2008 | $4.85 | $5.61 |
| 4/8/2008 | $4.94 | $5.60 |
| 4/9/2008 | $5.02 | $5.59 |
| 4/10/2008 | $5.07 | $5.58 |
| 4/11/2008 | $5.06 | $5.57 |
| 4/14/2008 | $5.00 | $5.56 |
| 4/15/2008 | $4.99 | $5.55 |
| 4/16/2008 | $5.06 | $5.54 |
| 4/17/2008 | $5.07 | $5.53 |
| 4/18/2008 | $5.13 | $5.52 |
| 4/21/2008 | $5.41 | $5.52 |
| 4/22/2008 | $5.19 | $5.52 |
| 4/23/2008 | $5.01 | $5.51 |
| 4/24/2008 | $5.11 | $5.50 |
| 4/25/2008 | $5.35 | $5.50 |

## CALL OPTIONS

1. **For call options on SunOpta common stock *purchased* from *February 23, 2007 through January 27, 2008,* and**

    a) *held* at the end of any of the following days: January 17, 2008, January 22, 2008, January 24, 2008 and/or January 27, 2008, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract;

    b) *not held* at the end of any of the following days: January 17, 2008, January 22, 2008, January 24, 2008 and/or January 27, 2008, the claim per call option is $0.

2. **For call options on SunOpta common stock *written* from *February 23, 2007 through January 27, 2008,* the claim per call option is $0.**

## PUT OPTIONS

1. **For put options on SunOpta common stock *written* from *February 23, 2007 through January 27, 2008,* and**

    a) *held* at the end of any of the following days: January 17, 2008, January 22, 2008, January 24, 2008 and/or January 27, 2008, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract;

    b) *not held* at the end of any of the following days: January 17, 2008, January 22, 2008, January 24, 2008 and/or January 27, 2008, the claim per put option is $0.

2. **For put options on SunOpta common stock *purchased* from *February 23, 2007 through January 27, 2008,* the claim per put option is $0.**

**Note:** In the case the option was exercised for SunOpta common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using SunOpta common stock's closing price on the date the option was exercised.

**Note:** The combined recovery for the Put/Call Options shall not exceed 3% of the net settlement funds allocated to shares traded on NASDAQ.

## SECTION 11 CLAIMS FOR THE DECEMBER 2007 SECONDARY PUBLIC OFFERING

Public Offering Price[1]:                                    $13.20 per share

Closing Price on the date the lawsuit was filed[2] : $ 5.76 per share

**1. For shares of SunOpta acquired pursuant to, and traceable to, the Company's offering prospectus dated December 6, 2007 and**

   a) sold prior to January 28, 2008, the claim per share is the lesser of (i) the purchase price per share less the sales price per share, or (ii) $13.20 less the sales price per share.

   b) retained at the end of, or sold on or after January 28, 2008, the claim per share is the lesser of (i) the purchase price per share less the sales price per share or, (ii) $13.20 less $5.76

**Note:** The recovery for claims under Section 11 shall not exceed 10% of the Net Settlement Fund.

## SUNOPTA SHARES TRADED ON THE TORONTO STOCK EXCHANGE ("TSX") (ISIN: CA8676EP1086)

### NOTE: ALL AMOUNTS ARE IN CANADIAN DOLLARS

The allocation below is based on the following price declines as well as the statutory PSLRA 90 day look back amount of $5.52:

| | |
|---|---|
| January 18, 2008 Price Decline: | $0.88 |
| January 23, 2008 Price Decline: | $0.27 |
| January 25, 2008 Price Decline: | $3.64 |
| January 28, 2008 Price Decline: | $0.25 |

### Proposed Allocation

**1. For shares of SunOpta common stock *purchased, or acquired, on or between February 23, 2007 through January 17, 2008*, the claim per share shall be as follows:**

   a) If sold prior to January 18, 2008, the claim per share is zero.

   b) If sold on or between January 18, 2008 through January 22, 2008, the claim per share shall be the lesser of (i) $0.88 (January 18, 2008 Price Decline), or (ii) the difference between the purchase price and the selling price;

   c) If sold on January 23, 2008 or January 24, 2008, the claim per share shall be the lesser of (i) $1.15 (January 18, 2008 and January 23, 2008 Price Declines), or (ii) the difference between the purchase price and the selling price;

   d) If sold on or between January 25, 2008 through January 27, 2008, the claim per share shall be the lesser of (i) $4.79 (January 18, 2008, January 23, 2008 and January 25, 2008 Price Declines), or (ii) the difference between the purchase price and the selling price;

   e) If retained at the end of January 27, 2008 and sold before April 26, 2008 the claim per share shall be the lesser of (i) $5.04 (January 18, 2008, January 23, 2008, January 25, 2008 and January 28, 2008 Price Declines); or (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

   f) If retained, or sold, on or after April 26, 2008, the claim per share shall be the lesser of: (i) $5.04 (January 18, 2008, January 23, 2008, January 25, 2008 and January 28, 2008 Price Declines), or (ii) the difference between the purchase price per share and $5.52 per share.

**2. For shares of SunOpta common stock *purchased, or acquired, on or between January 18, 2008 through January 22, 2008*, the claim per share shall be as follows:**

   a) If sold prior to January 23, 2008, the claim per share is zero.

   b) If sold on January 23, 2008 or January 24, 2008, the claim per share shall be the lesser of (i) $0.27 (January 23, 2008 Price Decline), or (ii) the difference between the purchase price and the selling price;

   c) If sold on or between January 25, 2008 through January 27, 2008, the claim per share shall be the lesser of (i) $3.91 (January 23, 2008 and January 25, 2008 Price Declines), or (ii) the difference between the purchase price and the selling price;

---

[1]     $13.20 is the price the underwriter agreed to purchase the common shares for resale. Per the prospectus, the shares will be sold from on The Nasdaq Stock Market and the over-the-counter market at market prices prevailing at the time of sale. In the event a Class Member has a purchase traceable to this offering at a price not equal to $13.20, the actual purchase price shall replace the $13.20 amount in the formula above.

[2]     First Class Action Complaint with Section 11 claims filed on January 28, 2008.

13

   d) If retained at the end of January 27, 2008 and sold before April 26, 2008 the claim per share shall be the lesser of (i) $4.16 (January 23, 2008, January 25, 2008 and January 28, 2008 Price Declines); or (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

   e) If retained, or sold, on or after April 26, 2008, the claim per share shall be the lesser of: (i) $4.16 (January 23, 2008, January 25, 2008 and January 28, 2008 Price Declines), or (ii) the difference between the purchase price per share and $5.52 per share.

**3. For shares of SunOpta common stock purchased, or acquired, on or between January 23, 2008 through January 24, 2008, the claim per share shall be as follows:**

   a) If sold prior to January 25, 2008, the claim per share is zero.

   b) If sold on or between January 25, 2008 through January 27, 2008, the claim per share shall be the lesser of (i) $3.64 (January 25, 2008 Price Decline), or (ii) the difference between the purchase price and the selling price;

   c) If retained at the end of January 27, 2008 and sold before April 26, 2008 the claim per share shall be the lesser of (i) $3.89 (January 25, 2008 and January 28, 2008 Price Declines); or (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

   d) If retained, or sold, on or after April 26, 2008, the claim per share shall be the lesser of: (i) $3.89 (January 25, 2008 and January 28, 2008 Price Declines), or (ii) the difference between the purchase price per share and $5.52 per share.

**4. For shares of SunOpta common stock purchased, or acquired, on or between January 25, 2008 through January 27, 2008, the claim per share shall be as follows:**

   a) If sold prior to January 28, 2008, the claim per share is zero.

   b) If retained at the end of January 27, 2008 and sold before April 26, 2008 the claim per share shall be the lesser of (i) $0.25 (January 28, 2008 Price Decline); or (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

   c) If retained, or sold, on or after April 26, 2008, the claim per share shall be the lesser of: (i) $0.25 (January 28, 2008 Price Decline), or (ii) the difference between the purchase price per share and $5.52 per share.

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 1/28/2008 | $5.75 | $5.75 |
| 1/29/2008 | $5.45 | $5.60 |
| 1/30/2008 | $5.40 | $5.53 |
| 1/31/2008 | $5.49 | $5.52 |
| 2/1/2008 | $5.59 | $5.54 |
| 2/4/2008 | $6.24 | $5.65 |
| 2/5/2008 | $6.38 | $5.76 |
| 2/6/2008 | $6.24 | $5.82 |
| 2/7/2008 | $6.31 | $5.87 |
| 2/8/2008 | $6.14 | $5.90 |
| 2/11/2008 | $6.27 | $5.93 |
| 2/12/2008 | $6.33 | $5.97 |
| 2/13/2008 | $6.48 | $6.01 |
| 2/14/2008 | $6.22 | $6.02 |
| 2/15/2008 | $6.30 | $6.04 |
| 2/19/2008 | $6.51 | $6.07 |
| 2/20/2008 | $6.39 | $6.09 |
| 2/21/2008 | $6.29 | $6.10 |
| 2/22/2008 | $6.22 | $6.11 |
| 2/25/2008 | $6.22 | $6.11 |
| 2/26/2008 | $6.14 | $6.11 |
| 2/27/2008 | $6.15 | $6.11 |
| 2/28/2008 | $6.03 | $6.11 |
| 2/29/2008 | $5.99 | $6.11 |
| 3/3/2008 | $5.96 | $6.10 |
| 3/4/2008 | $5.60 | $6.08 |
| 3/5/2008 | $5.48 | $6.06 |
| 3/6/2008 | $5.10 | $6.02 |

| | | |
|---|---|---|
| 3/7/2008 | $4.93 | $5.99 |
| 3/10/2008 | $4.97 | $5.95 |
| 3/11/2008 | $5.16 | $5.93 |
| 3/12/2008 | $5.03 | $5.90 |
| 3/13/2008 | $4.89 | $5.87 |
| 3/14/2008 | $4.86 | $5.84 |
| 3/17/2008 | $4.82 | $5.81 |
| 3/18/2008 | $4.83 | $5.78 |
| 3/19/2008 | $4.92 | $5.76 |
| 3/20/2008 | $4.94 | $5.74 |
| 3/24/2008 | $4.98 | $5.72 |
| 3/25/2008 | $5.32 | $5.71 |
| 3/26/2008 | $5.84 | $5.71 |
| 3/27/2008 | $5.50 | $5.71 |
| 3/28/2008 | $5.28 | $5.70 |
| 3/31/2008 | $5.31 | $5.69 |
| 4/1/2008 | $5.39 | $5.68 |
| 4/2/2008 | $5.06 | $5.67 |
| 4/3/2008 | $4.99 | $5.65 |
| 4/4/2008 | $5.02 | $5.64 |
| 4/7/2008 | $4.93 | $5.63 |
| 4/8/2008 | $5.05 | $5.61 |
| 4/9/2008 | $5.09 | $5.60 |
| 4/10/2008 | $5.14 | $5.59 |
| 4/11/2008 | $5.10 | $5.59 |
| 4/14/2008 | $5.09 | $5.58 |
| 4/15/2008 | $5.10 | $5.57 |
| 4/16/2008 | $5.10 | $5.56 |
| 4/17/2008 | $5.13 | $5.55 |
| 4/18/2008 | $5.10 | $5.54 |
| 4/21/2008 | $5.45 | $5.54 |
| 4/22/2008 | $5.26 | $5.54 |
| 4/23/2008 | $5.15 | $5.53 |
| 4/24/2008 | $5.23 | $5.53 |
| 4/25/2008 | $5.43 | $5.52 |

## CALL OPTIONS

1. For call options on SunOpta common stock *purchased* from *February 23, 2007 through January 27, 2008,* and

   a) *held* at the end of any of the following days: January 17, 2008, January 22, 2008, January 24, 2008 and/or January 27, 2008, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract;

   b) *not held* at the end of any of the following days: January 17, 2008, January 22, 2008, January 24, 2008 and/or January 27, 2008, the claim per call option is $0.

2. For call options on SunOpta common stock *written* from *February 23, 2007 through January 27, 2008*, the claim per call option is $0.

## PUT OPTIONS

1. For put options on SunOpta common stock *written* from *February 23, 2007 through January 27, 2008,* and

   a) *held* at the end of any of the following days: January 17, 2008, January 22, 2008, January 24, 2008 and/or January 27, 2008, the claim per put option is the difference between the price paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract;

   b) *not held* at the end of any of the following days: January 17, 2008, January 22, 2008, January 24, 2008 and/or January 27, 2008, the claim per put option is $0.

2. For put options on SunOpta common stock *purchased* from *February 23, 2007 through January 27, 2008,* the claim per put option is $0.

Note: In the case the option was exercised for SunOpta common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using SunOpta common stock's closing price on the date the option was exercised.

**Note**: The combined recovery for the Put/Call Options shall not exceed 3% of the net settlement funds allocated to the shares traded on the TSX.

> **Once the values of the approved claims of all Authorized Claimants have been calculated, the Claims Administrator will determine what percentage of the total value of the approved claims submitted by all Authorized Claimants is allocable to approved claims of persons who conducted transactions on the TSX. The Claims Administrator will then convert that percentage of the Net Settlement Fund to Canadian currency. The amount converted by the Claims Administrator to Canadian currency will be distributed to Authorized Claimants who conducted transactions on the TSX proportionately based on the value of his/her/its approved claim.**

For Class Members who held securities at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of securities during the Class Period will be matched, in chronological order, first against securities held at the beginning of the Class Period. The remaining sales of securities during the Class Period will then be matched, in chronological order, against securities purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a Recognized Loss, after all profits from transactions in SunOpta securities during the Class Period are subtracted from all losses. A purchase or sale of SunOpta securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. "Short" sales of SunOpta securities shall not be recognized for any amount of loss on the cover, purchase or closing transaction.

No distributions will be made to Authorized Claimants who would otherwise receive less than USD $10.00.

The Courts have jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds. The Courts may also modify this Plan of Allocation in the interests of justice without further notice to Class Members. Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim or cause of action against Plaintiffs' Counsel, the Defendants, the Claims Administrator, or other person designated by the Courts, based on distributions made substantially in accordance with this Plan of Allocation, or such alternative plan of allocation in respect of the Settlement that may be approved by the Courts.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you held SunOpta securities purchased or otherwise acquired between February 23, 2007 and January 27, 2008, inclusive, as nominee for a beneficial owner, then WITHIN 7 (SEVEN) BUSINESS DAYS OF YOUR RECEIPT OF THIS NOTICE, you must either (1) send a copy of this Notice and Proof of Claim form by first class mail to all beneficial owners; or (2) provide a list of the names and addresses of beneficial owners to the Claims Administrators, **SunOpta Securities Class Action:**

| Canadian Claims Administrator | U.S. Claims Administrator |
|---|---|
| Claims Administrator | Claims Administrator |
| P.O. Box 3355 | P.O. Box 8040 |
| London, ON N6A 4K3 | San Rafael, CA 94912-8040 |
| **1-866-432-5534** | **1-877-571-8653** |
| **claims@nptricepoint.com** | **classact@gilardi.com** |

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.

*PLEASE DO NOT CONTACT EITHER OF THE COURTS REGARDING THIS NOTICE. DIRECT ALL OF YOUR QUESTIONS TO THE CLAIMS ADMINISTRATOR OR PLAINTIFFS' COUNSEL.*

DATED: _____    BY ORDER OF THE ONTARIO SUPERIOR COURT OF JUSTICE AND BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Exhibit # 2

**SUNOPTA INC. SECURITIES LITIGATION**
Ontario Superior Court of Justice, Court File No. 57453CP
United States District Court for the Southern District of New York, Master File No. 1:08-cv-00933-PAC

## PROOF OF CLAIM AND RELEASE

### I.   GENERAL INSTRUCTIONS

1. Capitalized terms in this Proof of Claim and Release form but not defined herein have the meanings defined in the "Notice of Pendency and Certification of Class Actions, Proposed Settlement and Settlement Approval/Fairness Hearings" (the "Notice"), which can be reviewed at the:

    • Canadian Claims Administrator's website: **www.nptricepoint.com**, or a copy may be requested by calling **1-866-432-5534** or

    • US Claims Administrator's website: **www.gilardi.com**, or a copy may be requested by calling **1-877-571-8653**.

2. To recover as a Class Member (as defined in the Notice) based on your claims in the actions entitled *O'Neil v. SunOpta, Inc. et al*, Court File No. 57453CP and or In re SunOpta Inc. Securities Litigation, Court File No. 1:08-cv-00933-PAC (together "the Actions"), you must complete and, on page 8 hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 4 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the settlement fund created in connection with the proposed settlement of the Actions.

3. Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Actions.

4. MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____ __, 2010, ADDRESSED TO EITHER THE CANADIAN OR US CLAIMS ADMINISTRATOR:

    If you are NOT a Class Member, as defined in the Notice, DO NOT submit a Proof of Claim and Release.

5. If you are a Class Member, and you have not timely and validly requested to be excluded from the Class, in accordance with the procedure set out in the Notice, you will be bound by the terms of any judgment entered in the Actions, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

**SunOpta Inc. Securities Litigation**

| Canadian Address | U.S. Address |
|---|---|
| Claims Administrator | Claims Administrator |
| P.O. Box 3355 | P.O. Box 8040 |
| London, ON N6A 4K3 | San Rafael, CA 94912-8040 |

### II.   CLAIMANT IDENTIFICATION

1. If you purchased or otherwise acquired SunOpta securities on either the Toronto Stock Exchange ("TSX") or Nasdaq and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2. Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.  In addition, if you are NOT the beneficial purchaser and are filing a claim on behalf of the beneficial purchaser, please complete the "filer name" field in Part I of the "Claimant Identification" section on the first page of the Proof of Claim and Release.  THIS PROOF OF CLAIM AND RELEASE MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE SUNOPTA SECURITIES UPON WHICH THIS PROOF OF CLAIM AND RELEASE IS BASED.

3. All joint purchasers must sign this Proof of Claim and Release.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Insurance number, Social Security Number, or other unique tax identifier and telephone number of the beneficial purchaser may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III.   CLAIM FORM

1. You may file your Proof of Claim and Release with the Claims Administrator by timely submitting it by mail to the Claims Administrator (see addresses on first part of these instructions).

2. You must provide all of the requested information with respect to *all* of your purchases and acquisitions of SunOpta securities which took place at any time between February 23, 2007 and January 27, 2008, inclusive (the "Class Period"). You must also provide all of the requested information with respect to all of your sales of SunOpta securities which took place at any time between February 23, 2007 and September 23, 2009, inclusive.  You must also provide all of the requested information with respect to *all* of the SunOpta securities you held at the close of trading on February 22, 2007, at the close of trading on January 27, 2008, and at the close of trading on September 23, 2009. Failure to report all such transactions may result in the rejection of your claim.

3. List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4. Broker confirmations or other documentation of your transactions in SunOpta securities should be attached to your claim.



1

5. You must indicate whether you were a resident of Canada at the time you purchased or acquired SunOpta securities.

6. The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may conditionally accept the claim pending receipt of additional information.

7. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in an electronic aggregate file. If you wish to file an electronic file batch claim, you must contact the Claims Administrator at **1-877-571-8653** or by email at **edata@gilardi.com** for U.S. inquiries or at **1-866-432-5534** for Canadian inquiries.



Official
Office
Use
Only

**SUNOPTA INC. SECURITIES LITIGATION**

Ontario Superior Court of Justice
O'Neil v. SunOpta, et al
Court File No. 57453 CP

United States District Court for the
Southern District of New York
Master File No. 1:08-cv-00933-PAC

**PROOF OF CLAIM AND RELEASE**

*Please Type or Print in the Boxes Below*
Do **NOT** use Red Ink, Pencil, or Staples

# SUNOPTA

**Must be Postmarked
No Later Than
_____ __, 20__**

---

**PART I: CLAIMANT IDENTIFICATION**

Last Name (Beneficial Purchaser)

First Name (Beneficial Purchaser)

Last Name (Co-Beneficial Purchaser)

First Name (Co-Beneficial Purchaser)

Social Insurance Number (Canadian)      or      Social Security Number (US)

Company Name (Beneficial Purchaser - If Claimant is not an Individual) or Custodian Name

Filer Name, If Different from Beneficial Purchaser Listed Above

Capacity of the Filer, if Not Beneficial Purchaser

Account#/Fund# (Not Necessary for Individual Filers)      Filer Tax ID Number

Telephone Number (Work)      Telephone Number (Home)

Email Address

**MAILING INFORMATION**

Address

Address

City      State      Zip Code

Province      Postal Code      Country Name/Abbreviation

○  I was a resident of Canada at the time I purchased or acquired shares of SunOpta

---

| FOR CLAIMS PROCESSING ONLY | PB | | PC | | ○ ND  ○ NS  ○ BHI  ○ NTIN | ICI  OTHER | ○ OPT  NRG  ○ BOTH | M M / D D / Y Y Y Y |



3

## PART II. SCHEDULE OF TRANSACTIONS IN SUNOPTA INC. SECURITIES

### TRADED ON THE TORONTO STOCK EXCHANGE "TSX"
### OR OTHERWISE ACQUIRED IN CANADA

A. Number of shares of SunOpta Inc. securities held at the close of trading on February 22, 2007:

B. SunOpta Inc. securities in Canadian Dollars purchased between February 23, 2007 - January 27, 2008, inclusive:

**PURCHASES**

| | Trade Date(s) of Purchases (List Chronologically) | Number of SunOpta Inc. Securities Purchased | | Total Purchase Price (Canadian $) Including commissions *Please round off to the nearest whole dollar* |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | |
| 1. | / / | | C$ | . 0 0 |
| 2. | / / | | C$ | . 0 0 |
| 3. | / / | | C$ | . 0 0 |
| 4. | / / | | C$ | . 0 0 |
| 5. | / / | | C$ | . 0 0 |
| 6. | / / | | C$ | . 0 0 |

C. SunOpta Inc. securities in Canadian Dollars sold between February 23, 2007 - September 23, 2009, inclusive:

**SALES**

| | Trade Date(s) of Sales (List Chronologically) | Number of SunOpta Inc. Securities Sold | | Total Sales Price (Canadian $) Including commissions *Please round off to the nearest whole dollar* |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | |
| 1. | / / | | C$ | . 0 0 |
| 2. | / / | | C$ | . 0 0 |
| 3. | / / | | C$ | . 0 0 |
| 4. | / / | | C$ | . 0 0 |
| 5. | / / | | C$ | . 0 0 |
| 6. | / / | | C$ | . 0 0 |

D. Number of shares of SunOpta Inc. securities held at the close of trading on January 27, 2008:

E. Number of shares of SunOpta Inc. securities held at the close of trading on September 23, 2009:

*If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.*
**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8. FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



4

## PART III.  SCHEDULE OF TRANSACTIONS IN SUNOPTA INC. SECURITIES

### TRADED ON THE NASDAQ OR OTHERWISE ACQUIRED IN THE US

A.  Number of shares of SunOpta Inc. securities held at the close of trading on February 22, 2007:

B.  SunOpta Inc. securities in US Dollars purchased between February 23, 2007 - January 27, 2008, inclusive:

**PURCHASES**

| | Trade Date(s) of Purchases (List Chronologically) | Number of SunOpta Inc. Securities Purchased | Total Purchase Price (US $) Including commissions *Please round off to the nearest whole dollar* | Purchased on 12/6/2007 in the public offering |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | |
| 1. | / / | | US$ . 0 0 | ◯ Y |
| 2. | / / | | US$ . 0 0 | ◯ Y |
| 3. | / / | | US$ . 0 0 | ◯ Y |
| 4. | / / | | US$ . 0 0 | ◯ Y |
| 5. | / / | | US$ . 0 0 | ◯ Y |
| 6. | / / | | US$ . 0 0 | ◯ Y |

C.  SunOpta Inc. securities in US Dollars sold between February 23, 2007 - September 23, 2009, inclusive:

**SALES**

| | Trade Date(s) of Sales (List Chronologically) | Number of SunOpta Inc. Securities Sold | Total Sales Price (US $) Including commissions *Please round off to the nearest whole dollar* | Purchased on 12/6/2007 in the public offering |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | |
| 1. | / / | | US$ . 0 0 | ◯ Y |
| 2. | / / | | US$ . 0 0 | ◯ Y |
| 3. | / / | | US$ . 0 0 | ◯ Y |
| 4. | / / | | US$ . 0 0 | ◯ Y |
| 5. | / / | | US$ . 0 0 | ◯ Y |
| 6. | / / | | US$ . 0 0 | ◯ Y |

D.  Number of shares of SunOpta Inc. securities held at the close of trading on January 27, 2008:

E.  Number of shares of SunOpta Inc. securities held at the close of trading on September 23, 2009:



*If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page*
**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



5

## PART IV. SCHEDULE OF OPTIONS TRANSACTIONS IN CANADIAN DOLLARS

### PURCHASES/REPURCHASES

A. I made the following purchase/repurchase of options in Canadian dollars during the period from February 23, 2007 through January 27, 2008, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) M M D D Y Y | Number of Option contracts acquired | Expiry Date (Month/Year) M M Y Y | Strike Price Canadian $ | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |

### SALES/WRITTEN

B. I made the following sales/written options in Canadian dollars during the period from February 23, 2007 through January 27, 2008, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) M M D D Y Y | Number of Option contracts acquired | Expiry Date (Month/Year) M M Y Y | Strike Price Canadian $ | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |
| ○ Put ○ Call | | | | | | |

*If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.*
**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8.  FAILURE TO SIGN THE RELEASE**
**MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



6

# PART V. SCHEDULE OF OPTIONS IN US DOLLARS

## PURCHASES/REPURCHASES

A.  I made the following purchase/repurchase of options in US Dollars during the period from February 23, 2007 through January 27, 2008, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) | Number of Option contracts acquired | Expiry Date (Month/Year) | Strike Price US $ | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ☐ Put ☐ Call | M M  D D  Y  Y | | M  M  Y  Y | | | |
| ☐ Put ☐ Call | | | | | | |
| ☐ Put ☐ Call | | | | | | |
| ☐ Put ☐ Call | | | | | | |
| ☐ Put ☐ Call | | | | | | |
| ☐ Put ☐ Call | | | | | | |
| ☐ Put ☐ Call | | | | | | |
| ☐ Put ☐ Call | | | | | | |

## SALES/WRITTEN

B.  I made the following sales/written options in US Dollars during the period from February 23, 2007 through January 27, 2008, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) | Number of Option contracts acquired | Expiry Date (Month/Year) | Strike Price US $ | Transaction price per option contract | [X]expired [A]ssigned [E]xercised |
|---|---|---|---|---|---|---|
| ☐ Put ☐ Call | M M  D D  Y  Y | | M  M  Y  Y | | | |
| ☐ Put ☐ Call | | | | | | |
| ☐ Put ☐ Call | | | | | | |
| ☐ Put ☐ Call | | | | | | |
| ☐ Put ☐ Call | | | | | | |
| ☐ Put ☐ Call | | | | | | |
| ☐ Put ☐ Call | | | | | | |
| ☐ Put ☐ Call | | | | | | |

*If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page*
**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



### PART VI. Declaration & Release

I (we) declare under penalty of perjury that the information on this Form is true, correct and complete to the best of my knowledge, information and belief.

I (we) declare that I (we) have disclosed all of my (our) holdings and purchase and sales transactions in SunOpta Inc. securities for the time periods identified in this claim form.

I (we) also declare that I (we) am (are) not an Excluded Person or Excluded Persons (as defined in the Notice).

I (we) and my (our) personal representatives, agents, heirs, executors, administrators, trustees, beneficiaries, current and former plan members and contributors, successors, assigns, and any person they represent in relation to SunOpta securities purchased or otherwise acquired during the Class Period or in relation to the Settled Claims (as defined in the Notice), hereby release and forever discharge the Released Parties (as defined in the Notice), and acknowledge that I (we) will be barred and enjoined from suing, continuing to sue or being part of any other lawsuit against the Released Parties relating to the Settled Claims. Provided, however, that this release shall be of no force or effect unless and until the Effective Date (as defined in the Notice) has occurred.

I (we) acknowledge and agree that the Claims Administrator may disclose all information relating to my (our) claim to the Courts and counsel to the parties in the Actions.

Executed this _____ day of _____ in _____
                                      (Month/Year)                              (City/Province/Country)

_____        _____
(Sign your name here)                                            (Sign your name here)

_____        _____
(Type or print your name here)                               (Type or print your name here)      .

_____        _____
(Capacity of person(s) signing, *e.g.*,                             (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)         Beneficial Purchaser, Executor or Administrator)
Proof of Authority to File Enclosed?   ◯ Y  ◯ N       Proof of Authority to File Enclosed?   ◯ Y  ◯ N

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
### THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and declaration.
2. Remember to attach supporting documentation, if available.
3. Do not send original stock certificates.
4. Keep a copy of your claim form and all supporting documentation for your records.
5. If you desire an acknowledgment of receipt of your claim form please send it Registered Mail, Return Receipt Requested.
6. If you move, please send the Claims Administrator your new address.



Exhibit #3

## SHORT-FORM NOTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re SUNOPTA INC. SECURITIES LITIGATION | x : : | Master File No. 1:08-cv-00933-PAC |
| This Document Relates To: | : : : | |
| ALL ACTIONS. | : : x | |

Court File No. 57453CP

*ONTARIO*
SUPERIOR COURT OF JUSTICE

B E T W E E N:

JOHN O'NEIL

Plaintiff

– and –

SUNOPTA, INC., STEVEN R. BROMLEY and JOHN H. DIETRICH

Defendants

Proceeding under the *Class Proceedings Act*, 1992

SUMMARY NOTICE OF PENDENCY AND CERTIFICATION OF CLASS ACTIONS,
PROPOSED SETTLEMENT AND SETTLEMENT APPROVAL/FAIRNESS HEARINGS

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED SUNOPTA INC.
SECURITIES BETWEEN FEBRUARY 23, 2007 AND JANUARY 27, 2008, INCLUSIVE
(THE "CLASS PERIOD"), OTHER THAN EXCLUDED PERSONS (THE "CLASS").

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED
BY A PROPOSED SETTLEMENT OF THESE LAWSUITS.

This Summary Notice relates to the following actions:  *O'Neil v. SunOpta Inc. et al.*, Court

File No. 57453CP (the "Canadian Action"), in the Ontario Superior Court of Justice (the "Ontario

Court"); and *In re SunOpta Inc. Securities Litigation*, Master File No. 1:08-cv-00933-PAC (the

"U.S. Action" and, together with the Canadian Action, the "Actions"), in the United States District

Court for the Southern District of New York (the "U.S. Court").

**PROPOSED SETTLEMENT**

The parties to the Actions have agreed to settle the Actions on behalf of the Class for

US$11,250,000 plus accrued interest, plus the agreement by SunOpta to adopt corporate governance

enhancements, including amendments to its Audit Committee Charter and Internal Audit Charter

with respect to, among other things, internal controls over financial reporting, and to adopt an

Information Technology Conversion Policy (the "Settlement"). The Settlement will constitute a full

and final resolution of all claims and causes of action raised, or which could have been raised, in the

Actions (including known and unknown claims related to the facts referred to in the Actions) by

Class Members against the Defendants and others, as provided in the Stipulation and Settlement

Agreement dated September 23, 2009 (the "Stipulation").  A copy of the Stipulation may be

reviewed at _____, _____  and _____, or obtained by mail from the Claims Administrator

by writing to the addresses listed below.

For purposes of the Settlement only, the U.S. Court and the Ontario Court have respectively

certified the U.S. Action and the Canadian Action as class actions.  The Class described above

represents the combined classes certified by the Courts for the purpose of this Settlement only.  The

- 1 -

class certified by the Ontario Court consists of all individuals or entities, other than specified excluded persons who purchased or otherwise acquired securities of SunOpta during the Class Period and either: (i) were Canadian residents at the time of such purchase or acquisition; or (ii) purchased or acquired such SunOpta securities over the Toronto Stock Exchange (the "Canadian Class"). The Class certified by the U.S. Court is comprised of all individuals and entities who purchased or otherwise acquired securities of SunOpta during the Class Period other than specified excluded persons and members of the Canadian Class (the "U.S. Class"). Persons specifically excluded from the Class are identified in the Stipulation and in the Notice of Pendency and Certification of Class Actions, Proposed Settlement and Settlement Approval/Fairness Hearings (the "Long Form Notice"), which you can obtain by following the instructions at the end of this notice.

**NOTICE OF SETTLEMENT HEARINGS & MOTIONS FOR FEES**

The Settlement is contingent on approval of both of the Courts. The U.S. Court will hold a hearing on _____, in Courtroom __ of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, before the Honorable Paul Crotty, United States District Judge in respect of the U.S. Class. The Ontario Court will hold a hearing on _____, at ___ in the Ontario Superior Court of Justice, 80 Dundas Street, London, Ontario N6A 6B3 before the Honourable Justice Tausendfreund in respect of the Canadian Class.

Each hearing will be for the purpose of determining: (1) whether the Settlement should be approved as fair, reasonable and adequate and in the best interests of the respective Class Members; (2) whether, thereafter, the Actions should be dismissed with prejudice against the Defendants; and (3) whether the proposed plan of allocation of the net settlement proceeds is fair and reasonable and should be approved. Concurrently, Canadian Class Counsel and U.S. Lead Plaintiffs' Counsel (both defined below) will apply to the respective Courts for awards of legal fees and expenses incurred in

- 2 -

DOCSTOR: 1767710\4

connection with the Actions. The Courts expressly reserve the right to adjourn the hearings from time to time without any further written notice to the Class.

Full instructions concerning your rights to participate in the Settlement or to object to the approval of the Settlement, the proposed Plan of Allocation of the settlement money and/or to the fees and expenses sought by class counsel are contained in Long Form Notice. Objections should be sent to counsel (and for members of the U.S. Class only, to the U.S. Court as well) in the manner described in the Long Form Notice, and must be post-marked no later than _____, to be effective.

**OPTING OUT**

If you are a member of the Class described above, your rights will be affected by the Settlement, if approved, and you will be bound by the terms of any Court order concerning the Actions, including releases of certain claims against the Defendants and others, unless you take steps to exclude yourself from the applicable class in the Canadian Action or the U.S. Action. If you wish to exclude yourself, you must mail a letter to the Claims Administrator stating you want to be excluded from your class in the manner described in the Long Form Notice. The letter must include your name, address, telephone number and signature and identify the number(s) of all of the securities of SunOpta you purchased or otherwise acquired during the Class Period, the stock exchange on which such securities were purchased, the number of SunOpta securities sold during this period, if any, and the dates of such purchases and sales. Requests for exclusion, to be effective, must be post-marked no later than _____.

**REQUIRED PROOF OF CLAIM TO SHARE IN SETTLEMENT**

In order to be eligible for a distribution pursuant to the Settlement, if approved by the Courts, you must submit a Proof of Claim form to the Claims Administrator in the manner described in the Long Form Notice post-marked no later than _____, 2010. If you do not return a signed and

- 3 -

properly completed Proof of Claim form, you will still be bound by any judgment of the applicable Court even though you will not share in the Settlement money. Proof of Claim forms may be obtained as described below.

**FOR MORE INFORMATION**

This notice provides only a summary of matters concerning the Actions and the proposed Settlement. The Long Form Notice and Proof of Claim, which have been mailed to Class Members, contain additional important information regarding the Settlement and related matters affecting Class Members' rights. If you have not yet received these materials you may obtain copies free of charge by contacting *SunOpta Securities Litigation*, c/o _____, Claims Administrator, at:

Canadian Address                        U.S. Address

_____                             _____
_____                             _____

Website address: www._____ and toll-free 1-_____.

Inquiries, other than requests for the Long Form Notice and Proof of Claim form, may be made to: *Canadian Class Counsel*: Michael G. Robb, Siskinds LLP, 680 Waterloo Street, London, ON N6A 3V8, (800) 461-6166 ext. 2380, www.siskinds.com; *U.S. Lead Plaintiffs' Counsel*: Samuel H. Rudman, Esq., Coughlin Stoia Geller Rudman & Robbins LLP, 58 South Service Road, Suite 200, Melville, NY 11747, (800) 449-4900, www.csgrr.com.

Employees of the Courts cannot answer questions about the Actions. Please direct all questions to the Claims Administrator or Canadian Class Counsel or U.S. Lead Plaintiffs' Counsel.

DATED: _____, 2009          BY ORDER OF THE ONTARIO SUPERIOR
                                  COURT OF JUSTICE AND BY ORDER OF THE
                                  UNITED STATES DISTRICT COURT FOR THE
                                  SOUTHERN DISTRICT OF NEW YORK

DOCSTOR: 1767710\4